**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION**

```
BETTY ANN BURKS, et al.,        :
                                :
            Plaintiffs,         :
                                :
        v.                      :Civil Action No. 2:06-CV-1081-MEF
                                :
EQUITY GROUP EUFAULA            :
DIVISION, LLC,                  :
                                :
            Defendant.          :
```

_____

**ANSWER TO COMPLAINT.**
_____

Defendant, Equity Group Eufaula Division, LLC, by its attorneys, comes and files this Answer to the Complaint.

1.    Admitted in part and denied in part.  It only is admitted that plaintiffs purport to bring this action as a representative action pursuant to the Fair Labor Standards Act ("FLSA").  It is denied that defendant engaged in any violation of the FLSA or owes any plaintiff any monies for unpaid wages, other damages or attorneys' fees for any reason.  The remaining averments of Paragraph 1 of the Complaint constitute conclusions of law to which no response is required.  To the extent they are deemed factual, they are denied in their entirety.

2.    Denied as stated.  Defendant operates an integrated chicken plant and related facilities in Baker Hill, Alabama, and related areas, including grow out operations and a first processing plant and a further processing plant.  The remaining averments of Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.  To the extent they are deemed factual, they are denied in their entirety.  It is denied

that defendant engaged in any unlawful compensation system as to
any present or former hourly production employees.  The averments
of Paragraph 1 of this Answer are incorporated by reference.

3.    Denied.  The allegations of Paragraph 3 of the
Complaint constitute conclusions of law to which no response is
required.  To the extent that such allegations are deemed to be
factual, they are denied in their entirety.  The decision in IBP,
Inc. v. Alverez, 546 U.S. 21, 126 S.Ct. 514 (2005), did not in
any way relate to or affect the wage and hour policies at
defendant's facilities.  On the contrary, in Davis v. Charoen
Pokphand (USA), Inc., 302 F.Supp. 1314 (M.D.Ala. 2004), this
Court held that the preliminary and postliminary activities
generally referenced in plaintiffs' Complaint are not compensable
pursuant to Section 3(o) of the FLSA, 29 U.S.C. § 203(o), which
provides that such activities are excluded from time worked "by
the express terms of or by custom under a bona fide collective-
bargaining agreement."  As defendant acquired the facility
previously owned by Charoen Pokphand (USA), Inc. ("CP"), and
continued the employment of those employees previously employed
at CP, as well as the then existing collective bargaining
agreement, the claims asserted in this case are barred.

4.    Denied.  The allegations of Paragraph 4 of the
Complaint constitute conclusions of law to which no response is
required.  To the extent such allegations are deemed to
constitute facts, they are denied.  Defendant pays all employees
for all work performed as required by law.

5.    Denied.  The allegations of Paragraph 5 of the
Complaint constitute conclusions of law to which no response is

-2-

required.  To the extent such allegations are deemed to constitute facts, they are denied in their entirety.  By way of further response, defendant incorporates by reference the averments of Paragraphs 1-4 of this Answer.

<u>**JURISDICTION AND VENUE.**</u>

6.-7.  Admitted in part and denied in part.  It only is admitted that this Court has jurisdiction over claims based upon the alleged violations of the FLSA and that venue is proper in this district.  The remaining allegations of Paragraphs 6 and 7 of the Complaint constitute conclusions of law to which no response is required.  To the extent such allegations are deemed to constitute facts, they are denied in their entirety.

<u>**PARTIES.**</u>

8.    Admitted.  Defendant's name is Equity Group Eufaula Division, LLC.

9.    Denied as stated.  Defendant acquired the facility from CP as of March 12, 2004.  To the extent that any plaintiffs were employed at the facility prior to that date, as indicated in Exhibit "A" to the Complaint, they were not employed by defendant but by CP, for which defendant has no liability.  The First Processing and Second Processing departments are part of the defendant's Fresh Plant.  Defendant also has Further Processing operations.

10.    Admitted.

11.    Admitted in part and denied in part.  Although the description of the operations in Second Processing generally are appropriate, a substantial amount of the product is used by

defendant in its Further Processing operation and not delivered to "plant customers."

12.-13.  Denied as stated.  Defendant has not identified each of the named plaintiffs or his or her area of work. Employees are eligible for job bidding for various jobs within defendant's facility and, therefore, may not continuously work in any specific area or portion of the facility.  Further, defendant incorporates the averments of Paragraph 9 of this Answer.

14.  Denied as stated.  Defendant has no information concerning plaintiffs' residency or domicile.  Although "consents" were filed by certain of the named plaintiffs, those consents were not authorized nor approved by this Court. Defendant incorporates by reference the averments of Paragraph 9 of this Answer.

<u>**RESPONSE TO GENERAL ALLEGATIONS.**</u>

15.  Denied.  At no time are plaintiffs required to pass through security when entering or leaving defendant's facilities, nor are they required to submit to searches of their person or personal possessions.  The remaining allegations of Paragraph 15 of the Complaint, therefore, are denied in their entirety as they are not relevant to defendant's operations.

16.  Denied.  After entering the facility, employees, on a daily basis, only are required to obtain a smock to be worn within the production area.  Employees are not required to perform "washing activities" in preparation for work in the production area.  Nor are employees required to acquire any tools for work as all tools are distributed to the employees at their

work station by supervisors or line leads, who are paid for such work.  Likewise, employees do not walk significant distances.

17.  Denied.  Employees are permitted two unpaid thirty minute breaks.  There are no considerable distances to walk at the beginning of breaks or at the end of a shift, or at any time prior to a break or at the end of the shift.  Employees are required to doff their apron and/or smock in the production area and then may leave the production area for break or to leave work.  Employees are not required to return clothing, personal protective equipment, equipment or tools.  At the end of the day, the employee's smock is simply tossed in the laundry container immediately adjacent to the entrance/exit to the production area. Tools and related equipment are left at the employee's work station and are not washed nor maintained by the employees.

18.  Admitted in part and denied in part.  It only is admitted that defendant operates poultry facilities located in Baker Hill, Alabama.  By further response, defendant incorporates by reference the averments of Paragraph 2 of this Answer.  All other allegations contained in Paragraph 18 of the Complaint are denied as defendant properly pays all employees as required by law.  Further, the allegations of this Paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent such allegations are deemed factual, they are denied in their entirety.

19.  Denied.  Defendant pays all employees as required by law and the collective bargaining agreement.  Employees are paid for all required pre-production and post-production work activities.  In addition, many employees, including Tender

-5-

Sizers, mechanics, quality assurance employees and sanitation employees are paid on the basis of actual time worked or other compensation systems all of which conform to law. Contrary to the allegations of Paragraph 19 of the Complaint, employees are not required to "clear security," nor are they required to return required supplies, tools or other equipment needed for line activities. In all other respects, the allegations of Paragraph 19 of the Complaint are denied in their entirety. To the extent that the allegations of Paragraph 19 of the Complaint suggest that the referenced activities are required to be compensated, such allegations constitute conclusions of law to which no response is required. To the extent such allegations are deemed factual, they are denied in their entirety. Moreover, under Section 3(o) and other sections of the FLSA, and the underlying Regulations, compensation for such activities is not required. Defendant incorporates the averments of Paragraphs 2 and 3 of this Answer.

20. Admitted in part and denied in part. It is only admitted that defendant provides its employees, by contract, two unpaid thirty minute breaks. The remaining factual allegations of Paragraph 20 of the Complaint are denied. By way of further response, defendant incorporates by reference the averments of Paragraphs 1-19 of this Answer. Finally, the allegations of Paragraph 20 of the Complaint constitute conclusions of law to which no response is required. To the extent such allegations are deemed factual, they are denied in their entirety.

21. Denied. Employees are provided two rest breaks of thirty minutes each, which the employees take in full.

22.   Denied.  The factual allegations of Paragraph 22 of the Complaint are denied and defendant incorporates by reference the averments of Paragraphs 1-21 of this Answer.  Further, the remaining allegations of Paragraph 22 of the Complaint constitute conclusions of law to which no response is required.  To the extent such allegations are deemed factual, they are denied in their entirety.  Employees are not required to wear "uniforms," work pants or shirts, safety jumpsuits, safety boots, hard hats or belts with holsters and knives.  Nor are employees required to walk to and from security.

23.-24.  Denied.  The factual allegations of Paragraphs 23-24 of the Complaint are denied and defendant incorporates by reference the averments of Paragraphs 1-22 of this Answer. Further, the remaining allegations of Paragraphs 23 and 24 of the Complaint constitute conclusions of law to which no response is required.  To the extent such allegations are deemed factual, they are denied in their entirety.

25.  Denied.  The allegations of Paragraph 25 of the Complaint constitute conclusions of law to which no response is required.  To the extent such allegations are deemed factual, they are denied in their entirety.  Defendant accurately accounts for all compensable time, for which its employees are paid in full.

### RESPONSE TO COLLECTIVE ACTION ALLEGATIONS.

26.-28.  Denied.  The allegations of Paragraphs 26 through 28 of the Complaint constitute conclusions of law to which no response is required.  To the extent such allegations are deemed factual, they are denied in their entirety.  The proposed class

-7-

is inappropriate because not all specified individuals are similarly situated and the proposed class claim also contains individuals with claims for individual relief. It is further denied that the proposed date is appropriate as defendant did not acquire the facility or commence operations until March 12, 2004.

29. Admitted in part and denied in part. It only is admitted that defendant can determine the identity of persons employed by it. It is denied that "potential class members" could be easily and quickly notified of the pendency of this action since defendant is unaware of the current addresses of persons who are no longer employed by it.

30. Denied. The averments of Paragraphs 26 through 29 of this Answer are incorporated by reference.

31. Denied. The averments of Paragraph 29 of this Answer are incorporated by reference.

32.-37. Denied. The allegations of Paragraphs 32 through 37 of the Complaint constitute conclusions of law to which no response is required. To the extent such allegations are deemed factual, they are denied in their entirety. By way of further response, defendant incorporates the averments of Paragraphs 26 through 28 of this Answer.

<u>RESPONSE TO COUNT I</u>

38. The averments of Paragraphs 1 through 37 of this Answer are incorporated by reference.

39. Admitted.

40.-53. Denied. The allegations of Paragraphs 40 through 53 of the Complaint constitute conclusions of law to which no response is required. To the extent such allegations are deemed

-8-

factual, they are denied in their entirety.  Further, defendant incorporates by reference the averments of Paragraphs 1-39 of this Answer.

WHEREFORE, defendant requests that the Complaint be dismissed in its entirety with prejudice.

### AFFIRMATIVE DEFENSES

54.  The Complaint fails to state a claim upon which relief can be granted on behalf of plaintiffs or on behalf of the putative class they purport to represent.

55.  Plaintiffs' claims are barred by the applicable statute of limitations.

56.  Plaintiffs' claims are barred by the doctrines of res judicata or collateral estoppel.

57.  Defendant has not authorized, required, requested or permitted any employees to work hours in excess of 40 in any work week without paying the required statutory rate, nor has defendant permitted any work without pay or "off the clock."

58.  Defendant has not acted wilfully nor has it wilfully deprived any person of wages to which such persons were otherwise entitled under the FLSA.

59.  Defendant at all times acted in good faith and with reasonable grounds to believe that it did not violate the FLSA.

60.  Plaintiffs are not entitled to liquidated damages.

61.  All, or part, of the time for which plaintiffs seek compensation on their own behalf, or on behalf of others, does not constitute compensable working time within the meaning of the FLSA or applicable regulations.

62. All, or part, of the time for which plaintiffs, on their own behalf or on behalf of others that they purport to represent, seek compensation is not compensable under Section 3(o) of the FLSA.

63. Neither the plaintiffs' claims, nor this action, can be maintained as a collective or class-action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Neither the plaintiffs, nor any of plaintiffs' claims, are similarly situated to those persons they purport to represent in the purported collective or class-action under Section 16(b) of the FLSA.

65. The Portal-to-Portal Act, 29 U.S.C. § 254(a), specifically excludes from compensable time that time spent in changing clothing and walking to and from work stations prior to the commencement of work.

66. All activities related to putting on or removing work clothing, to the extent performed by some employees, constitute activities which are preliminary or postliminary to the principal activities which such employees are employed to perform, or are de minimis, and are not compensable.

67. Time spent in donning and doffing work clothing is not compensable under the FLSA or any other applicable federal or state laws or regulations.

68. All of defendant's employees have been properly paid for all compensable time under the FLSA and any other applicable federal or state laws or regulations.

69. All policies and practices regarding compensation for time spent donning, doffing or cleaning safety, protective or

work clothing represent a custom or practice under a bona fide collective bargaining agreement between defendant and the Retail, Wholesale and Department Store Union, which represents the hourly production employees at defendant, and such time is excluded from compensation under the FLSA.

70.  Not all employees are compensated on the basis of "line card" time.

71.  Some hourly employees at defendant's plant, including but not limited to employees in the Sanitation Department, are paid on an hourly incentive program even though they work less than 8 hours.

WHEREFORE, defendant requests that the Complaint be dismissed in its entirety with prejudice.

                                        /s/Howard A. Rosenthal
                                        Howard A. Rosenthal (I.D. No. 25632)
                                        Gary D. Fry (I.D. No. 34464)
                                        Malcolm S. Gould (I.D. No. 80254)
                                           Attorneys for Equity Group
                                           Eufaula Division, LLC

**OF COUNSEL**:
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540


Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
   & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION**

```
BETTY ANN BURKS, et al.,          :
                                  :
            Plaintiffs,           :
                                  :
        v.                        :Civil Action No. 2:06-CV-1081-MEF
                                  :
EQUITY GROUP EUFAULA              :
DIVISION, LLC,                    :
                                  :
            Defendant.            :
```

---

**CERTIFICATE OF SERVICE**

---

The undersigned counsel for defendant certifies that a true and correct copy of the Answer to Complaint was served on counsel for plaintiffs by depositing such copy in the United States Mail, first class postage pre-paid and by electronic filing on February 1, 2007, with the mail copy addressed as follows:

Lance H. Swanner, Esquire
Cochran, Cherry, Givens, Smith,
    Lane & Taylor, P.C.
163 West Main Street
P.O. Box 927
Dothan, AL  36302

Bernard D. Nomberg, Esquire
The Cochran Firm
505 North 20th Street
Suite 825
Birmingham, AL  35203

/s/Howard A. Rosenthal
Howard A. Rosenthal (I.D. No. 25632)
Gary D. Fry (I.D. No. 34464)
Malcolm S. Gould (I.D. No. 80254)
    Attorneys for Equity Group
    Eufaula Division, LLC

**OF COUNSEL:**
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
    & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834