# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA, MONTGOMERY DIVISION

| | | |
|---|---|---|
| **BETTY ANN BURKS, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **2:06-cv-01081-MEF-DRB** |
| | § | |
| **EQUITY GROUP EUFAULA** | § | |
| **DIVISION, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs request the entry of an Order permitting them leave to file their First Amended Complaint to (1) remove Frankie James Johnson as a named Plaintiff; (2) to restyle this action as a proposed collective action under the FLSA and to more clearly define the prospective collective class; and (3) to add Richard Celler, who has been admitted *pro hac vice* in this matter, as additional counsel for Plaintiffs.

1.     This currently is an individual action brought pursuant to the Fair Labor Standards Act ("FLSA").  Since the filing of the initial

Complaint, Plaintiffs' counsel has been retained by additional similarly situated individuals who wish to join this lawsuit.

2.      Plaintiffs bring this Amended Complaint to restyle this action not only on behalf of themselves, but others "similarly situated" as provided for by the collective action mechanisms of the FLSA so that Plaintiffs may proceed collectively.  By doing so, Plaintiffs will promote the judicial economy articulated by the FLSA in combining similarly situated claims into one single action as opposed to clogging this Court's docket with numerous individual actions alleging the same facts and legal issues. Plaintiffs also wish to clarify the class they represent.  A true and correct copy of the First Amended Complaint is attached as Exhibit "A."

3.      Plaintiffs state that they have not unduly delayed in amending their Complaint and that Defendant will not be prejudiced by virtue of allowance of the amendment.

**WHEREFORE**, Plaintiffs respectfully request that this Court permit Plaintiffs to file their First Amended Complaint (attached as Exhibit A) and that it be deemed filed as of the date of this Court's Order.

## MEMORANDUM OF LAW

Federal Rule 15 requires that "leave [to amend] shall be freely given when justice so requires."  In the instant case, justice requires that Plaintiff be permitted to file an Amended Complaint to facilitate the collective action mechanisms of the FLSA.  As discovery has not yet commenced, the Court's FLSA Scheduling Order has just been entered, and the proposed amendment promotes judicial efficiency and consolidation of claims, no party will be prejudiced by the filing of the First Amended Complaint.

Accordingly, for these reasons, Plaintiffs request the entry of an Order permitting the filing of the First Amended Complaint and deeming it filed on the date of the Court's Order on this Motion.

Dated:  February 22, 2007          Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
**BERNARD D. NOMBERG**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 930-6900 (Phone)
(205) 930-6910 (Fax)

– and –

Samuel A. Cherry, Jr.
Lance H. Swanner
**THE COCHRAN FIRM, P.C.**
163 West Main Street
P. O. Box 927
Dothan, AL 36302
(334) 793-1555 (Phone)
(334) 793-8280 (Fax)

– and –

Richard B Celler
**MORGAN & MORGAN, P.A.**
284 South University Drive
Fort Lauderdale, FL 33324
(954) 318-0268 (Phone)
(954) 333-3515 (Fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, I electronically filed Plaintiff's Motion for Leave to File Amended Complaint and Incorporated Memorandum of Law with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Samuel A. Cherry , Jr.
scherry@cochranfirm.com

Bernard D. Nomberg
bnomberg@cochranfirm.com

Gary D. Fry
gdfry@pelino.com
srkatz@pelino.com

Malcolm S. Gould
msgould@pelino.com
skratz@pelino.com

Joseph David Lane
jlane@cochranfirm.com
jdavidlane@aol.com

Howard A. Rosenthal
harosenthal@pelino.com
skratz@pelino.com

Courtney Reilly Potthoff                    Joel P. Smith, Jr.
cpotthoff@mindspring.com                    joelpsmith@bellsouth.net

Lance Harrison Swanner
lanceswanner@cochranfirm.com


                                            /s/ Robert J. Camp
                                            **ROBERT J. CAMP**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## MONTGOMERY DIVISION

| | | |
|---|---|---|
| BETTY ANN BURKS, MITCHELL | § | CIVIL ACTION NO. |
| BURKS, TEMEKIA CALLOWAY, | § | 2:06-cv-01081-MEF-DRB |
| MARIE CHITTY, BARBARA ANN | § | |
| DARBY, TRACY A. DAVIS, LAURIE T. | § | |
| DELBRIDGE, KENNETH FORD, | § | |
| ALVIN FORTE, TERESA GLENN, | § | |
| GLORIA GULLETTE, JIMMY | § | |
| HAMILTON, ANNIE IVERY, TINESHA | § | |
| S. JACKSON, ANNIE R. JOHNSON, | § | |
| FELICIA LASETER, CHRISTOPHER | § | |
| LASTER, ANTONIO LINDSEY, | § | |
| ANTHONY B. MARCH, MARY | § | |
| MARCH, MARK A. MARSH, MONROE | § | |
| MCCALL, CHANDRA MCCRAY, | § | |
| DOROTHY A. MCNAIR, DENISE | § | |
| MCCRAY MITCHELL, BENJAMIN | § | |
| PHILLIPS, MARCUS TERRELL RICE, | § | |
| ERVIN SMITH, KENDRICK LANAN | § | |
| SPANN, ANTHONY STREETER, | § | |
| MARINE TILLER, ALBERT L. | § | |
| WILLIAMS, JR., CHANDA YOUNG, | § | |
| MARY LEE ALLEN, PATSY ANGLIN, | § | |
| VIRGIINIA AVERY, CORA L. BAKER, | § | |
| LILLIE M. BANKS , MORRIS BANKS, | § | |
| TAJUANA BASKIN, TERESA A. | § | |
| BAXTER, ANNIE BEASLEY, JAMES C. | § | |
| BEDELL, KIMBERLY BEDELL, | § | |
| BETTY BIGGERS, KATINA BINION, | § | |
| TRACY BINION, DOROTHY A. | § | |
| BLACKMON, RENA BLACKMON, | § | |
| WILLIE MAE BLACKMON, MARCUS | § | |
| B. BLAIR, TASHEENA BONAPARTE, | § | |
| KAREN BOWENS, JEFFERY BROOKS, | § | |
| CHERANDA BROWN, DANYEL | § | |
| BROWN, LARRY BRYER, FELICIA | § | |
| BULLARD, PEARLINE BURKS, | § | |

**SHANNON BURKS, SHARON l. BUSH,**        §
**BRENDA L. CALHOUN, MICHAEL**            §
**CANNON, ETHEL  CARTER,**                §
**VERNETTE CARTER, BRENDA**               §
**CHAMBERS, DASHAWN CLARK,**              §
**TOWANDER COLEMAN, LATOYA**              §
**CORBITT, MATTIE COTTON,**               §
**BERTHA L. CRAYTON, ANTHONY T.**         §
**CULVER, TIFFANY CUNNINGHAM,**           §
**LATONIA M. DAVIS, JOANN**               §
**DENNARD, CHERRY A. DEVOSE,**            §
**JENNIFER D. DIGGS, KAMILAH**            §
**DUKES,  MICHELLE R. DUMAS,**            §
**KATRINA FAVORS, CHANDA L.**             §
**FERGUSON, REGINALD FLOYD,**             §
**SALINTHA FOSTER, SHERVONNE**            §
**FOSTER , NICHOLAS L. FREEMAN,**         §
**MARY LINDA FRYER, RENATA**              §
**FULLER, ELIZABETH GAINER,**             §
**CAMILLE A. GIPSON, CAROLYN**            §
**CLANTON, TANGELA D. GLENN,**            §
**WILLIE E. GLENN, ANNIE  T.**            §
**GLOVER, PATRICK THOMAS**                §
**GOSHA, NAKEISHA GRAVES,**               §
**ALFONZO GREEN, SR., ANDREW**            §
**GRIFFIN, KIMBERLY GRIFFIN, MINA**       §
**L. GUICE, ROBERT A. HAMILTON,**         §
**BRIAN HANKS, JAMES HARRIS, JR.,**       §
**DENISE HARRIS WILSON, LARRY**           §
**HICKS, SHERWANDA HUMBERT,**             §
**WILLIE B. IVEY, ANDRE JACKSON,**        §
**JOHNNY L. JACKSON, TERRANCE**           §
**JASCKSON, MOLINDA J. JACOBS,**          §
**MONICA JAMES, ANNIE D. JENKINS,**       §
**LAWANDA JOHNS, BRENDA**                 §
**JOHNSON, CEDRIC D. JOHNSON,**           §
**DERINDA JOHNSON, EDGAR**                §
**JOHNSON, MICHAEL JOHNSON,**             §
**JENNIFER T. JOHNSON, NADINE**           §
**JOHNSON, TYWONDA D. JOHNSON,**          §

2

VANESSA JOHNSON, WILLIE          §
JOHNSON, JR., BESSIE JONES,      §
BETTY JONES, BOBBY JONES,        §
LEMARIO JONES, LOTTIE JONES,     §
PATRICIA JONES, COURTNEY         §
JORDAN, CELICIA KELLEY,          §
KENNETH W. KELLEY, ARLEEN        §
KENNEDY, SHIRLEY KENNEDY,        §
TRACY KENNEDY, STEVEN L.         §
KINCEY, EVELYN LAMPLEY,          §
SERENDA LAMPLEY, EMILY           §
LASETER, MARY ANN LAWRENCE,      §
EDDIE LEWIS, LORENZO J. LEWIS    §
JR., BRENDA LIGHTNER SLATER,     §
MARGIE B. LOHMAN, CHRISTINA E.   §
LYNN, ATRAVOUS MAHONE,           §
ELETHIA MARSHALL, REGINA         §
MAYS, REGINA MAYS, DIANNE        §
MCCLOUD, JOSEPH MCCOY,           §
GERTHA R. MCRAE, ANTHONY         §
MCKINNON, RENNA MERRILL,         §
SHAKERIA L. MOORE, MICHAEL       §
MORRIS, DOROTHY MULKEY, TONY     §
NEWMAN, MARION NORRIS, KRISTA    §
R. OLIVER, GWENDOLYN OWENS,      §
ANDRE PAIGE, JENNIFER PARHAM,    §
JUANITA JONES PARHAM, SHAUNTE    §
PARKER, VALERIE ELAINE           §
PARKER, SHARON D. PARKMAN,       §
ANTONIO L. PEARSON, OZELLA       §
PERSON, MARQUITA PERSON,         §
JOHNNIE MAE POSEY, CORETTA Y.    §
REEVES, DINA REEVES, SHEILA      §
REEVES, CALVIN F. RICHARDSON,    §
JR., DENISE RICHARDSON, LAURIE   §
J. ROBINSON, MARGARET            §
ROBINSON, MICHAEL ROBINSON,      §
NETTIE J. RODGERS, RANDY         §
RODGERS, EARL R. ROGERS,         §
ANGELA RUMPH, DORIS SANDERS,     §

3

SAMUEL A. SHABAZZ, ROSE D.                                              §
SHAW, REBECCA H. SHORTER,                                               §
VIVIAN Y. SHORTER, GREGORY L.                                          §
SINQUEFIELD, SLOANE SMITH,                                              §
THERESEA Y. STARLING, TIFFANY                                          §
STARLING, RODERICK STREETER,                                            §
DESIREE STINSON, TERRANCE  T,                                           §
TENNILLE, BARBARA L. TEW,                                               §
HESTER M. THOMAS, LARRY                                                 §
THOMAS JR., TAMMY T. THOMAS,                                            §
TORA THOMAS, WANDA THOMAS ,                                             §
SHEMIECE THOMPKINS, LILLIAN                                             §
THOMPSON, BRANTLEY                                                      §
THORNTON, SHEREEKIA V.                                                  §
THORNTON, COURTNEY J.                                                   §
TOLBERT, CAROLYN A. TURNER,                                             §
DORSEL TURNER, ALLISON                                                  §
VAUGHN, ALFONZA WALKER,                                                 §
MARQUITA WALKER, EDNA L.                                                §
WALTON, LAKESHIA E. WARREN,                                             §
TARSHEKIA WARREN, DORNAL                                                §
WHIGHAM, JOHN WHIGHAM,                                                  §
PATRICIA WHIGHAM, GARY L.                                               §
WHITE, WENDY WHITE, BELINDA                                             §
WILLIAMS, BERTHA ANN                                                    §
WILLIAMS, BOBBY LEE                                                     §
WILLIAMS,JR., ELAINE WILLIAMS,                                          §
KELLI WILLIAMS, VERNIE                                                  §
WILLIAMS, WILLIE WILLIS, MARY                                           §
S. WRIGHT, BETTY J. YOUNG,                                              §
SANTIINIA YOUNG and SHAWANDA                                            §
YOUNG,                                                                  §
                                                                       §
        Plaintiffs,                                                    §
                                                                       §
v.                                                                     §

4

EQUITY GROUP EUFAULA              §
DIVISION, LLC,                    §
                                  §
        Defendant.                §

## FIRST AMENDED COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated

("Plaintiffs"), by and through their counsel, for their Complaint against

Defendant Equity Group, LLC., (collectively "Equity Group" or

"Defendant"), seek to recover for Equity Group's violations of the Fair

Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq*., and hereby

state and allege as follows:

## INTRODUCTION

1.      This is a representative action brought pursuant to FLSA §

216(b) by Plaintiffs on behalf of themselves and all other similarly situated

current and former production employees of Equity Group at its Baker Hill,

Alabama  facility, located in Barbour County, Alabama, for purposes of

obtaining relief under the FLSA for unpaid wages, unpaid overtime wages,

liquidated damages, costs, attorneys' fees, declaratory and/or injunctive

relief, and/or any such other relief the Court may deem appropriate.

2.      Equity Group operates a chicken processing plant in Baker Hill,

Alabama ("Baker Hill facility").  The complained of unlawful compensation

system at issue in this Complaint has affected Defendant's present and
former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States
Supreme Court unanimously affirmed a ruling that IBP's wage and hour
policies – those at issue in this case – violated the Fair Labor Standards Act
of 1938 ("FLSA").

4.      Equity Group uniformly denies hourly wages and overtime
premium pay to its employees, by requiring them to perform "off the clock"
work.  Equity Group's deliberate failure to pay employees earned wages and
overtime compensation violates federal law as set out in the Fair Labor
Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same
illegal policy and practice of failing to pay workers for all time worked,
including unpaid, but compensable break periods, unpaid hourly wage times
and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover
damages for violation of the FLSA's wage and hour provisions.  Jurisdiction
over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28
U.S.C. §§ 1331-37.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Equity Group does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.    Defendant, Equity Group, is a Delaware corporation with its principal place of business in Alabama.

9.    Plaintiffs are current and former Equity Group employees who work(ed) at the Equity Group's Baker Hill, Alabama  facility within the last three years, dating back to **December 2, 2003**, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10.    First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.    Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned,

weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12.    Plaintiffs listed herein who primarily work in First Processing include: Betty Ann Burks, Mitchell Burks, Temekia Calloway, Marie Chitty, Barbara Ann Darby, Tracy A. Davis , Laurie T. Delbridge, Kenneth Ford, Alvin Forte, Teresa Glenn, Gloria Gullete, Jimmy Hamilton, Annie Ivery, Tinesha S. Jackson, Annie R. Johnson, Felicia Laseter, Christopher Laster, Antonio Lindsey, Leon Lyons , Anthony B. March, Mary March, Mark A. Marsh, Monroe Mccall, Chandra McCray, Dorothy A. McNair, Denise McCray Mitchell, Benjamin Phillips, Marcus Terrell Rice, Ervin Smith, Kendrick Lanan Spann, Anthony Streeter, Marine Tiller, Albert L. Williams Jr. and Chanda Young.

13.    Plaintiffs listed herein who primarily work in Second Processing include:   Mary Lee Allen, Patsy Anglin, Virginia Avery, Cora L. Baker, Lillie M. Banks, Morris Banks, Tajuana Baskin, Teresa A. Baxter, Annie Beasley, James C. Bedell, Kimberly Bedell, Bettye Biggers, Katina Binion, Tracy Binion,  Dorothy A. Blackmon, Rena Blackmon, Willie Mae Blackmon, Marcus B. Blair, Tasheena Bonaparte, Karen Bowens , Jeffery Brooks, Cheranda Brown, Danyel Brown, Larry Bryer, Felicia Bullard , Pearline Burks, Shannon Burks, Sharon L. Bush, Brenda L. Calhoun,

Michael Cannon, Ethel Carter, Vernette Carter, Brenda Chambers, Dashawn Clark, Towander Coleman, Latoya Corbitt, Mattie Cotton, Bertha L. Crayton, Anthony T. Culver, Tiffany Cunningham, Latonia M. Davis, Joann Dennard, Cherry A. Devose, Jennifer D. Diggs, Kamilah Dukes, Michelle G. Dumas, Katrina Favors, Chanda L. Ferguson, Reginald Floyd, Salintha Foster, Shervonne Foster, Nicholas L. Freeman, Mary Linda Fryer, Renalta Fuller, Elizabeth Gainer, Camille A. Gipson, Carolyn Glanton, Tangela D. Glenn, Willie E. Glenn, Annie T. Glover-Patrick, Thomas Gosha, Nakeisha Graves, Alfonza Green, Sr., Andrew Griffin, Kimberly Griffin, Mina L. Guice, Robert A. Hamilton, Brian Hanks , James Harris Jr., Denise Harris Wilson, Larry Hicks, Sherwanda Humbert, Willie B. Ivey, Andre Jackson, Johnny L. Jackson, Terrance Jackson, Molinda Jacobs, Monica James, Annie D. Jenkins, Lawanda Johns, Brenda Johnson, Cedric D. Johnson, Derinda Johnson, Edgar Johnson, Jennifer T. Johnson, Michael Johnson, Nadine Johnson, Tywonda D. Johnson, Vanessa Johnson, Willie Johnson Jr., Bessie Jones, Betty Jones, Bobby Jones, Lemario Jones, Lottie Jones, Patricia Jones, Courtney Jordan, Celicia Kelley, Kenneth W. Kelley, Arleen Kennedy, Shirley Kennedy, Tracy Kennedy, Steven L. Kincey, Evelyn Lampley, Serenda Lampley, Emily Laseter, Mary Ann Lawrence, Eddie Lewis, Lorenzo J. Lewis Jr., Brenda Lightner Slater, Margie B. Lohman,

Christina E. Lynn, Artravous Mahone, Elethia Marshall, Regina Mays,

Dianne McCloud, Joseph Mccoy, Gertha R. Mcrae, Anthony Mckinnon,

Rena Merrill, Shakeria L. Moore, Michael Morris, Dorothy Mulkey, Tony

Newman, Marion  Norris, Krista  R. Oliver, Gwendolyn Owens , Andre

Paige, Jennifer Parham, Juanita Jones Parham, Shaunte Parker, Valerie

Elaine Parker, Sharon D. Parkman, Antonio L. Pearson, Ozella  Person,

Marquita Person, Johnnie Mae Posey, Coretta Y. Reeves, Dina Reeves,

Sheila Reeves, Calvin F. Richardson, Jr., Denise Richardson, Laurie J.

Robinson, Margaret Robinson, Michael Robinson, Nettie J. Rodgers, Randy

Rogers,  Earl R. Rogers, Angela Rumph, Doris Sanders, Samuel A. Shabazz,

Rose D. Shaw. Rebecca H. Shorter, Vivian Y. Shorter, Gregory L.

Sinquefield , Sloane Smith, Teresa Y. Starling, Tiffany Starling , Roderick

Streeter, Desiree Stinson, Terrance T. Tennille, Barbara L. Tew, Hester M.

Thomas, Larry Thomas Jr., Tammy T. Thomas. Tora Thomas, Wanda

Thomas, Shemiece Thomkins, Lillian Thompson, Brantley Thornton,

Shereekia V. Thornton, Courtney J. Tolbert, Carolyn A. Turner, Dorsel

Turner, Allison Vaughn, Alfonza Walker, Marquita Walker, Edna L.

Walton, Lakeisha E. Warren, Tarshekia Warren, Dornal Whigham, John

Whigham, Patricia Whigham, Gary L. White, Wendy White, Belinda

Williams, Bertha Ann Willaims, Bobby Lee Williams Jr., Elaine Williams,

Kelli Willaims, Vernie Williams, Willie Willis, Mary S. Wright, Betty J. Young, Santinia Young and Shawanda Young.

14.    Plaintiffs are residents and domiciled in the State of Alabama. Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See Exhibit A.

## GENERAL ALLEGATIONS

15.    As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs' are required to have their employment status verified and their arrival and departures documented as well as submit to searches of the person and personal possessions.  Plaintiffs aver they are not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production.

16.    Plaintiffs go to a designated area to receive required clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas.  The employees are required to perform washing activities associated with preparing for work in the production area. And depending on whether the employee works in First Processing or

Second Processing, the employee may be required to acquire special tools for the work to be performed.  During the course of this process, the employee then must walk a significant distance to arrive at the respective workstations on the line.

17.     When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their personal protective equipment, sanitary clothing, and/or equipment or tools and return various clothes, personal protective equipment, equipment or tools to the proper areas.

18.     Defendant Equity Group owns and operates poultry facilities in Baker Hill, Alabama.  The unlawful compensation system at issue in the Complaint has affected Defendant's former and present hourly production employees at this location.

19.     Under Equity Group's wage compensation system, Equity Group pays Plaintiffs and others similarly situated employees only regularly scheduled time that they are  on the production assembly line or in production areas  under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time".  Conversely, as a matter of policy and practice, Equity Group does not pay its

hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment as well as themselves,  wait time associated with cleaning and sanitizing that equipment as well as themselves after completion of the first principal activity walking to and from security and the production line from their locker or dressing area  after already performing compensable activities,  and waiting in line to return required supplies, tools and other equipment needed for line activities.  In addition, Equity Group does not pay its employees for time spent waiting at the line, prior to the line start up. Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

20.    During the course of the day, Plaintiffs are provided unpaid breaks requiring them to walk considerable distances where they remove sanitary clothing and personal protection equipment for their break.  The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation.  Plaintiffs assert these unpaid breaks are compensable.  Alternatively if the total unpaid

break is not deemed compensable Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre and post break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

21.     Defendant deducts from Plaintiffs daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

22.     The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work time for which Plaintiffs are not paid include, but are not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; and (2) walking to and from the security, changing areas, work

14

areas and break areas; washing activities; and (3) breaks that are effectively compensable .

23.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

24.    The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning and doffing times, is required by Equity Group and/or by government regulation.  Plaintiffs' jobs are dangerous and involve serious health and safety risks.  The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment.  These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

25.    In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Equity Group's failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived

15

Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.    Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of the Baker Hill facility.  The potential class of "opt-in" employees can be defined as:

> All current and former hourly 1st and 2nd processing employees of Defendant, paid under a master time compensation system in which individuals' time card punches are not the basis for starting and ending hours worked, who worked at the Baker Hill  facility since **December 2, 2003**, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

27.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28.    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours

16

worked and failing to pay employees for all hours worked, including overtime compensation.

29.    The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

30.    On information and belief, the Baker Hill  facility employs approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

31.    Potential collective action members may be informed of the pendency of this class action through direct mail.

32.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a)  Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

    b)  Whether the security activities at issue are integral or indispensable to Defendant's business activities;

c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

33.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to

other available methods for the fair and efficient adjudication of the federal law claims.

34.    The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

35.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

36.    The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent.  The interests of the members of

the class of employees will be fairly and adequately protected by the

Collective Action Representatives and their undersigned counsel, who have

extensive experience prosecuting complex class action lawsuits.

37.    Maintenance of this action as a collective action is a fair and

efficient method for the adjudication of this controversy.  It would be

impracticable and undesirable for each member of the collective action who

suffered harm to bring a separate action.  In addition, the maintenance of

separate actions would place a substantial and unnecessary burden on the

courts and could result in inconsistent adjudications, while a single

collective action can determine, with judicial economy, the rights of all

collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by All Individually-Named Plaintiffs and
on Behalf of All Others Similarly Situated)**

38.    Plaintiffs reassert and incorporate by reference paragraphs 1

through 37 as set forth above as if fully restated herein.

39.    At all time material herein, Plaintiffs have been entitled to the

rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201

*et. seq.*

20

40.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

41.     Equity Group violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

42.     Equity Group violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

43.     Equity Group failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

44.     Equity Group failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

45.     Equity Group failed to account for and pay for time allocated as unpaid breaks.  In the alternative, Equity Group failed to pay for walk time to and from unpaid  break areas, time spent donning and doffing on unpaid breaks, and washing activities associated with  breaks.

46.    In perpetrating these unlawful practices Equity Group has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

47.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

48.    Equity Group was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50.    Equity Group's failure to accurately record compensable work time was willfully perpetrated Equity Group has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in

an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find Equity Group did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Equity Group from Plaintiffs for which Equity Group is liable pursuant to 29 U.S.C.  § 216(b).

52.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Equity Group acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

53.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

23

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Equity Group's hourly employees (working at the Equity Group's Baker Hill location in the last three years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Equity Group's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant Equity Group to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent

performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant Equity Group to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant Equity Group to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

All Plaintiffs hereby request trial by jury of all issues triable by jury under Alabama and federal law.

Dated: _____            Respectfully submitted,

                                   **THE COCHRAN FIRM, P.C.**

                                   /s/ Robert J. Camp_____
                                   **ROBERT J. CAMP**
                                   **BERNARD D. NOMBERG**
                                   505 North 20th Street, Suite 825
                                   Birmingham, AL  35203
                                   (205) 930-6900 (Phone)
                                   (205) 930-6910 (Fax)

       – and –

Samuel A. Cherry, Jr.
Lance H. Swanner
**THE COCHRAN FIRM, P.C.**
163 West Main Street
P. O. Box 927
Dothan, AL 36302
(334) 793-1555 (Phone)
(334) 793-8280 (Fax)

       – and –

Richard Celler
**MORGAN & MORGAN, P.A.**
284 South University Drive
Fort Lauderdale, FL 33324
(954) 318-0268 (Phone)
(954) 333-3515 (Fax)

                                   *Attorneys for Plaintiffs*