```
            IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION


BETTY ANN BURKS, et al.,       :
                               :
          Plaintiffs,          :
                               :
     v.                        :   No. 2:06-CV-1081-MEF
                               :
EQUITY GROUP EUFAULA           :
DIVISION, LLC,                 :
                               :
          Defendant.           :
```

**REPORT OF PARTIES' PLANNING MEETING**

    **1.** Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on March 2, 2008 via conference call and was attended by:

Robert Camp, M. John Steensland, III, and Richard Martin Adams for plaintiffs.

Malcolm Gould and Gary Fry for defendant Equity Group Eufaula Division LLC.

    2.  <u>Pre-discovery Disclosures.</u>  The parties will exchange by <u>April 30, 2007</u> the information required by Fed.R.Civ.P. 26(a)(1).

    3.  <u>Discovery Plan.</u>  The parties jointly propose to the court the following discovery plan:

    a.  Discovery will be needed on the following subjects: <u>(1) Class certification/decertification issues; (2) merit discovery, including (a) "principal activities," (b) required versus optional equipment, (c) time spent donning, doffing, etc., (d) collective bargaining agreements and application of FLSA Section 203(o); and, (3) expert discovery/time studies</u>.

    b.  Disclosure or discovery of electronically stored information should be handled as follows: the parties will

produce electronically stored information in response to written discovery requests.  To the extent available, the parties will make the original version of a electronically stored document available upon request.

      c.   The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:  The production of privileged information will not effect a waiver of the privilege.  If a party has inadvertently produced information in discovery that it claims is privileged or protected as trial-preparation material, the party may notify the receiving party of the claim, stating the basis for the assertion.  After receiving notification, the receiving party must return or destroy the information and may not use it or disclose it to third parties until the claim is resolved.  A receiving party that has disclosed or provided the information to a nonparty before getting notice must take reasonable steps to obtain the return of the information.  The producing party must preserve the information pending the court's ruling, if necessary, on whether the information is privileged or protected and whether any privilege or work-product protection has been waived or forfeited by the production.  The parties will address any additional concerns related to privilege as the issue arises.

      d.   Due to the nature of the claims asserted by plaintiffs and the procedural issues attendant to those claims, the parties propose a multi-phase case management plan.  The first phase will relate to "conditional certification" under <u>Hipp v. Liberty National Life Insurance Co.</u>, 252 F.3d 1208 (11th

Cir. 2001), under which plaintiffs will request that the Court approve a notice to be sent to potential plaintiffs (with a bar date by which any consent-to-join must be filed), following which certification-related discovery will commence.  At the close of the certification-related discovery, defendant may seek decertification of the proposed plaintiff class.  If that Motion is not successful, pursuant to Hipp, supra, the Court will then certify the opt-in class.  If the class is certified, merits-based issues are addressed.

As a practical matter, given the overlap of the issues, the parties suggest that the discovery be combined, so long as sufficient time is left for defendant to take discovery from the opt-in plaintiffs after the bar date for filing consents.

Given these issues, the parties propose the following schedule:

1. Discovery shall be completed by May 9, 2008. The discovery period shall run while any class notice issues are pending and the parties are expected to undertake discovery while those issues are pending.

2. Plaintiffs shall disclose expert information pursuant to Rule 26(a)(2) on or before April 4, 2008. Defendant shall disclose expert information pursuant to Rule 26(a)(2) on or before May 16, 2008. Expert depositions shall be completed by May 30, 2008.

3. Plaintiffs shall file a Motion for Notice under Hipp on or before April 16, 2007. Defendant shall file its Response within 15 days after service of the Motion. Plaintiffs shall file their Reply within 10 days after service of the Response.

4. Defendant will file any Motions related to the status of the plaintiffs as a group, whether to decertify an opt-in class or sever named plaintiffs not properly joined in one action, on or before June 13, 2008.

-3-

  5. Defendant will file any potentially dispositive motions <u>within 60 days</u> after the entry of the Court's decision on any class-related motions, or, if no class-related motions are filed, on or before <u>June 13, 2008</u>.

**4.** **Other Items.**

The parties <u>do not request</u> a conference with the Court before entry of the Scheduling Order.

The parties request a pretrial conference in <u>September, 2008</u>.

Plaintiffs should be allowed until <u>April 30, 2007</u> to join additional parties and until <u>April 30, 2007</u> to amend the pleadings. Plaintiffs must seek leave of Court to request any additional amendment or joinder following that date.

Defendant should be allowed until <u>May 16, 2007</u> to join additional parties and until <u>May 16, 2007</u> to amend pleadings. Defendant must seek leave of Court to request any additional amendment or joinder following that date.

The parties agree to consider discussing settlement and/or mediation prior to the close of discovery and after the close of discovery.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiff(s) by <u>August 1, 2008</u> from defendant(s) by <u>August 15, 2008</u>.

Parties should have <u>  14  </u> days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by <u>the Court's September 29, 2008 trial term</u> and at this time is expected to take approximately <u>3 weeks</u>.

The parties shall file a motion with the Court requesting amendment of the Scheduling Order should the parties believe that amendment is necessary.  Any request will be made in advance of the expiration of the deadline(s) for which amendment is sought.

                                          /s/ M. John Steensland, III
                                          Robert J. Camp
                                          M. John Steensland, III
                                          Martin Adams
                                          The Cochran Firm, P.C.
                                          505 North 20th Street, Suite 825
                                          Birmingham, AL  35203
                                             Attorneys for Plaintiffs


                                          /s/ Malcolm S. Gould
                                          Howard A. Rosenthal
                                          Gary D. Fry

**OF COUNSEL**:                    Malcolm S. Gould
Pelino & Lentz, P.C.          Attorneys for Equity Group
One Liberty Place             Eufaula Division, LLC
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
    & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

| | |
|---|---|
| BETTY ANN BURKS, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :  No. 2:06-CV-1081-MEF |
| | : |
| EQUITY GROUP EUFAULA DIVISION LLC, | : |
| | : |
| Defendant. | : |

**<u>CERTIFICATE OF SERVICE</u>**

    The undersigned counsel for Equity Group Eufaula Division LLC hereby certifies that a true and correct copy of the Report of Parties' Meeting in the above-captioned matter was filed electronically with the Clerk of Court on March 5, 2007 using the CM/ECF system, which will send notification of such filing to:

        Robert J. Camp
        M. John Steensland, III
        The Cochran Firm, P.C.
        505 North 20th Street, Suite 825
        Birmingham, AL  35203
          Attorneys for Plaintiffs

        /s/ Malcolm S. Gould
        Howard A. Rosenthal
        Gary D. Fry
**OF COUNSEL**:     Malcolm S. Gould
Pelino & Lentz, P.C.     Attorneys for Equity Group
One Liberty Place     Eufaula Division, LLC
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
   & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834