IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

BETTY ANN BURKS, et al.,  :
        Plaintiffs,  :
        v.  :  No. 2:06-CV-1081-MEF
EQUITY GROUP EUFAULA  :
DIVISION LLC,  :
        Defendant.  :

---

**RESPONSE TO PLAINTIFFS'
MOTION FOR CLASS NOTICE.**

---

**INTRODUCTION.**

Defendant, Equity Group Eufaula Division LLC ("Equity"), upon review of plaintiffs' Amended Complaint [Dkt. No. 33] and Motion for an Order Permitting Court Supervised Notice [Dkt. No. 40], does not oppose plaintiffs' request at this "notice stage" of the certification process. However, Equity does not agree to the form of Notice or the Consent To Join as proposed by plaintiffs for the reasons referenced in this Response.

**FACTS.**

Plaintiffs, current and former employees of Equity's poultry processing plant, instituted this action under the Fair Labor Standards Act ("FLSA") seeking, on behalf of themselves and all others similarly situated, to recover wages and overtime for allegedly uncompensated compensable time spent donning and doffing sanitary and protective clothing worn at the processing plant as well as for related cleaning and walking time. Plaintiffs' proposed opt-in class consists of "current and former hourly 1st and 2nd processing employees ... paid under a master

time compensation system...." [Amended Complaint, Dkt. No. 33, at ¶ 26; see also Plaintiffs' Motion for Class Notice, Dkt. No 40, at 3-4.]

However, Equity did not purchase the assets (and not stock) (previously owned by Charoen Pokphand (USA), Inc. ("CP")), until March 12, 2004. [See Answer to Amended Complaint, ¶¶ 3, 9.] Thus, to the extent that plaintiffs named in the Amended Complaint suggest that the applicable period dates back to December 2, 2003 (3 years from the filing of a Complaint for an alleged willful violation of the FLSA), such request is inappropriate. As to any other "opt-in" plaintiffs, under 29 U.S.C. § 256, the action does not commence until the filing of the consent to join. As such, the statute of limitations is not tolled for any plaintiff, whether named or opt-in, until a consent to join is filed. See, e.g., Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983); Partlow v. Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981); Bonilla v. Las Vegas Cigar Company, 61 F.Supp.2d 1129 (D.Nev. 1999); Cash v. Conn Appliances, Inc., 2 F.Supp.2d 884, 897 (E.D.Tex. 1997); Salazar v. Brown, Jr., 1996 U.S. Dist. LEXIS 18113, 1996 WL 302673, at *10-11 (W.D. Mich. Apr. 9, 1996); Graham v. City of Chicago, 828 F.Supp. 576, 583 (N.D.Ill. 1993).

Moreover, this Court granted summary judgment on similar claims in Davis v. Charoen Pokphand (USA), Inc., 302 F.Supp.2d 1314 (M.D.Ala. 2004). There, this Court, pursuant to Section 3(o) of the FLSA, held that Section 3(o) barred plaintiffs' wage claims for donning, doffing and washing where the work was covered by a collective bargaining agreement with the Retail

Workers and Department Store Union ("RWDSU"). Likewise, at all times relevant to this case, the hourly production employees at Equity's plant have been covered by a collective bargaining agreement with the RWDSU.

## ARGUMENT.

### A. The Notice And Consent To Join Forms Must Be Properly Tailored To Plaintiffs' Proposed Opt-in Class And Limited To This Lawsuit.

Under the framework set forth by the Eleventh Circuit in <u>Hipp v. Liberty National Life Insurance Company</u>, 225 F.3d 1208, 1218 (11th Cir. 2001), the Court must undertake both a preliminary determination (the "notice stage") and a subsequent evaluation of the proposed plaintiff class (the "decertification stage"). Nonetheless, the Notice form approved by the Court must be sufficiently tailored so as not to include individuals or claims that are not part of the class or claims advanced in the Amended Complaint. Indeed, despite plaintiffs' description of their own class, numerous individuals have already submitted opt-in forms who do not work in first or second processing or were not paid pursuant to line time, including, for example, individuals who work(ed) in the sanitation department, or who were employed at the facility prior to ownership by Equity. As such, attached as Exhibit "A" and "B," respectively, are a revised Notice and Consent to Join.

#### 1. Plaintiffs' Proposed Notice Contains Improper And Confusing Language And Terms.

##### a. Description Of The Proposed Class.

Plaintiffs' proposed description of the plaintiff class will confuse potential opt-in plaintiffs, and extends well beyond the

claims specified in the Amended Complaint. [Amended Complaint, Dkt No. 33, ¶ 26; Plaintiffs' Proposed Notice, Dkt. No. 40, Ex. A.]  In fact, the description of the class attempts to encompass any type of activity that plaintiffs may try to argue, in the face of the collective bargaining agreements that covered the plaintiff class during the entire period in question, constitute uncompensated compensable work.  Such a lengthy description of the proposed class will likely result in either confusing potential opt-in plaintiffs or cause them to ignore the description and opt-in (even if not appropriately within the plaintiff class) with individual claims which are not suited for class treatment.

A more concise and proper explanation of the opt-in plaintiff class and Notice was approved by the Court in <u>Aguilas v. Pilgrim's Pride Corp.</u>, No. 6V-06-J-1673 (N.D. Ala.).  [<u>See</u> Plaintiffs' Motion, Dkt. No. 40, Exhibit 3.]  Such a Notice should reference those individuals employed during the past three years at the Equity facility in First or Second Processing and paid hourly according to line time.  In fact, plaintiffs' proposed description includes activities that do not apply to Equity-Eufaula (<u>i.e</u>, "clearing security");[1] are not illegal under the FLSA and <u>IBP, Inc. v. Alvarez</u>, __ U.S. __, 126 S. Ct. 514 (2005); or apply to employees who are not paid on the basis of line time (and will cause confusion and result in assertion of

---

[1] Indeed, evidencing the lack of veracity of these Affidavits, the canned "Declarations" submitted with plaintiffs' Motion all suggest that plaintiffs had to "clear security" and had related walk time, even though there is no security to clear at the entrance to Equity's plant. [<u>See</u> Declarations at ¶ 6 (Exhibits 1 and 2 to Plaintiffs' Brief).]

-4-

many individual claims which are not appropriate in a collective action).

### b. The Number Of Opt-ins To Date Is Irrelevant And Improperly Included.

In the second bullet point in their proposed Notice, plaintiffs include the following statement:

> "To date, (322) other hourly paid 1st and 2nd processing production employees have consented to join the lawsuit as plaintiffs."

This statement does not inform any potential opt-in plaintiffs of the basis of the lawsuit or claims being asserted therein. Rather, this statement improperly suggests the validity of the underlying claim by referencing the number of plaintiffs who have joined. As such, this portion of plaintiffs' proposed notice should be stricken.

### c. The Fact That The Case Has Yet To Be Decided Is Not Clear In Plaintiffs' Proposed Notice.

Plaintiffs' proposed Notice does not make any mention that Equity has denied that it has done anything improper or failed to pay employees as required by law. This is especially critical given the existence of a collective bargaining agreement between Equity and the RWDSU that covers these potential opt-in plaintiffs and, among other things, delineates the methods through which the potential opt-in plaintiffs were to be paid at all times relevant to this lawsuit. As such, the Notice should include language that reflects the fact that Equity contests this action and believes it has acted in accordance with all legal and contractual requirements.

**d.    Other Concerns Related To The Notice.**

The third bullet point of the Notice should note that the recipients are being given the opportunity "so that they may be permitted to consider whether to 'opt-in'....," not simply that they are being provided the Notice so that they can opt-in.  In addition, on Page 2 of the Notice, the last sentence in the first box should be deleted, so as not to create the impression that individuals are losing something if they decline to opt-in.

Finally, Equity requests that it be allowed 30 days after approval of the form of Notice to provide a list of potential opt-in plaintiffs to counsel in a format agreeable to the parties.

**2.    Plaintiffs' Proposed Consent Form Should Be Refined So That There Is No Question That Consent Is Given For Purposes Of This Lawsuit Only.**

The Consent Form should include the caption of the case, thereby identifying this action and making it clear that the individuals are opting-in to this litigation.  Likewise, Paragraph 5 should read: "I hereby consent and agree to be a plaintiff in this lawsuit and to be bound by any decision in this lawsuit or by any settlement of this case."

Since this is a FLSA collective action (and not a Rule 23 class action) and Equity employs individuals only at this single location (the only one referenced in the Complaint), the next paragraph should read: "I understand that this suit may be brought as a collective action covering employees of Equity.  If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit."

**CONCLUSION.**

For these reasons, Equity Group Eufaula Division, LLC requests that the Court approve the revised Notice and Consent form, as attached to this Response on Exhibits "A" and "B" and, further, allow Equity Group Eufaula Division, LLC 30 days to produce the list of potential opt-in plaintiffs.

|  |  |
|---|---|
|  | /s/ Malcolm S. Gould |
|  | Howard A. Rosenthal |
|  | Gary D. Fry |
| **OF COUNSEL**: | Malcolm S. Gould |
| Pelino & Lentz, P.C. | Attorneys for Equity Group |
| One Liberty Place | Eufaula Division, LLC |
| Thirty-Second Floor |  |
| 1650 Market Street |  |
| Philadelphia, PA 19103 |  |
| (215)665-1540 |  |

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
   & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

```
           IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION
```

BETTY ANN BURKS, et al.,         :
                                 :
            Plaintiffs,          :
                                 :
       v.                        :     No. 2:06-CV-1081-MEF
                                 :
EQUITY GROUP EUFAULA             :
DIVISION LLC,                    :
                                 :
            Defendant.           :

## CERTIFICATE OF SERVICE

   The undersigned counsel for Equity Group Eufaula Division LLC hereby certifies that a true and correct copy of the Response to Plaintiffs' Motion for Class Notice in the above-captioned matter was filed electronically with the Clerk of Court on May 23, 2007 using the CM/ECF system, which will send notification of such filing to:

   Robert J. Camp
   M. John Steensland, III
   The Cochran Firm, P.C.
   505 North 20th Street, Suite 825
   Birmingham, AL  35203

   Robert Joseph Camp
   RCAMP@COCHRANFIRM.COM

   M. John Steensland , III
   parkman@graceba.net, jjsteensland@yahoo.com

   Richard Martin Adams
   parkman@graceba.net

   Samuel A. Cherry , Jr
   scherry@cochranfirm.com, samcherry@cochranfirm.com

   Joseph Davie Lane
   jlane@cochranfirm.com, jdavidlane@aol.com

   Bernard D Nomberg
   bnomberg@cochranfirm.com,

   James W. Parkman , III
   parkman@graceba.net

   Lance Harrison Swanner
   lanceswanner@cochranfirm.com

      William Calvin White, II
      parkman@graceba.net, wwhite@graceba.net

      Attorneys for Plaintiffs

        /s/ Malcolm S. Gould
        Howard A. Rosenthal
        Gary D. Fry
**OF COUNSEL**:      Malcolm S. Gould
Pelino & Lentz, P.C.   Attorneys for Equity Group
One Liberty Place    Eufaula Division, LLC
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
 & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION**

| | | |
|---|---|---|
| BETTY ANN BURKS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:06-CV-1081-MEF |
| | : | |
| EQUITY GROUP EUFAULA DIVISION LLC, | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF PENDING FAIR LABOR STANDARDS ACT LAWSUIT.**

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer. The Court Has Made No Finding as to the Merits of the Case at this Time*

IF YOU ARE OR WERE EMPLOYED, SINCE MARCH 12, 2004, AS AN HOURLY PAID 1ST OR 2ND PROCESSING PRODUCTION EMPLOYEE AT EQUITY GROUP EUFAULA DIVISION, LLC, IN BAKER HILL, ALABAMA, AND PAID ACCORDING TO "LINE TIME" OR "MASTER TIME," A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.

- BETTY ANN BURKS, et al., ("Plaintiffs"), current and former hourly paid production employees who were paid pursuant to "line time" or "master key time" while employed with EQUITY GROUP EUFAULA DIVISION, LLC ("EQUITY") have sued EQUITY in federal court alleging that EQUITY improperly failed to pay them for all hours worked and overtime hours worked in excess of forty (40) during their employment with EQUITY. As a result of these alleged practices, Plaintiffs maintain that they were unlawfully deprived of full and proper regular time and overtime compensation due to them under the FLSA. The case name is, *Betty Ann Burks, et al., v. Equity Group Eufaula Division, LLC*, CIVIL ACTION NUMBER: 2:06-cv-01081-MEF-DRB.

- Plaintiffs claim that they were paid on the basis of "line time" and not fully paid regular time or overtime for pre-production and post-production activities, including donning and doffing of protective and sanitary clothing and related washing/cleaning time, waiting time and walking time.

- The Court has permitted Plaintiffs to send Notice to all similarly situated current and former hourly paid 1st and 2nd processing production employees, paid under a "line time" or "master time" system, of Equity at any time within the past 3 years, so that they may be permitted to consider whether to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

- EQUITY contests the Plaintiffs' allegations in this lawsuit. EQUITY claims that it has acted in accordance with all legal and contractual requirements.

- The Court has not yet decided whether EQUITY has done anything wrong or whether this case will proceed to trial. There is no money available now and no guarantees that there will be. However, you have a choice to assert your legal rights in this case.

| YOUR LEGAL RIGHTS & OPTIONS | |
|---|---|
| **Do Nothing** | **Do Nothing, Lose Nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against EQUITY (within the applicable statute of limitations period) for allegedly unpaid regular and overtime compensation. |
| **Ask to Be Included** | **Complete Opt-in Consent Form.** By "opting in" you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue EQUITY for the same legal claims brought in this lawsuit. If you choose to "opt-in" to this lawsuit, you may be required to participate in depositions and/or provide written responses in support of your claims. |

Your options are included in this Notice to Opt-in. If you wish to join in the lawsuit, you must complete the Opt-in Consent Form and forward it to the attorneys designated in the Notice on or before _____, 2007. If you have any questions or concerns, please contact:

**ROBERT J. CAMP, Esquire**
**THE COCHRAN FIRM**
**505 North 20th Street, Suite 825**
**Birmingham, AL  35203**
**Tel: 1-800-THE-FIRM**
**Fax: 205-244-1171**
*Counsel for Plaintiffs*

**The law prohibits anyone from discriminating or retaliating against you for taking part in this case.  If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or having submitted the Notice of Consent, you may contact THE COCHRAN FIRM at the number provided above.**

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY ANN BURKS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:06-CV-1081-MEF |
| | : | |
| EQUITY GROUP EUFAULA DIVISION LLC, | : | |
| | : | |
| Defendant. | : | |

**CONSENT TO JOIN SUIT AS PARTY PLAINTIFF.**

TO:   CLERK OF THE COURT AND COUNSEL OF RECORD

_____ states the following:
         [Print Name]

1. I am over 18 years of age and competant to give the following consent in this matter.

2. I am currently, or was formerly, employed by _____
   [Employer]
   at the facility located in _____. I worked at this
                                           [City/State]
   location from _____ to _____.
                          [Date]                       [Date, or if still working write "present]

3. I understand that this suit is being brought to recover compensation for pre and post shift activities from my employer. I also understand that the lawsuit may seek recovery for unpaid time during my shift. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4. I believe I have not been paid for all compensable time which I have worked, including overtime.

5. I hereby consent and agree to be a plaintiff in this lawsuit and to be bound by any decision in this lawsuit or by any settlement of this case.

    I understand that this suit may be brought as a collective action covering employees of Equity. If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit.

    I swear or affirm that the foregoing Statements are true to the best of my knowledge.

    DATED the _____ day of _____, 2007


_____         _____
[PRINT NAME]                                              [SIGN NAME]