IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY ANN BURKS, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-1081 MEF |
| ) | |
| EQUITY GROUP EUFAULA ) | (WO) |
| DIVISION LLC, ) | |
| ) | |
| DEFENDANT. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (Doc # 40), filed May 10, 2007. This Court has carefully reviewed the evidence and arguments presented by the parties and finds that the Plaintiff's motion is due to be GRANTED.

The Plaintiffs in this case are current or former employees of Equity Group Eufaula Division ("Defendant") at the Eufaula/Baker Hill Alabama Slaughter Plant. Plaintiffs are suing the Defendant under the Fair Labor Standards Act of 1938 ("FLSA") seeking to recover unpaid wages or overtime compensation. *See* 29 U.S.C. § 216(b). Plaintiffs wishing to sue as a class under the FLSA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedure provided in Fed. R. Civ. P. 23. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 & n.2 (11th Cir. 2003) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001)).

In order for a court to authorize the named plaintiff to provide notice to potential class

members of the collective action, the plaintiff has the burden to show a "reasonable basis" for their claim that collective action status is appropriate. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). The plaintiff must satisfy a two-pronged test: (1) that there are other employees of the employer who wish to opt-in, and (2) that these employees are "similarly situated." *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Because this determination is necessarily made at the early stages of litigation and the court has minimal evidence, this determination is made using a fairly lenient standard. *Hipp*, 252 F.3d at 1218. Furthermore, in order to satisfy the "similarly situated" requirement, plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id.* at 1217. "The 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance). A unified policy, plan, or scheme . . . may not be required to satisfy the more liberal 'similarly situated' requirements of § 216(b)." *Id.* at 1219 (internal quotation marks and citations omitted).

Here, the Defendant does not oppose conditional certification of the class in order to allow the Plaintiffs to provide notice to potential class members. Moreover, the parties have already agreed on proposed notice and consent forms to be sent to these individuals. This Court has reviewed the record before it and finds that there is sufficient evidence of a reasonable basis to conditionally certify a class pursuant to 29 U.S.C. § 216(b). There is ample evidence in this case that other employees wish to opt-in to this case as Plaintiffs have

filed affidavits of 52 employees, and more than 180 current or former additional employees have filed notice of consent to join this suit since it was originally filed.

Furthermore, this Court finds that there is sufficient evidence that these employees are "similarly situated" for the purposes of conditional certification. The Plaintiffs seek to form a class of all Equity Group Eufaula Division Baker Hill Plant hourly 1st and 2nd processing production employees. The affidavits submitted by the Plaintiffs establish that these employees were all subject to the same compensation policies that are the subject of this suit. Specifically, the Plaintiffs claim that these employees were not compensated for alleged work-related activities including donning/doffing protective equipment, cleaning and sanitizing, and other activities. Consequently, the potential class of Plaintiffs all worked at the same plant, were subject to the same compensation system, with the same or similar job duties, and they seek damages for the same injuries under the same legal theory. Under these circumstances, conditional certification is appropriate. *See Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) (Albritton, J.) ("[P]laintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1346-51 (N.D. Ga. 2002) (granting certification where "Plaintiffs have made substantial allegations, supported by evidence, that Defendant failed to comply with the FLSA by failing to pay overtime compensation to non-exempt employees on a class-wide basis.").

For the foregoing reasons, it is hereby ORDERED that:

(1) Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (Doc # 40) is GRANTED, with respect to a class of all hourly paid 1st or 2nd processing production employees who have worked at Equity Group Eufaula Division, LLC, in Baker Hill, Alabama since March 12, 2004.

(2) The Defendant is ORDERED to furnish Plaintiffs with the names and addresses of all members of the conditionally certified class within 30 days from the date this order is entered.

(3) The proposed Notice of Pending Fair Labor Standards Act Lawsuit and Consent to Join Suit as Party Plaintiff, attached as Exhibits A and B to Docket # 45 are APPROVED and may be sent to the members of the conditionally certified class.

(4) Plaintiffs are hereby required to file all Consents to Join Suit as Party Plaintiff in this lawsuit on or before May 1, 2008.

DONE this 24th day of October, 2007.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE