IN THE
UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| BETTY ANN BURKS, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:06-cv-1081-MEF |
| EQUITY GROUP EUFAULA DIVISION, LLC, | ) | |
| Defendant. | ) | |

## MOTION FOR PROTECTIVE ORDER

Plaintiffs move for a protective order from 60 depositions scheduled to be taken during just three days — May 20, 21, 22, 2008.   As grounds, plaintiffs state the following:

1.     Defendant gave just 15 days notice setting 60 depositions to occur simultaneously during just three days — May 20, 21, 22, 2008. Notice was first given May 5, 2008 via facsimile.

2.     It is impossible for plaintiffs to be prepared to take 60 depositions during just three days and with only 15 days notice.

3.     Defendant has refused to move such depositions to a more reasonable schedule because it has a May 30, 2008 deadline for summary judgment.

1

4.     The defendant should not have delayed its depositions for the past year until the eve of its May 30th deadline for filing a summary judgment motion. Such delay is not a valid reason for refusing to cooperate in setting a reasonable schedule for taking depositions. Sixty depositions in three days is not reasonable or even possible. *See e.g. Harry A. v. Duncan,* 223 F.R.D. 536, 538-539 (D. Montana 2004) ("Rule 30(b)(1) states that a party desiring to take a deposition shall give reasonable notice to the other parties. It is difficult to conceive how a party can adequately prepare for 85 depositions within two weeks."); *Mims v. Central Mfrs. Mut. Ins. Co.,* 178 F.2d 56 (5th Cir.1949) (holding that defendant's notice of its intention to take 15 depositions on one day in various cities was not reasonable).

5.     The summary judgment deadline of May 30, 2008 was set more than a year ago on March 13, 2007 (Doc.32, §2), but little or no effort to depose any of the plaintiffs was ever made during the year since then. Defendant has known about the named plaintiffs' and many of the opt-in plaintiffs' claims since they were filed in late 2006 and early-to-mid 2007. *See* Doc. nos. 1, 10, 11, 12, 17, 29, 33, 36, 37, 41, 44, 46. Consents to join in this action were filed on December 5, 2006, January 25-26, 2007, February 20, 2007, March 6, 2007, March 12, 2007, March 30, 2007, April 3, 2007, May 16, 2007, May 30, 2007 and June 14, 2007. *Id.*

6.     Each plaintiff to be deposed has the right to have sufficient time to meet

with counsel to review documents, refresh their recollection, and otherwise prepare for their sworn testimony with the advice and assistance of counsel. Sixty depositions in three days makes that impossible. Defendant has absolutely no right to interfere with orderly preparation in this way. Each of the 60 deponents will be severely prejudiced if required to attend depositions set at the last minute and compressed into a three day schedule that makes preparation impossible.

7.    Plaintiffs' counsel, Robert Camp, notified the defendant on May 7, 2008 that he had been on leave since April 18, 2008 because of the birth of his first child, that his schedule was not open on the dates defense counsel chose, that he was in the process of bringing new counsel into the case to assist with the prosecution of the plaintiffs' claims, and that he would need more notice than two weeks to be available and prepared to take so many depositions. *See* attached letter from plaintiffs' counsel to defendant's counsel. On May 12, 2008 and again on May 15, 2008, Mr. Camp again communicated with defense counsel asking that a more reasonable schedule be agreed upon in light of the appearance of new counsel. All such efforts to resolve the current dispute have failed. Further efforts to resolve such dispute would be futile.

WHEREFORE, plaintiffs request entry of a protective order quashing the existing deposition notices for May 20-22, 2008 and prohibiting any further deposition notices until the parties have compared their schedules and agreed upon mutually

convenient dates in June and July for defendant to take no more than three depositions per day and twelve depositions per week for a total of sixty depositions.

Respectfully submitted,

s/Robert L. Wiggins, Jr.
Robert L. Wiggins, Jr., ASB-1754-G-63R
Candis A. McGowan, ASB-9358-036C
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205/314-0500, 205-254-1500 (Facsimile)

Robert Joseph Camp
The Cochran Firm - Birmingham
The Financial Center
505 North 20th Street, Suite 825
Birmingham, Alabama 35203
205/244-1115, Fax: 205/244-1171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

This 16th day of May, 2008.

s/Robert L. Wiggins, Jr.
**OF COUNSEL**

4

# THE COCHRAN FIRM

## BIRMINGHAM

505 NORTH 20TH STREET • SUITE 825 • BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 244-1115 • FAX: (205) 244-1171
WWW.COCHRANFIRM.COM

May 7, 2008

**VIA U.S. MAIL & EMAIL**
Malcolm Gould
Pelino & Lentz
One Liberty Place
Thirty Second Floor
1650 Market Street
Philadelphia, PA  19103-7393

**RE:  Objection to Notice of Deposition**

Dear Malcolm,

I am in receipt of your facsimile letter dated May 5, 2008.  I apologize for not responding to your email.  My wife and I had our first child April 17th and I took some time off following his birth.  I am just now getting back into the office full time and caught up on issues arising in my absence.  This letter constitutes our objection to the depositions dates proposed, I have a personal conflict and co-counsel in this matter has professional conflicts and are out of state.

Plaintiffs also object to your request to hold 100 depositions over a 3 day period, regardless of the dates.  Quite obviously these "speed" depositions prejudice clients in that it is impossible to properly prepare plaintiffs in such numbers for their depositions over such a short period of time.  I would also like to discuss the possibility of holding depositions on the weekend in order to avoid causing plaintiffs a loss in wages.

Furthermore, it is premature to conduct discovery without first having discussions in an attempt to eliminate individuals which you contend fall outside the class.  For example, you have not provided me a list of individuals you contend may be outside the SOL, in bankruptcy, unidentifiable, solely employed by your client's predecessor, Charoen Pokphand, employed at the cook facility or working in positions such as maintenance or sanitation and paid punch to punch or sunshine pay.  A thorough scrubbing of the current named plaintiffs and opt-ins will eliminate unnecessary discovery related to those individuals.  This kind of dialogue has been expected by the Court in each of my other poultry cases.

Lastly, I have had several meetings with Bob Wiggins and Candace McGowan at Wiggins, Childs, Quinn, & Pantazis, P.C., regarding their future association with this case.  I am sure you are familiar with Bob from the *Cagles/Anderson* case and Candace

ATLANTA • CHICAGO • DALLAS • DOTHAN • HUNTSVILLE • JACKSON • LAS VEGAS • LOS ANGELES
MEMPHIS • MIAMI • MOBILE • NEW ORLEANS • NEW YORK • ST. LOUIS • TUSKEGEE • WASHINGTON D.C.

as she successfully tried the two donning and doffing Tyson cases here in the Northern District of Alabama. Per our prior discussions, your client may be interested in resolving this litigation if a reasonable settlement can be reached. You had stated that Wiggins Childs was unreasonable in their demands in the *Anderson* case which ultimately prevented a successful resolution. I believe it is in everyone's best interest to try to resolve this matter before undertaking the costly discovery you propose and associating Wiggins Childs. It is very easy for Plaintiffs and Defense Counsels' fees to far exceed the actual value of the case, as was the case in the Gold n' Plump litigation that settled recently. I think we both owe it to our clients to consider this fact before running legal bills through the roof. Furthermore, quite obviously, if Wiggins Childs joins as co-counsel the chances of settlement are significantly reduced. I have informed Judge Fuller's clerk we feel early resolution is appropriate and are interested in pursuing mediation. Thus, I suggest we request a stay in the litigation in order to attempt resolution.

I look forward to hearing from you soon. Please email me several dates you are available for a conference call to discuss this in more detail.

Very truly yours

Robert J. Camp