IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA – NORTHERN DIVISION

BETTY ANN BURKS, <u>et</u> al.,    :
    :
        Plaintiffs,    :
    :
        v.    :    No. 2:06-CV-1081-MEF
    :
EQUITY GROUP EUFAULA    :
DIVISION, LLC,    :
    :
        Defendant.    :

## <u>RESPONSE TO MOTION FOR PROTECTIVE ORDER.</u>

Pursuant to a Notice of Deposition dated May 5, 2008, Equity Group-Eufaula Division, LLC ("Equity"), scheduled the depositions of approximately 60 named or opt-in plaintiffs, a small portion of the more than 700 plaintiffs in this purported collective action for back wages under the Fair Labor Standards Act, for May 20-22, 2008.[1] Plaintiffs, on the Friday afternoon before those depositions, filed a Motion for Protective Order seeking, effectively, to prevent the depositions of any plaintiffs prior

---

[1] These depositions would focus on the individualized efforts by plaintiffs in donning and doffing their work clothing in order to defend these allegations, as well as confirm the lack of veracity of many of the allegations (a) in the Amended Complaint concerning plaintiffs' claimed work activities; (b) in the Affidavits attached to the Motion for Class Notice, including individual claims of retaliation by Equity and efforts to prevent plaintiffs from electing to opt in to this case; and (c) in the opt-in notices filed by many of these plaintiffs with third-party changes or clear indications of a lack of connection to Equity at all. These depositions also would form the basis for the filing of a Motion to Decertify the Collective Action if appropriate given the lack of any cohesive grouping of purported employees. As the bar date for filing "opt-in" notices was set by the Court as of May 1, 2008, and in an effort to avoid unnecessary duplication of efforts and costs, Equity sought those depositions as near to that date as possible, with the dispositive motion date pending also. In fact, notices of additional opt-in plaintiffs were filed on April 23, 24, 28, 29 and 30, and May 1, 2008.

to the May 30 dispositive motion deadline.  As discussed below, plaintiffs have failed to make the particular and specific demonstration required for the granting of their motion.[2]

When the Notice of Depositions was sent out May 5, 2008, as referenced in the cover letter, the dates were selected because plaintiff's counsel <u>failed to respond</u> to a request on April 23, 2008, the same day that the Court denied the parties' joint Motion to Stay the litigation pending the determination of certiorari petitions in three related cases before the United States Supreme Court, for deposition dates that were mutually convenient.  [<u>See</u> Exhibit "A" -- Notice of Depositions with transmitting cover letter.]  The <u>full</u> chronology leading up to these depositions is relevant in evaluating the noticed depositions and <u>plaintiffs' delay</u> in filing a Motion for a Protective Order until the eve of the depositions.

On <u>March 25, 2008</u>, counsel for defendant sent an e-mail to plaintiffs' counsel indicating that they were planning to notice approximately 100 depositions in April.  [<u>See</u> Exhibit "B."]  In response to plaintiffs' counsel suggestion that the number of depositions sought was unreasonable, despite the substantial number of plaintiffs and issues raised in the Amended Complaint and Notice of Class Certification, Equity raised the possibility of seeking a stay of the litigation given three separate pending Petitions for Certiorari before the Supreme Court on donning and

---

[2]Equity also noticed a third-party deposition for Friday, May 23, 2008 and subpoenaed the witness for that deposition. Plaintiffs have not included that deposition within the current Motion for a Protective Order.

doffing issues, including the petition relating to <u>Anderson v. Cagle's Inc.</u>, 488 F.3d 945 (11th Cir. 2007), indicating that "We believe that rulings in these cases could narrow the scope of necessary discovery (thus saving both of our firms time and expenses)." [<u>See</u> Exhibit "B."]

On <u>March 28, 2008</u>, plaintiffs' counsel responded, suggesting a 120 day stay, but raised no issue with the scope of depositions requested. [<u>See</u> Exhibit "C."] The parties agreed to defer scheduling depositions given the Motion to Stay. Thus, plaintiffs' claim of delay by Equity is disingenuous, as the scheduling of depositions was deferred by agreement of counsel. Implicit in this agreement was the understanding that discovery would have to be completed if the Joint Motion for Stay was denied, before the May 30 dispositive motion deadline.

On <u>April 10, 2008</u>, the parties' Joint Motion to Stay was filed. [<u>See</u> Docket No. 63.] On <u>April 23, 2008</u>, the Court denied the Joint Motion for Stay. [<u>See</u> Dkt. No. 64.] Following receipt of that Order, on <u>April 23, 2008</u>, counsel for Equity sent an e-mail to plaintiffs' counsel:

> "Given the Court's decision on the Motion to Stay, can you let me know what dates plaintiffs' counsel are available for depositions during the weeks of May 5, 12 and 19. We would like to do two sets of depositions simultaneously (i.e., two rooms with plaintiff depositions going on at the same time).
>
> "Doing the depositions this way, I believe that we would need 3 days, preferably consecutive.
>
> "Based on past experience, I suggest that we provide a list of plaintiffs that we wish to depose and plaintiffs' counsel can coordinate

-3-

the dates and times when each plaintiff will appear based on their availability." [See Exhibit "D."][3]

The deadline for filing consents to join was May 1, 2008. As such, Equity could not know the identity of all of the opt-in plaintiffs until that date.

On May 5, 2008, after having received no response from plaintiffs' counsel for 12 days, the Notice of Depositions was served, noticing 60 depositions but fully recognizing that, based on past experience a significant number of those individuals would not appear. On May 7, 2008, counsel for plaintiff sent his letter objecting to the depositions in a letter that:

    a.    Provided no alternate suggested dates and or suggested parameters of the depositions (i.e., fewer deponents);

    b.    Provided no actual specific identification of the reason for the unavailability of the army of counsel of record for plaintiffs (who numbered 10 at the time the Notice was provided);

    c.    Suggested that extensive discovery was "premature" (which flies in the face of plaintiffs' claim in this Motion that discovery was unduly delayed);

    d.    For the first time, indicated that, after a year and less than a month before the dispositive motion deadline, new counsel will be replacing most of the counsel of record since the inception of this litigation.

    e.    Suggested seeking a stay of the litigation even though the Court has just denied a Motion to Stay the litigation.[4]

_____

[3]Counsel for Equity, in Anderson and other earlier cases, had scheduled depositions in the same manner without any objection from counsel for those plaintiffs, including, as noted infra, named counsel on this Motion for Protective Order.

[4]Plaintiffs' proffered excuse for ignoring the previous request for deposition dates -- the birth of his child -- skirts the issue of whether Mr. Camp, or anyone on his behalf, was actually reviewing his correspondence or e-mails or handling
(continued...)

-4-

On <u>May 8, 2008</u>, counsel for defendant responded to the May 7 letter [<u>see</u> Exhibit "E"], indicating, given the issues in this case and the current deadline for filing dispositive Motions, that the depositions are necessary.  Nonetheless, counsel <u>agreed to postpone</u> the depositions if the Court deferred the deadline for the filing of dispositive motions:

> "We are agreeable to a <u>brief</u> adjournment of the scheduled depositions provided that the Court, on your Motion, modifies the current pre-trial schedule which defers the deadline for the filing of dispositive motions to a reasonable period after the rescheduled depositions.  Even if the Court enters a new Pretrial Scheduling Order, we insist on rescheduling the depositions to specific agreed dates in the near future to avoid any further scheduling issues." [<u>Id</u>.]

On <u>May 13, 2008</u>, counsel for Equity, in a conversation with Mr. Camp, confirmed that Equity would be agreeable to a brief adjournment of the scheduled depositions provided the Court modified the deadline for the filing of dispositive motions.

On <u>May 15, 2008</u>, counsel for plaintiffs forwarded e-mails indicating that they "will move for a protective order <u>and an enlargement related to the deadlines</u>," going so far as to ask for suggested amounts of time for the request.  [<u>See</u> Exhibit "F" -- e-mails between counsel on May 15, 2008.]  In fact, Mr. Camp advised counsel for Equity that "we will send you a copy [of the

_____

[4](...continued)
work.  Indeed, during the time between April 23 and May 5, <u>Mr. Camp filed pleadings in this case bearing his signature</u> on April 23, 24, 28, 29, 30 and May 1.  [<u>See</u> Dkt. Nos. 65-71.]  Moreover, there were numerous attorneys representing plaintiffs in this case, either affiliated with The Cochran Firm or with other firms.  After the Notice of Depositions was served, plaintiffs' counsel began a mass exodus from representation in the case, and, less than a month before the dispositive motion deadline, new counsel appeared.  [<u>See</u> Dkt. Nos. 72-76.]

motion seeking an enlargement of time related to the deadlines]
for your review prior to filing.  [Id.]  Plaintiffs' new counsel,
Candis McGowen, also informed us:

> "In the motion for enlargement of time, I was
> going to ask the Court to extend all
> remaining deadlines in the Scheduling Order
> by at least 60 days.  Do you guys agree with
> this amount of time or do you have another
> suggestion on the amount of time?"  [Id.]

Not only did counsel for Equity agree to the proposed 60 day
extension, but also we suggested that the parties request a
conference with the Court to resolve this scheduling issue in the
interest of time.  Clearly, counsel for defendant was agreeable
to modifying the deposition schedule in those circumstances --
specifically noting that, if the deadline was extended, "there is
no need for a Protective Order" and the time and expense of such
a Motion could be avoided.  [Exhibit "G" -- e-mail to Robert Camp
dated May 15, 2008.]

Unfortunately, until the filing of the Motion for Protective
Order, plaintiffs elected not to respond to Equity, or any of its
suggestions.  Since plaintiffs' current Motion contains no
enlargement of time request, as they twice indicated would be
filed, plaintiffs apparently decided to strategically object to
the depositions so that they could not be used in connection with
Equity's dispositive motion.

Likewise, it is not "impossible" for plaintiffs to prepare
for the noticed deponents.  Indeed, in Anderson v. Cagle's Inc.,
the Wiggins Childs firm (which now is representing plaintiffs and
filed this Motion) agreed to a virtually identical deposition
process, for a larger number of deponents (92), on virtually
identical advance notice (3 weeks).  [See Exhibit "H" -- Notice

-6-

of Deposition from <u>Anderson v. Cagle's Inc.</u>][5]  For plaintiffs to
now claim that such a procedure is impossible is both false and
disingenuous.

Likewise, plaintiffs' Motion fails to note what, if any,
efforts, plaintiffs' counsel made to attempt to coordinate the
depositions to support its claims of impossibility.  There is no
statement that efforts were made to contact the deponents.  There
is no statement made that deponents were not available.  Indeed,
there are no efforts from plaintiffs to do anything other than
ignore a request for convenient deposition dates and then, after
the depositions are noticed, provide a blanket refusal to produce
any deponents, any suggested non-objectionable procedure or
alternate dates.  Instead, despite knowing Equity's position no
later than May 8, plaintiffs nonetheless waited until Friday
afternoon before Tuesday morning depositions to file their
Motion.

The Federal Rules of Civil Procedure allow discovery of any
relevant, non-privileged material that is admissible or
reasonably calculated to lead to admissible evidence.  Fed. R.
Civ. P. 26(b)(1).  The overall purpose of discovery under the
Federal Rules is to require the disclosure of all relevant
information so that the ultimate resolution of disputed issues in
any civil action may be based on a full and accurate
understanding of the true facts, and therefore embody a fair and
just result.  See <u>United States v. Procter & Gamble Co.</u>, 356 U.S.

---

[5]In that case, counsel for defendants agreed to allow
counsel for plaintiffs (same as here) to meet with each witness
before the individual depositions, as well as to modify times
consistent with the employees' schedules.

677, 682, 78 S.Ct. 983 (1958).  The court may limit discovery by entry of a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c).  "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' <u>the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule</u>." <u>Farnsworth v. Procter & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985)(citations omitted, emphasis added).  The burden is upon the movant to show that issuance of a protective order is necessary, which requires a "<u>particular and specific</u> demonstration of fact as distinguished from stereotyped and conclusory statements." <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)(citations omitted).

In fact, in <u>Renfro v. Spartan Computer Services, Inc.</u>, 2008 U.S.Dist.LEXIS 13194 (D.Kansas, February 19, 2008), aff'd by District Court, 2008 U.S.Dist.LEXIS 24269 (D.Kansas, March 26, 2008),[6] the Court allowed depositions of 27 opt-in plaintiffs (out of a total of 129 named and opt-in plaintiffs), where no "undue burden" was demonstrated "from the perspective of an individual plaintiff." <u>Id.</u> at *4.  Noting (as in this case) that each plaintiff had consented to participate in the litigation, the Court held:

> "In <u>Williams v. Sprint/United Management Company</u>, this Court allowed the defendant to depose additional plaintiffs in a similar collective action, despite the fact that it

---

[6]A copy of this decision and the related District Court decision is attached as Exhibit "I."

had already deposed more than 300 opt-in
plaintiffs.  Addressing the plaintiffs'
arguments that the additional depositions
would be 'cumulative,' this Court recognized
that '[i]n such circumstances, defendant has
the right to depose these individuals --
individuals who are plaintiffs in this action
and are seeking damages from defendant....'

"For these reasons, the Court finds it is
appropriate to consider the burden imposed on
each individual plaintiff when determining
whether undue burden exists.  Here,
Plaintiffs fail to meet their burden of
showing particularized facts in support of
undue burden.  Each plaintiff filed a
consent, which put them on notice that they
might be expected to comply with discovery
requests. Plaintiffs cannot now rely on
conclusory statements that such requests are
unduly burdensome to avoid such compliance."
Id. at *6-7 (footnotes omitted).

Under these standards, the Motion for a Protective Order

should be denied as (1) plaintiffs were aware of the potential

scheduling issues when they agreed to file the Joint Motion to

Stay; (2) the Opt-in period only closed on May 1, 2008; (3)

plaintiffs refused to respond to a request for convenient

deposition dates; and (4) plaintiffs' counsel has actually

conducted depositions in an identical case, with an identical

deposition procedure, and a similar amount of deponents and

advance notice.  Plaintiffs have not made a specific showing of

why they or the noticed deponents cannot attend or be prepared

for their depositions, especially as plaintiffs' counsel actually

did so in nearly identical circumstances.  Indeed, there are

three attorneys identified on the Motion for Protective Order but

there is no indication of any scheduling conflicts (except the

blanket statement by Mr. Camp of his alleged conflict on all of

the proposed dates).  The "appearance of new counsel" [Motion for

Protective Order, 3] should not be a basis for "a more reasonable

schedule", without recognition of the long established deadlines for the close of the opt-in period and the dispositive motion deadline.

Plaintiffs have waited until the eve of the depositions to seek a Protective Order, despite knowing Equity's position for at least week, and after informing counsel for Equity that they would seek an enlargement of the schedule. Conversely, Equity will be prejudiced by not being able to take these depositions prior to the dispositive motion deadline of May 30, 2008, especially in light of plaintiffs' failure to respond to its request for deposition dates. Moreover, there is no basis for suggesting any limit on the number of depositions per day or per week, especially as it is not anticipated that these depositions will take more than approximately 1 to 1-1/2 hours each (as past experience dictates) and the proposed schedule would simply increase the costs of this litigation enormously.

Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
    Attorneys for Equity Group
    Eufaula Division, LLC

**OF COUNSEL:**
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
    & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834
(334)687-5834

EXHIBIT "A"

MARTIN R. LENTZ
SALVATORE M. DeBUNDA
BARRY H. FRANK
HOWARD L. GLEIT
KENNETH J. LEVIN
LOUIS J. SINATRA
ALAN R. GORDON
KENNETH E. AHL
HOWARD A. ROSENTHAL
JAY S. RUDER*
MARTHA R. HURT
GARY D. FRY*
EDWARD L. CIEMNIECKI*
PAUL R. FITZMAURICE*
JILL M. BELLAK
WAYNE STREIBICH*
PATRICK J. DORAN*
NANCY L. WASCH
ROBERTA A. BARSOTTI
MICHAEL D. ALLEN
JAMES T. ASALI*
MALCOLM S. GOULD*
KEVIN C. RAKOWSKI*
LISA ANNE SABATINO*
JONATHAN K. MOORE*
NANCY G. BURDINE*
LAURA B. ALBERT*
CHRISTOPHER L. McDONALD*

*ALSO MEMBER NJ BAR

LAW OFFICES

# PELINO & LENTZ

A PENNSYLVANIA PROFESSIONAL CORPORATION

ONE LIBERTY PLACE

THIRTY-SECOND FLOOR

1650 MARKET STREET

PHILADELPHIA, PA 19103-7393

215-665-1540

FAX 215-665-1536

May 5, 2008

JOHN W. PELINO
(1932-2007)

OF COUNSEL
JOHN J. TAYLOR

HENRY W. MAXMIN
(1914-1990)

DIRECT DIAL (215) 246-3165
e-mail: msgould@pelino.com
website: www.pelino.com

6328.23.028

**VIA FACSIMILE AND U.S. MAIL**
Robert J. Camp, Esquire
The Cochran Firm, P.C.
505 North 20th Street, Suite 825
Birmingham, AL 35203

   Re: **Burks, et al., v. Equity Group Eufaula Division; LLC;**
     **Civil Action No. 2:06-CV-1081-MEF (United States**
     **District Court for the Middle District of Alabama)**

Dear Robert:

   I have enclosed a Notice of Deposition for a group of the
opt-in plaintiffs.  Since I have not received a response to my e-
mail of April 23, 2008, we have noticed the depositions for May
20, 21, and 22, 2008.

   While there are specific dates and times listed for the
depositions, we are willing to alter the schedule based upon the
plaintiffs' availability and will consent to moving the
depositions around within the dates and times for which they are
noticed.

       Very truly yours,

       Malcolm Gould

encl.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

BETTY ANN BURKS, et al.,          :
                                  :
              Plaintiffs,         :
                                  :
         v.                       :    No. 2:06-CV-1081-MEF
                                  :
EQUITY GROUP EUFAULA              :
DIVISION, LLC,                    :
                                  :
              Defendant.          :

### NOTICE OF DEPOSITIONS

TO:  Robert J. Camp, Esquire
     The Cochran Firm, P.C.
     505 North 20th Street, Suite 825
     Birmingham, AL  35203

     PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b) of the
Federal Rules of Civil Procedure, defendant will take the
depositions of the opt-in plaintiffs noted on the attached
Schedule of Depositions on May 20, 21 and 22, 2008, on the dates
and times indicated therein.  The depositions will take place at
the offices of Williams, Pothoff, Williams & Smith, LLC, 125
South Orange Avenue, Eufaula, Alabama, and will proceed in two
separate rooms with two depositions taking place simultaneously.
The depositions will be conducted before a person duly authorized
to administer oaths, and will continue from day to day until
completed.

                              _____
                              Howard A. Rosenthal
                              Gary D. Fry
                              Malcolm S. Gould
**OF COUNSEL**:                   Attorneys for Equity Group
Pelino & Lentz, P.C.            Eufaula Division, LLC
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
    & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

## SCHEDULE OF DEPOSITIONS.

The depositions of the following opt-in plaintiffs are noticed for the following dates and times:

| NAME | DATE | TIME |
|---|---|---|
| Allen, Mary Lee | May 20, 2008 | 9 AM |
| Avery, Virginia | May 20, 2008 | 9 AM |
| Bedell, James C. | May 20, 2008 | 10 AM |
| Blackmon, Dorothy A. | May 20, 2008 | 10 AM |
| Blackmon, Willie Mae | May 20, 2008 | 11 AM |
| Burks, Betty Ann | May 20, 2008 | 11 AM |
| Burks, Pearline | May 20, 2008 | 12 PM |
| Corbitt, Latoya | May 20, 2008 | 12 PM |
| Culver, Anthony T. | May 20, 2008 | 1 PM |
| Ferguson, Chandra L. | May 20, 2008 | 1 PM |
| Ford, Kenneth | May 20, 2008 | 2 PM |
| Foster, Salintha | May 20, 2008 | 2 PM |
| Hanks, Brian | May 20, 2008 | 3 PM |
| Hicks, Larry | May 20, 2008 | 3 PM |
| Ivery, Annie | May 20, 2008 | 4 PM |
| Jackson, Andre | May 20, 2008 | 4 PM |
| Jackson, Johnny L. | May 20, 2008 | 5 PM |
| Jackson, Terrance | May 20, 2008 | 5 PM |
| Jones, Patricia | May 20, 2008 | 6 PM |
| Kennedy, Arleen | May 20, 2008 | 6 PM |
| Kennedy, Shirley | May 21, 2008 | 9 AM |
| Kennedy, Tracy L. | May 21, 2008 | 9 AM |
| Kincey, Steven L. | May 21, 2008 | 10 AM |
| Lampley, Evelyn | May 21, 2008 | 10 AM |
| Lampley, Serenda | May 21, 2008 | 11 AM |
| Laseter, Emily | May 21, 2008 | 11 AM |
| Laseter, Felicia | May 21, 2008 | 12 PM |
| Laster, Christopher | May 21, 2008 | 12 PM |
| McKinnon, Anthony | May 21, 2008 | 1 PM |
| McNair, Dorothy A. | May 21, 2008 | 1 PM |

| NAME | DATE | TIME |
|------|------|------|
| Merrill, Renna | May 21, 2008 | 2 PM |
| Moore, Shakeria L. | May 21, 2008 | 2 PM |
| Morris, Ebone | May 21, 2008 | 3 PM |
| Mulkey, Dorothy | May 21, 2008 | 3 PM |
| Reeves, Coretta Y. | May 21, 2008 | 4 PM |
| Rice, Marcus Terrell | May 21, 2008 | 4 PM |
| Richardson, Calvin F., Jr. | May 21, 2008 | 5 PM |
| Richardson, Denise | May 21, 2008 | 5 PM |
| Robinson, Laurie J. | May 21, 2008 | 6 PM |
| Robinson, Margaret | May 21, 2008 | 6 PM |
| Robinson, Michael | May 22, 2008 | 9 AM |
| Sanders, Doris | May 22, 2008 | 9 AM |
| Scovil, Adrain | May 22, 2008 | 10 AM |
| Shabazz, Samual A. | May 22, 2008 | 10 AM |
| Shaw, Rose D. | May 22, 2008 | 11 AM |
| Shorter, Rebecca H. | May 22, 2008 | 11 AM |
| Shorter, Vivian Y. | May 22, 2008 | 12 PM |
| Sinquefield, Gregory L. | May 22, 2008 | 12 PM |
| Spann, Kendrick Lanan | May 22, 2008 | 1 PM |
| Starling, Tiffany | May 22, 2008 | 1 PM |
| Streeter, Anthony | May 22, 2008 | 2 PM |
| Tennille, Terrance T. | May 22, 2008 | 2 PM |
| Thomas, Larry, Jr. | May 22, 2008 | 3 PM |
| Turner, Dorsel | May 22, 2008 | 3 PM |
| Warren, Lakeshia E. | May 22, 2008 | 4 PM |
| Whigham, John A. | May 22, 2008 | 4 PM |
| Whigham, Patricia | May 22, 2008 | 5 PM |
| White, Wendy | May 22, 2008 | 5 PM |
| Williams, Albert L., Jr. | May 22, 2008 | 6 PM |
| Williams, Vernie | May 22, 2008 | 6 PM |

 <u>Alternate deponents</u> -- In the event that the above listed deponents will not attend, plaintiffs may substitute deponents from the following list:

| NAME |
| --- |
| Cunningham, Tiffany |
| Darby, Barbara Ann |
| Delbridge, Laurie T. |
| DeVose, Cherry A. |
| Favors, Katrina |
| Foster, Shervonne |
| Fuller, Renata |
| Glenn, Tangela D. |
| Glover-Patrick, Annie |
| Gosha, Thomas |
| Green Alfonza Sr. |
| Gullette, Gloria |
| Hamilton, Jimmy |
| Jacobs, Molinda J. |
| Johnson, Annie R. |
| Johnson, Cedric D. |
| Johnson, Derinda |
| Johnson, Jennifer T. |
| Jones, Bessie |
| Jones, Lottie |
| Lewis, Eddie |
| Lightner-Slater, Brenda |
| Lohman, Margie B. |
| Mahone, Atravous |
| March, Anthony B. |
| March, Mary |
| Marshall, Elethia |
| McCall, Monroe |
| McCloud, Dianne |
| McCrae, Gertha R. |

| |
|---|
| Newman, Tony |
| Oliver, Krista R. |
| Paige, Andre |
| Parham, Jennifer |
| Parham, Juanita Jones |
| Parker, Valerie Elaine |
| Pearson, Antonio L. |
| Person, Marquita |
| Phillips, Benjamin |
| Posey, Johnnie Mae |
| Thompkins, Shemiece |
| Thompson, Lillian |
| Thornton, Shereekia Va'Lenta |
| Tolbert, Courtney J. |
| Turner, Carolyn Ann |
| Warren, Tarshekia |
| Young, Betty J. |
| Young, Chandra |
| Young, Santinia |
| Whigham, Dornal |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

```
BETTY ANN BURKS, et al.,          :
                                  :
              Plaintiffs,         :
                                  :
         v.                       :      No. 2:06-CV-1081-MEF
                                  :
EQUITY GROUP EUFAULA              :
DIVISION LLC,                     :
                                  :
              Defendant.          :
```

## CERTIFICATE OF SERVICE

The undersigned counsel for Equity Group Eufaula Division LLC hereby certifies that a true and correct copy of the First Interrogatories in the above-captioned matter were served via facsimile and United States Mail, First Class postage prepaid, on May 5, 2008, upon counsel for plaintiffs addressed as follows:

> Robert J. Camp
> M. John Steensland, III
> The Cochran Firm, P.C.
> 505 North 20th Street, Suite 825
> Birmingham, AL  35203

> Attorneys for Plaintiffs

Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
     Attorneys for Equity Group
     Eufaula Division, LLC

**OF COUNSEL:**
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
   & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

EXHIBIT "B"

| From: | Malcolm Gould |
|---|---|
| To: | RCAMP@COCHRANFIRM.COM |
| Date: | 3/25/2008 12:44 PM |
| Subject: | Burks v. Equity Group- Eufaula Division |

I wanted to discuss discovery in this case.  We are planning to begin noticing depositions of plaintiffs for April (we are planning to notice approximately 100 depositions).

In reviewing the Court's scheduling Order and the status of the cases currently seeking certiorari before the Supreme Court -- Anderson v. Cagle Foods JV LLC; DeAscensio v. Tyson; and, Gorman v. Con Ed -- we think that, rather than conducting extensive discovery without more certainty as to the standards that will apply to case, that the case should be put in suspense pending a determination of the petitions.  We took a similar step in the Brown v. Cagle Foods JV, LLC (M.D.Ga.) case (in which your co-counsel, Mr. Celler, is lead counsel).  We believe that rulings in these cases could narrow the scope of necessary discovery (thus saving both of our firms time and expenses).

If you could call me to discuss this suggestion, I would appreciate it.  I called you this morning, but no voice mail picked up the call.  I will be in the office for the rest of the week with the exception of tomorrow morning.

Malcolm


Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email:  msgould@pelino.com
Website:  www.pelino.com


CONFIDENTIALITY NOTICE:  This e-mail message is intended only for the personal use of the recipient(s) named above.  This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT "C"

| | |
|---|---|
| **From:** | "Robert Camp" <RCamp@CochranFirm.Com> |
| **To:** | "Malcolm Gould" <msgould@pelino.com> |
| **Date:** | 3/28/2008 10:07 AM |
| **Subject:** | RE: Burks v. Equity Group- Eufaula Division |

You up for a 120 day stay and lets reevaluate at that time.

-----Original Message-----
From: Malcolm Gould [mailto:msgould@pelino.com]
Sent: Tuesday, March 25, 2008 11:45 AM
To: Robert Camp
Subject: Burks v. Equity Group- Eufaula Division

I wanted to discuss discovery in this case. We are planning to begin
noticing depositions of plaintiffs for April (we are planning to notice
approximately 100 depositions).

In reviewing the Court's scheduling Order and the status of the cases
currently seeking certiorari before the Supreme Court -- Anderson v.
Cagle Foods JV LLC; DeAscensio v. Tyson; and, Gorman v. Con Ed -- we
think that, rather than conducting extensive discovery without more
certainty as to the standards that will apply to case, that the case
should be put in suspense pending a determination of the petitions. We
took a similar step in the Brown v. Cagle Foods JV, LLC (M.D.Ga.) case
(in which your co-counsel, Mr. Celler, is lead counsel). We believe
that rulings in these cases could narrow the scope of necessary
discovery (thus saving both of our firms time and expenses).

If you could call me to discuss this suggestion, I would appreciate it.
I called you this morning, but no voice mail picked up the call. I will
be in the office for the rest of the week with the exception of tomorrow
morning.

Malcolm


Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email: msgould@pelino.com
Website: www.pelino.com


CONFIDENTIALITY NOTICE: This e-mail message is intended only for the
personal use of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and confidential.
If you are not an intended recipient, you may not review, copy or
distribute this message. If you have received this communication in
error, please notify us immediately by e-mail and delete the original
message.

EXHIBIT "D"

**From:**      Malcolm Gould
**To:**        RCAMP@COCHRANFIRM.COM
**Date:**      4/23/2008 3:56 PM
**Subject:**   Burks et al v. Equity Group Eufaula Division, LLC

Given the Court's decision on the Motion to Stay, can you let me know what dates plaintiffs' counsel are available for depositions during the weeks of May 5, 12 and 19. We would like to do two sets of depositions simultaneously (i.e., two rooms with plaintiff depositions going on at the same time).

Doing the depositions this way, I believe that we would need 3 days, preferably consecutive.

Based on past experience, I suggest that we provide a list of plaintiffs that we wish to depose and plaintiffs' counsel can coordinate the dates and times when each plaintiff will appear based on their availability.

I will have list of plaintiffs for depositions to you no later than next Wednesday.

Malcolm



Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email: msgould@pelino.com
Website: www.pelino.com


CONFIDENTIALITY NOTICE: This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**EXHIBIT "E"**

LAW OFFICES

# PELINO & LENTZ

A PENNSYLVANIA PROFESSIONAL CORPORATION

ONE LIBERTY PLACE

THIRTY-SECOND FLOOR

1650 MARKET STREET

PHILADELPHIA, PA 19103-7393

215-665-1540

FAX 215-665-1536

MARTIN R. LENTZ
SALVATORE M. DeBUNDA
BARRY H. FRANK
KENNETH J. LEVIN
LOUIS J. SINATRA
ALAN R. GORDON
KENNETH E. AHL
HOWARD A. ROSENTHAL
JAY S. RUDER*
NEIL A. MORRIS
MARTHA R. HURT
GARY D. FRY*
EDWARD L. CIEMNIECKI*
PAUL R. FITZMAURICE*
JILL M. BELLAK
PATRICK J. DORAN*
NANCY L. WASCH
ROBERT C. BECK, JR.*
ROBERTA A. BARSOTTI
MICHAEL D. ALLEN
JAMES T. ASALI*
MALCOLM S. GOULD*
KEVIN C. RAKOWSKI*
RICHARD R. MORRIS*
LISA ANNE SABATINO*
NANCY G. BURDINE*
LAURA B. ALBERT*
CHRISTOPHER L. McDONALD*

*ALSO MEMBER NJ BAR

JOHN W. PELINO
(1932-2007)

———

OF COUNSEL
JOHN J. TAYLOR

———

HENRY W. MAXMIN
(1914-1990)

May 8, 2008

DIRECT DIAL (215) 246-3165
e-mail: msgould@pelino.com
website: www.pelino.com

6328.23.028

**VIA FACSIMILE AND U.S. MAIL**
Robert J. Camp, Esquire
The Cochran Firm, P.C.
505 North 20th Street, Suite 825
Birmingham, AL  35203

> **Re:  Burks, et al., v. Equity Group Eufaula Division; LLC;
> Civil Action No. 2:06-CV-1081-MEF (United States
> District Court for the Middle District of Alabama)**

Dear Robert:

We have reviewed your letter of May 7, 2008, and respond as follows:

(1)  The Notice of Deposition schedules <u>60</u> depositions over the three-day period.  Given the number of lawyers and firms available to you, we do not believe that it is "impossible" for plaintiffs' counsel to properly prepare your clients, especially given the time available from the date of the Notice of Deposition to the scheduled depositions.  Given the current schedule and the May 30, 2008 deadline for dispositive motions, we insist that the depositions go forward as scheduled except as noted below.

(2)  We are agreeable to a <u>brief</u> adjournment of the scheduled depositions provided that the Court, on your Motion, modifies the current pre-trial schedule which defers the deadline for the filing of dispositive motions to a reasonable period after the rescheduled depositions.  Even if the Court enters a new Pretrial Scheduling Order, we insist on rescheduling the depositions to specific agreed dates in the near future to avoid any further scheduling issues.

(3)  We reject your suggestion that deposition discovery is "premature" since Equity Group has not advised you of individuals it contends are outside the class.  It is the job of plaintiffs' counsel to police the class and, hence, the "thorough scrubbing" you refer to is your responsibility, especially in light of the facial deficiencies in many of the Consents as filed.  Moreover, you never requested that we review

PELINO & LENTZ

Robert J. Camp, Esquire
May 8, 2008
Page 2

the Consents, and the deadline for filing Consents only expired
on May 1, 2008.  We intend to proceed accordingly with respect to
any defects in the collective action based on the filings by the
opt-in plaintiffs.  In any event, as all of the named deponents
were persons employed by Equity Group since its ownership of the
plant, this objection is not relevant.

        (4)  The Court already has made clear that a stay of
the litigation will not be approved for reasons perhaps even more
compelling than mediation.  In any event, in light of the
Petitions for Certiorari now pending before the Supreme Court, we
do not feel mediation would be appropriate at this time.  The
Court refused to stay the litigation pending action by the
Supreme Court, as we all felt would be appropriate; however,
those decisions remain critical to any fair consideration of the
legal claims and possible resolution of this matter.  Otherwise,
no doubt, we will be arguing the same issues in any mediation in
this case which prevented a resolution of the Anderson case
previously.

        (5)  We have worked well with Wiggins, Childs, Quinn &
Pantazis, P.C., and successfully defended our clients' position.
The failure of the Anderson mediation was unfortunate but did not
reflect on them as counsel, merely the settlement demand on their
clients' behalf.  We are hardly concerned with their addition to
the battery of firms representing plaintiffs in this matter - in
fact, we took a similar number of depositions, in the same
fashion (two rooms simultaneously), at the Camilla facility with
their full cooperation.  Likewise, similar depositions were taken
at the Cagle facilities in that case.  We hardly believe that
Wiggins Childs' involvement in this case will impact in any way
the ability to resolve the case fairly at an appropriate time.

        For these reasons, we do not agree to defer these
depositions, which are critical to defendants' legal positions
and defenses and intend to proceed as scheduled, except on the
basis as noted above.

        You may call if you wish to discuss this further but without
any agreement to defer the scheduled depositions unless the Court
modifies the existing deadlines.

                                Sincerely yours,

                                Malcolm Gould

MSG:kq
        **Via Facsimile**
cc:  M. John Steensland, III, Esquire

EXHIBIT "F"

| | |
|---|---|
| **From:** | "Robert Camp" <RCamp@CochranFirm.Com> |
| **To:** | "Malcolm Gould" <msgould@pelino.com> |
| **CC:** | "Candis McGowan" <CMcGowan@wcqp.com> |
| **Date:** | 5/15/2008 4:53 PM |
| **Subject:** | Deposition Dates |

Per our conversation, May 12th, we have conflicts on the dates in which you noticed depositions, May 20, 21, and 22, including the third party deposition scheduled the 23rd. As we discussed absent an order from the Court enlarging discovery and or dispositive motion deadlines, you are unwilling to accommodate our schedules and the schedules of the newly associated counsel. As such we will move for a protective order and an enlargement related to the deadlines. As you do not oppose this enlargement, we will send you a copy for your review prior to filing.

Robert

**From:**          "Candis McGowan" <CMcGowan@wcqp.com>
**To:**            "Robert Camp" <RCamp@CochranFirm.Com>, "Malcolm Gould" <msgould@pelino.c...
**CC:**            "Robert L. Wiggins" <RWiggins@wcqp.com>
**Date:**          5/15/2008 5:23 PM
**Subject:**       RE: Deposition Dates

In the motion for enlargement of time, I was going to ask the Court to
extend all remaining deadlines in the Scheduling Order by at least 60
days.  Do you guys agree with this amount of time or do you have another
suggestion on the amount of time?
Candis

_____

> From: Robert Camp [mailto:RCamp@CochranFirm.Com]
> Sent: Thursday, May 15, 2008 3:53 PM
> To: Malcolm Gould
> Cc: Candis McGowan
> Subject: Deposition Dates

> Per our conversation, May 12th, we have conflicts on the dates
in which you noticed depositions, May 20, 21, and 22, including the
third party deposition scheduled the 23rd.  As we discussed absent an
order from the Court enlarging discovery and or dispositive motion
deadlines, you are unwilling to accommodate our schedules and the
schedules of the newly associated counsel.  As such we will move for a
protective order and an enlargement related to the deadlines.  As you do
not oppose this enlargement, we will send you a copy for your review
prior to filing.

> Robert

EXHIBIT "G"

| | |
|---|---|
| **From:** | Malcolm Gould |
| **To:** | Camp, Robert |
| **CC:** | Fry, Gary; joelpsmith@bellsouth.net; McGowan, Candis; Rosenthal, Howa... |
| **Date:** | 5/15/2008 5:41 PM |
| **Subject:** | Re: Deposition Dates |

Robert:

1.  Absent an Order from the Court extending the deadline for filing dispositive motions, we intend we intend to move forward with the depositions and make the record as needed for a Motion to Compel fi you elect not to attend.  Just so there is no confusion, we will oppose a Motion for a Protective Order in light of the notice provided for the depositions and the existing deadlines.  If the Court extends the deadlines, as we noted previously, there is no need for a Protective Order.

2.  As indicated in our May 8 letter, we will agree to a brief adjournment of the scheduled depositions if the Court modifies the deadline for the filing of dispositive motions.

3.  In light of the current schedule, I suggest that you attempt to arrange a conference call with Chief Judge Fuller for this afternoon or first thing tomorrow rather than simply filing a Motion.  If you choose to do so, please correspond with Gary Fry, Howard Rosenthal and myself (they are copied on this e-mail), so that you get a prompt response to any proposed time for a conference call.  I am available until at least 7 PM ET (6 PM CT) tonight.

4.  We are agreeable to Candis' suggestion of a 60 day extension of the remaining deadlines.

Malcolm

Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email:  msgould@pelino.com
Website:  www.pelino.com

CONFIDENTIALITY NOTICE:  This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

>>> "Robert Camp" <RCamp@CochranFirm.Com> 5/15/2008 4:52 PM >>>
Per our conversation, May 12th, we have conflicts on the dates in which you noticed depositions, May 20, 21, and 22, including the third party deposition scheduled the 23rd.  As we discussed absent an order from the Court enlarging discovery and or dispositive motion deadlines, you are unwilling to accommodate our schedules and the schedules of the newly associated counsel.  As such we will move for a protective order and an enlargement related to the deadlines.  As you do not oppose this enlargement, we will send you a copy for your review prior to filing.

Robert

EXHIBIT "H"

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA - ALBANY DIVISION

LESSIE ANDERSON, <u>et</u> <u>al</u>.,          :    COLLECTIVE ACTION
                                    :
                    Plaintiffs      :
                                    :
            v.                      :
                                    :    JUDGE SANDS
CAGLE'S, INC. and CAGLE FOODS JV,   :
LLC,                                :
                                    :    CIVIL ACTION
                    Defendants.     :    No. 1:00-CV-166-2

---

**NOTICE OF DEPOSITION.**

---

TO:  **Timothy B. Fleming, Esquire**        **James L. Stine, Esquire**
     Gordon, Silberman,                     Wimberly, Lawson, Steckel,
       Wiggins & Childs, P.C.                 Nelson & Schneider, P.C.
     7 Dupont Circle N.W.                    Suite 400, Lenox Towers
     Washington, DC 20036                    3400 Peachtree Road, N.E.
                                             Atlanta, GA  30326

PLEASE TAKE NOTICE that, pursuant to Rule 30, F.R.C.P.,
attorneys for Cagle Foods, JV, LLC will take the deposition of
the following individuals:

                    Tonya Allen
                    Lessie Anderson
                    Johnnie Arnold
                    Sarah B. Ashley
                    Julie Lee Bailey
                    Cedric Barge
                    Mary Ellen Bell
                    Tyree Bennet, Jr.
                    Raysene Bethel
                    Teresa Bogan
                    Ylonda Bonaparte
                    Frank Boone, III
                    Shekia Bowen
                    Travis Bradley
                    Hyisman Brown
                    Stephanie Brown
                    Tellichia M. Brown
                    Linda Bryant
                    Bridgette Caison

Roderick Canty
Douglas Carter
Purnell T. Carter
Diane Collier
Deborah Cooper
Burnice Cretcher
Barbara A. Daniels
Tiso Dawson
Eva Ealey
Mattie Edwards
Brad R. Etheredge
David B. Favors
Willie Ford
Diann Freeman
Marla Gardner
Brenda Geter
La'Juan Gibson
Tomeka Green
Donald Greene
Willie Griffin
David Harris
Anthony Hatten
Bernard Haywood
Martha Haywood
Candace Heard
Shirley A. Hooks
Bonnie Hudson
Annie Bell Jackson
Dexter Jackson
Latoria Jackson
Cassandra Jenkins
Jeannette B. Johnson
David King
Anthony Lee
Dametre Lewis
Sharon Love
Robert Lumpkin, Jr.
Ella R. Lyons
Kimberly Malone
Marcus McCraw
Larry B. McCray
James McDaniel, Jr.
Lillie McDonald
Mattie Meadows
Eddie L. Mitchell
Sheila N. Mitchell

        Torey Mitchell
        Charles E. Morgan
        Gloria Y. Morgan
        Benardina Mott
        Courtney Nelson
        Elaine Owens
        Darlene Perkins
        Kimberly N. Phillips
        Charlie Richardson
        Verondia Scott
        Douglas Shealy
        Tara L. Sorrell
        Carvetta M. Thomas
        Donald Thomas
        Larsice Thomas
        Nathaniel Thompson
        Ultricia Thompson
        Wesley Torwin
        Clyde Walker
        Lathaca Wheeler
        Darletta White
        Daisy Williams
        Michael Williams
        Tyrone Stanley Williams
        Terrian Williams
        Willa D. Williams
        Rose M. Wright

These depositions are to take place on April 8-11, 2003,

beginning 9:00 a.m. on each day, at Equity Group - GA Division,

LLC, 7220 Highway 19, Camilla, Georgia.

    This deposition will be conducted before a person duly

authorized to administer oaths, and will continue from day to day

until completed.


OF COUNSEL:
Pelino & Lentz, P.C.
One Liberty Place
Thirty Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
(215) 665-1540

Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
   Attorneys for Defendant,
   Cagle Foods JV, LLC

```
L. Penn Spell, Esquire
    Ga. Bar No. 670900
Dana Marie Mango, Esquire
    Ga. Bar No. 026722
Welch, Spell, Reemsnyder,
    Pless & Davis, LLC
Suite 2020 - 400 Colony Square
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361-6305
(404) 892-2100
```

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA – ALBANY DIVISION**

| | | |
|---|---|---|
| LESSIE ANDERSON, <u>et al</u>., | : | COLLECTIVE ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | JUDGE SANDS |
| CAGLE'S, INC. and CAGLE FOODS JV, | : | |
| LLC, | : | |
| | : | CIVIL ACTION |
| Defendants. | : | No. 1:00-CV-166-2 |

---

**CERTIFICATE OF SERVICE**

---

This is to certify that, on March 18, 2003, counsel for Cagle Foods JV, LLC served true and correct copies of Notice of Deposition, on counsel for all parties via facsimile and by United States first-class mail, postage prepaid, and separately addressed as follows:

>     Timothy B. Fleming, Esquire
>     Gordon, Silberman, Wiggins & Childs, P.C.
>     7 Dupont Circle N.W.
>     Washington, D.C. 20036
>         Attorney for Plaintiffs
>
>     James L. Stine, Esquire
>     Wimberly, Lawson, Steckel,
>       Nelson & Schneider, P.C.
>     Suite 400, Lenox Towers
>     3400 Peachtree Road, N.E.
>     Atlanta, Georgia 30326
>         Attorneys for Defendant Cagle's, Inc.

OF COUNSEL:
Pelino & Lentz, P.C.
One Liberty Place
Thirty Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
(215) 665-1540

L. Penn Spell, Esquire
    Ga. Bar No. 670900
Dana Marie Mango, Esquire
    Ga. Bar No. 026722
Welch, Spell, Reemsnyder,
    Pless & Davis, LLC
Suite 2020 - 400 Colony Square
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361-6305
(404) 892-2100

Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
    Attorneys for Defendant,
    Cagle Foods JV, LLC

EXHIBIT "I"

2008 U.S. Dist. LEXIS 13194, *

LEXSEE 2008 U.S. DIST. LEXIS 13194

**ROY RENFRO, et al., individually and on behalf of all others similarly situated, Plaintiffs, v. SPARTAN COMPUTER SERVICES, INC., et al., Defendants.**

### Case No: 06-2284-KHV-DJW

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

### 2008 U.S. Dist. LEXIS 13194

**February 19, 2008, Decided
February 19, 2008, Filed**

**SUBSEQUENT HISTORY:** Objection overruled by Renfro v. Spartan Computer Servs., 2008 U.S. Dist. LEXIS 24269 (D. Kan., Mar. 26, 2008)

**PRIOR HISTORY:** Renfro v. Spartan Computer Servs., 2007 U.S. Dist. LEXIS 59102 (D. Kan., Aug. 10, 2007)

**COUNSEL:** [*1] For Roy Renfro, Bradley C Cost, Silvan Frank, Ralph Schoffstall, Bruce Solotoroff, Alex Arteaga, Robert Alexander, Plaintiffs: George A. Hanson, Mark V. Dugan, LEAD ATTORNEYS, Stueve Siegel Hanson LLP, Kansas City, MO.

For Brian Brewer, Paul Castaneda, Jeff Toff, Thomas Read, William Fecht, Ruben Santiago, Jorge Martinez, Mark H. Gomez, Johnny Thornton, Terry Goins, Hugo martinez, Michael Jarvis, Robbie Dubois, Elic Knight, Gregory King, Peter Patron, Dwayne Bunch, Jason Brooks, Jason Hicks, Patrick Hayes, Anton Ramos, Fred Borja, Glen Bradley, Richard Britt, Donald Cook, Mark Cooley, Steven Faucette, Mike Ferrier, Arthur Ford, Patrick Fuller, Brian Hartvigsen, Murad Khan, Joseph Krupski, Walter Laprade, Seth Livingston, Mark O'Connor, Sergik Ordukhanian, Pierre Rene, Willian Rennert, Richard Restifo, Tyron Rowe, Duane Schmidt, Mark Thornton, Dustin Whitinger, Joseph Wilson, Joseph Gaudi, Nancy Hamilton, Fred Hall, Aaron Kinney, Victoria Moniz, Antonio Walker, Terry Ray, Kevin Armstrong, Harrison Davis, Jr., Todd Hawley, Darin Heleine, Timothy Rager, Brian Roberts, Rebecca Rusher, Timothy Russaw, Jorge Tovar, Landon Davis, Lacosha McCowan, Steve Dieffenbacher, Peter Smit, Dean Warren, [*2] Amber Atkins, Alan Baker, Joel Gilliland, Edward Moore, Clement Owusu, Josh Wirth, Jason Carter, Louis Figueroa, Louis Gettel, David E. Jefferson, Joseph Massey, Leoncio Nieves, Douglas Torres, Cody Wagner, Lance Hinman, Brian Cameron, Isaac Dickson, Adam Laprade, Brian Harris, Robert Mayer, Dennus Budzik, Mark Goodner, Richard Pogorelc, II, David Frankel, Patrick Gutbrod, Renny Harris, Paul Hollinger, Sr., Armo O'Hanian, Brian Sawyer, Herman Briggs, William Haddad, Chris Lehner, Victor Metzler, Craig Moersch, Mohamed Mostafa, Michael Rogers, Nathan Stiles, Rene Fuentes, Michael Albanez, Jeremy Hall, Derek Ishmael, Larry Lee, Darrell Lucas, David Miller, Richard Pogorelc, Miguel Rincon, Rigoberto Serna, Omar Stennett, Jamal Strawder, Timothy Thomas, Steve Willem, John Marshall, Stephen Sorochman, Richard Kreemer, William Link, Sidney Otoshi, Darryl M White, Plaintiffs: George A. Hanson, LEAD ATTORNEY, Stueve Siegel Hanson LLP, Kansas City, MO.

For Spartan Computer Services, Inc, Defendant: Anthony B. Byergo, Donald S. Prophete, Patrick F. Hulla, Stacy M. Bunck, LEAD ATTORNEYS, Ogletree, Deakins, Nash, Smoak &Stewart, PC - KC, Kansas City, MO.

For Jack Steenhausen, Terry Connorton, Defendants: [*3] Anthony B. Byergo, Stacy M. Bunck, LEAD ATTORNEYS, Ogletree, Deakins, Nash, Smoak &Stewart, PC - KC, Kansas City, MO.

**JUDGES:** David J. Waxse, United States Magistrate Judge.

**OPINION BY:** David J. Waxse

**OPINION**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Protective Order (doc. 243) and Plaintiffs' Amendment to their Motion for Protective Order (doc. 260). Plaintiffs seek protection from discovery of each individual plaintiff as unduly burdensome. The amendment was filed to include, in their Motion for Protective Order, Defendants' additional discovery requests served after Plaintiffs' Motion was filed; no new issues were presented in the amendment. For the reasons stated below, Plaintiffs' Motion is denied.

Case 2:06-cv-01081-MEF-TFM    Document 79-2    Filed 05/18/2008    Page 32 of 37

Page 2
2008 U.S. Dist. LEXIS 13194, *

## I. Background

Plaintiffs filed this lawsuit on behalf of themselves and others similarly situated, asserting that Defendants systematically failed to pay Plaintiffs for overtime hours worked, including time spent on call. This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b). At the time of the Court's scheduling conference, only twenty-nine plaintiffs were part of the collective action. Since then, more than 100 persons have opted-in to the collective **[*4]** action.

In late October 2007, Defendants began serving Plaintiffs with discovery requests on a rolling basis. Defendants have since issued document requests and interrogatories to every plaintiff. Each plaintiff received the same request for production of documents and the same fifteen form interrogatories. Defendants have also served deposition notices on twenty-seven plaintiffs.

In light of what Plaintiffs consider "unreasonably cumulative" and "burdensome and expensive" discovery, Plaintiffs request that Defendants' discovery of Plaintiffs be conducted on a representative basis. Plaintiffs propose that discovery be allowed on a total of no more than fifteen plaintiffs, and that all depositions be conducted in those plaintiffs' cities of residence, unless they choose to travel to Kansas City for the deposition.

## II. Discussion

### A. Undue Burden of Defendants' Discovery

The issue before the Court is whether discovery should be done on a representative basis or an individualized basis. Specifically, the Court must consider whether undue burden should be viewed from the perspective of an individual plaintiff or all of the Plaintiffs combined.

Before a court will grant a protective order, the **[*5]** moving party must demonstrate that the "basis for the protective order falls within one of the categories enumerated in Federal Rule of Civil Procedure 26(c)." [1] A protective order must, therefore, be necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense." [2] The party moving for a "protective order must make 'a particular and specific demonstration of fact' in support of its request and may not rely upon 'stereotyped or conclusory statements.'" [3] Plaintiffs, as the moving parties, bear the burden of showing by specific demonstration of fact that a protective order is necessary.

1  *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).
2  Fed. R. Civ. P. 26(c).
3  *Aikens*, 217 F.R.D. at 536-37 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981)).

Plaintiffs argue that, when totaled, the 5,304 requests for production of documents, 2,055 interrogatories, and twenty-seven depositions are an undue burden. [4] Plaintiffs concede, however, that the "burden on any one plaintiff alone of answering discovery requests might not be unbearable." [5]

4  Pl.'s Reply at 1.
5  *Id.* at 3.

Collective actions under 29 U.S.C. § 216(b), unlike Rule 23 **[*6]** class actions, require employees to file a consent to join the collective action before they become "party plaintiffs." [6] Therefore, each plaintiff chooses to participate in this lawsuit. Here, each plaintiff filed a consent that states, "I understand that, while the suit is proceeding, I may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in court."

6  29 U.S.C. § 216(b).

In *Williams v. Sprint/United Management Company*, [7] this Court allowed the defendant to depose additional plaintiffs in a similar collective action, despite the fact that it had already deposed more than 300 opt-in plaintiffs. [8] Addressing the plaintiffs' arguments that the additional depositions would be "cumulative," this Court recognized that "[i]n such circumstances, defendant has the right to depose these individuals -- individuals who are plaintiffs in this action and are seeking damages from defendant. . . ." [9]

7  No. 03-2200-JWL, 2006 U.S. Dist. LEXIS 44951, 2006 WL 1867471, at *2 (D. Kan. June 30, 2006).
8  *Id.*
9  *Id.* (citing *Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003)).

For these reasons, the Court finds it is appropriate to consider the burden imposed on each individual plaintiff **[*7]** when determining whether undue burden exists. Here, Plaintiffs fail to meet their burden of showing particularized facts in support of undue burden. Each plaintiff filed a consent, which put them on notice that they might be expected to comply with discovery requests. Plaintiffs cannot now rely on conclusory statements that such requests are unduly burdensome to avoid such compliance.

### B. Travel for Depositions

Plaintiffs request the Court require all depositions be conducted in Plaintiffs' cities of residence, unless they choose to travel to Kansas City. "As a general rule, a

2008 U.S. Dist. LEXIS 13194, *

plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since [the] plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." [10] A general order requiring that all depositions take place in the Plaintiffs' cities is therefore inappropriate. This Court may, however, consider exceptions to this ruling based on a particularized showing of hardship by individual plaintiffs.

10    2006 U.S. Dist. LEXIS 44951, [WL] at *3 (quoting *Stubbs v. McDonald's Corp.*, No. 04-2164-GTV-DJW, 2005 U.S. Dist. LEXIS 2345, 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005)).

For [*8] the reasons stated above, Plaintiffs' Motion for Protective Order (doc. 243) and Plaintiffs' Amendment (doc. 260) are denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of February, 2008.

s/ David J. Waxse

David J. Waxse

United States Magistrate Judge

2008 U.S. Dist. LEXIS 24269, *

LEXSEE

**ROY RENFRO, et al., individually and on behalf of others similarly situated, Plaintiffs, v. SPARTAN COMPUTER SERVICES, INC., et al., Defendants.**

**CIVIL ACTION No. 06-2284-KHV**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

**2008 U.S. Dist. LEXIS 24269**

**March 26, 2008, Decided
March 26, 2008, Filed**

**SUBSEQUENT HISTORY:** Motion denied by Renfro v. Spartan Computer Servs., 2008 U.S. Dist. LEXIS 29715 (D. Kan., Apr. 9, 2008)

**PRIOR HISTORY: Renfro v. Spartan Computer Servs., 2008 U.S. Dist. LEXIS 13194 (D. Kan., Feb. 19, 2008)**

**COUNSEL:** [*1] For Roy Renfro, Bradley C Cost, Silvan Frank, Ralph Schoffstall, Bruce Solotoroff, Alex Arteaga, Robert Alexander, Plaintiffs: George A. Hanson, Mark V. Dugan, LEAD ATTORNEYS, Stueve Siegel Hanson LLP, Kansas City, MO.

For Brian Brewer, Paul Castaneda, Jeff Toff, Thomas Read, William Fecht, Ruben Santiago, Jorge Martinez, Mark H. Gomez, Johnny Thornton, Terry Goins, Hugo martinez, Michael Jarvis, Robbie Dubois, Elic Knight, Gregory King, Peter Patron, Dwayne Bunch, Jason Brooks, Jason Hicks, Patrick Hayes, Anton Ramos, Fred Borja, Glen Bradley, Richard Britt, Donald Cook, Mark Cooley, Steven Faucette, Mike Ferrier, Arthur Ford, Patrick Fuller, Brian Hartvigsen, Murad Khan, Joseph Krupski, Walter Laprade, Seth Livingston, Mark O'Connor, Sergik Ordukhanian, Pierre Rene, Willian Rennert, Richard Restifo, Tyron Rowe, Duane Schmidt, Mark Thornton, Dustin Whitinger, Joseph Wilson, Joseph Gaudi, Nancy Hamilton, Fred Hall, Aaron Kinney, Victoria Moniz, Antonio Walker, Terry Ray, Kevin Armstrong, Harrison Davis, Jr., Todd Hawley, Darin Heleine, Timothy Rager, Brian Roberts, Rebecca Rusher, Timothy Russaw, Jorge Tovar, Landon Davis, Lacosha McCowan, Steve Dieffenbacher, Peter Smit, Dean Warren, [*2] Amber Atkins, Alan Baker, Joel Gilliland, Edward Moore, Clement Owusu, Josh Wirth, Jason Carter, Louis Figueroa, Louis Gettel, David E. Jefferson, Joseph Massey, Leoncio Nieves, Douglas Torres, Cody Wagner, Lance Hinman, Brian Cameron, Isaac Dickson, Adam Laprade, Brian Harris, Robert Mayer, Dennus Budzik, Mark Goodner, Richard Pogorelc, II, David Frankel, Patrick Gutbrod, Renny

Harris, Paul Hollinger, Sr., Armo O'Hanian, Brian Sawyer, Herman Briggs, William Haddad, Chris Lehner, Victor Metzler, Craig Moersch, Mohamed Mostafa, Michael Rogers, Nathan Stiles, Rene Fuentes, Michael Albanez, Jeremy Hall, Derek Ishmael, Larry Lee, Darrell Lucas, David Miller, Richard Pogorelc, Miguel Rincon, Rigoberto Serna, Omar Stennett, Jamal Strawder, Timothy Thomas, Steve Willem, John Marshall, Stephen Sorochman, Richard Kreemer, William Link, Sidney Otoshi, Darryl M White, Plaintiffs: George A. Hanson, LEAD ATTORNEY, Stueve Siegel Hanson LLP, Kansas City, MO.

For Spartan Computer Services, Inc, Defendant: Anthony B. Byergo, Donald S. Prophete, Patrick F. Hulla, Stacy M. Bunck, LEAD ATTORNEYS, Ogletree, Deakins, Nash, Smoak & Stewart, PC - KC, Kansas City, MO.

For Jack Steenhausen, Terry Connorton, Defendants: [*3] Anthony B. Byergo, Stacy M. Bunck, LEAD ATTORNEYS, Ogletree, Deakins, Nash, Smoak & Stewart, PC - KC, Kansas City, MO.

**JUDGES:** Kathryn H. Vratil, United States District Judge.

**OPINION BY:** Kathryn H. Vratil

**OPINION**

**MEMORANDUM AND ORDER**

Plaintiffs bring suit against Spartan Computer Services, Inc., Jack Steenhausen and Terry Connorton seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. This matter comes before the Court on Plaintiffs' Objections To The Magistrate Judge's Memorandum And Order Of February 19, 2008 Denying Plaintiffs' Motion For Protective Order (Doc. # 271) filed March 4, 2008. For reasons stated below, the Court overrules the

2008 U.S. Dist. LEXIS 24269, *

objections.

## Background

On June 20, 2007, the Court conditionally certified this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). See Memorandum And Order (Doc. # 84). On September 14, 2007, Magistrate Judge David J. Waxse entered a scheduling order which provided in part that "[n]o party shall serve more than **35** interrogatories . . . to any other party," and that "[t]here shall be no more than **10** depositions by plaintiff and **10** by defendant **as well as the depositions of each opt-in plaintiff [*4] subject to plaintiffs' right to file motions for protective orders.**" Scheduling Order (Doc. # 121) at 4. The scheduling order did not address requests for document production.

On December 1, 2007, plaintiffs filed a motion for protective order from defendants' document requests, interrogatories and notice of depositions. See Plaintiffs' Motion For Protective Order (Doc. # 243). On January 3, 2008, plaintiffs filed an amended motion. See Plaintiffs' Amendment To Motion For Protective Order (Doc. # 260). Altogether, plaintiffs objected to approximately 5,300 document requests, approximately 2,000 interrogatories and 27 noticed depositions. [1] On February 19, 2008, Judge Waxse overruled plaintiffs' motion for protective order. See Memorandum And Order (Doc. # 267). Specifically, Judge Waxse considered "the burden imposed on each individual plaintiff," and found that because each plaintiff had been given notice of potential discovery obligations, their conclusory statements of undue burden did not justify a protective order. Id. at 4. Plaintiffs object to this order.

> 1   Defendants served form document requests and interrogatories on each of the 136 individuals who had opted in to the collective [*5] action. Although the scheduling order suggests that defendants could notice a deposition for each opt-in plaintiff, defendants have apparently not done so.

## Analysis

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review, but applies a more deferential standing which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge's order unless the entire record evidence leaves it "with the definite and

firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules order only for clear abuse of discretion).

Judge [*6] Waxse overruled plaintiffs' motion for protective order because they did not make any particularized showing of undue burden from defendants' interrogatories, document requests and noticed depositions. In this regard, Judge Waxse noted plaintiffs' concession that the "burden on any one plaintiff alone of answering discovery requests might not be unbearable." See Memorandum And Order (Doc. # 267) at 3 (quoting Plaintiffs' Reply Memorandum In Support Of Plaintiffs' Motion For Protective Order (Doc. # 261) filed January 4, 2008 at 3). Plaintiffs apparently take issue with the notion that they must demonstrate a particularized burden by arguing that representative discovery is appropriate in collective actions. More specifically, plaintiffs argue that Judge Waxse's order is contrary to the order of conditional collective action certification which the Court previously entered and contrary to established case law.

## I. Collective Action Certification

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." [*7] Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved of an ad hoc approach by which courts determine on a case-by-case basis whether the members of the putative class are similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the Court engages in a two-step process. First, the Court makes an initial "notice stage" determination whether plaintiffs are "similarly situated," which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). Under the second step initiated at the close of discovery, the Court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Id. at 1102-03.

As noted above, the Court has conditionally certified this [*8] case as a collective action. In doing so, the

2008 U.S. Dist. LEXIS 24269, *

Court found that "plaintiffs have satisfied the low threshold required to demonstrate at the notice stage that all putative class members are similarly situated." Memorandum And Order (Doc. # 84) at 6. The Court has not yet applied the second step of the ad hoc analysis to determine whether the action should ultimately proceed on a collective basis.

Plaintiffs argue that the conditional certification of a collective action implicitly requires discovery to proceed on a representative, rather than individualized, basis. The Court agrees with plaintiffs that collective actions are designed to promote efficiency of litigation, but plaintiffs have cited no authority for the proposition that conditional certification of a collective action mandates representative discovery. [2] Indeed, the purpose of the second step of the ad hoc analysis is to consider the unique circumstances of each plaintiff - an undertaking which would be nearly impossible without some amount of individualized discovery. The Court finds nothing inconsistent between its order conditionally certifying this case as a collective action and Judge Waxse's approval of form interrogatories [*9] and document requests which defendants served on each plaintiff.

> 2    The closest plaintiffs come to citing such authority is McGrath v. City of Philadelphia, No. 92-4570, 1994 U.S. Dist. LEXIS 1495, 1994 WL 45162 (E.D. Pa. Feb. 10, 1994), in which the United States District Court for the Eastern District of Pennsylvania held that defendants in a collective FLSA action were "not entitled to individualized discovery as to the liability issues," and that "individualized discovery is inappropriate to establish liability" in a collective action. 1994 U.S. Dist. LEXIS 1495, [WL] at *2-3. Here, plaintiffs do not complain that defendants seek individualized discovery on issues of liability, or otherwise suggest that the *substance* of defendants' discovery is improper. Instead, plaintiffs lobby for a blanket rule against individualized discovery. The Court is not persuaded that any case law supports such a broad rule.

## II. Established Case Law

Citing Williams v. Sprint/United Management Co., No. 03-2200-JWL, 2006 U.S. Dist. LEXIS 44951, 2006 WL 1867471 (D. Kan. June 30, 2006), Judge Waxse recognized that the Court has permitted depositions of opt-in plaintiffs in a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Plaintiffs argue that [*10] Williams is not applicable in this case because ADEA claims are not analogous to FLSA claims. As a practical matter, however, the ADEA incorporates the collective action principles of the FLSA, Hammond v. Lowe's Home

Ctrs., Inc., 216 F.R.D. 666, 672 n.18 (D. Kan. 2003), and "the same rules govern judicial management of collective actions under both statutes," Agdipa v. Grant Joint Union High Sch. Dist., No. S-06-1365, 2007 U.S. Dist. LEXIS 26506, 2007 WL 1106099, at * 1 n.1 (E.D. Cal. Apr. 10, 2007). The Court finds no error in Judge Waxse's reliance on Williams as persuasive authority.

Plaintiffs argue that Judge Waxse should have considered Geer v. Challenge Financial Investors Corp., No. 05-1109-JTM, 2007 U.S. Dist. LEXIS 33499, 2007 WL 1341774 (D. Kan. May 4, 2007), which granted protective orders against the noticed depositions of 272 plaintiffs in a collective FLSA action. See 2007 U.S. Dist. LEXIS 33499, [WL] at *4-5. Contrary to plaintiffs' assertion, this case is not controlling authority. Even as persuasive authority, Geer is distinguishable because it involved an excessive number of noticed depositions, not interrogatories or document requests. In complex litigation, depositions "tend to be the most costly and time-consuming activity." Manual for Complex Litigation [*11] (Fourth) § 11.45 (2004) Indeed, Geer specifically noted that "[d]epositions have been identified as a particular problem in the management of complex cases." 2007 U.S. Dist. LEXIS 33499, 2007 WL 1341774, at *3. This case involves only one-tenth the number of noticed depositions in Geer, and plaintiffs make no argument why defendants' 27 noticed depositions raise the same efficiency concerns which the court addressed in that case. Geer does not cast doubt on individualized discovery in collective actions altogether, or suggest that the Court should not allow defendants to serve interrogatories and document requests on each plaintiff. See 2007 U.S. Dist. LEXIS 33499, [WL] at *5 (by granting protective order, court does not hold that "all individualized discovery of the opt-in plaintiffs is prohibited").

Citing McGrath and Adkins v. Mid-America Growers, Inc., 141 F.R.D. 466 (N.D. Ill. 1992), plaintiffs further argue that Judge Waxse ignored case law from other jurisdictions which holds that individualized discovery is not appropriate in collective actions. These cases rely on the application of discovery principles developed for class actions under Rule 23, Fed. R. Civ. P. See McGrath, 1994 U.S. Dist. LEXIS 1495, 1994 WL 45162, at *2-3 (Rule 23 principles of discovery [*12] apply to collective actions by analogy); Adkins, 141 F.R.D. at 468-69 (N.D. Ill. 1992) (applying Rule 23 to discovery issues in FLSA action). Such principles are not controlling in actions under the FLSA. See Bayles v. Am. Med. Response of Colo., Inc., 950 F. Supp. 1053, 1067 (D. Colo. 1996) (citing Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 n.18 (D.N.J. 1987)) (Rule 23 requirements not controlling or even required to be considered on FLSA claim). In his order, Judge Waxse distinguished between collective actions under the FLSA and class actions under Rule 23 by noting that unlike

2008 U.S. Dist. LEXIS 24269, *

class action plaintiffs who automatically become class members until they opt out of the lawsuit, FLSA plaintiffs chose to participate in the lawsuit by filing their consent to join. Judge Waxse permitted defendants' individualized discovery in part because plaintiffs' consent forms acknowledged that they "may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in court." Memorandum And Order (Doc. # 267) at 3. Plaintiffs' do not specifically challenge Judge Waxse's distinction between collective actions and class actions, or explain why he erred in relying **[*13]** on their consent forms as support for individualized discovery. Given the authority which the parties have cited, the Court finds no support for plaintiffs' argument that Judge Waxse's order was contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objections To The Magistrate Judge's Memorandum And Order Of February 19, 2008 Denying Plaintiffs' Motion For Protective Order (Doc. # 271) filed March 4, 2008 be and hereby are **OVERRULED.**

Dated this 26th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil

Kathryn H. Vratil

United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION**

BETTY ANN BURKS, <u>et</u> al.,    :
                                   :
          Plaintiffs,     :
                                   :
          v.                 :    No. 2:06-CV-1081-MEF
                                   :
EQUITY GROUP EUFAULA        :
DIVISION LLC,              :
                                   :
          Defendant.      :

<u>**CERTIFICATE OF SERVICE**</u>

    The undersigned counsel for Equity Group Eufaula Division
LLC hereby certifies that a true and correct copy of the Resposne
to Motion for Protective Order in the above-captioned matter was
filed electronically with the Clerk of Court on May 18, 2008
using the CM/ECF system, which will send notification of such
filing to:

               Robert J. Camp
               RCAMP@COCHRANFIRM.COM

               M. John Steensland , III
               parkman@graceba.net, jjsteensland@yahoo.com

               Richard Martin Adams
               parkman@graceba.net

               Samuel A. Cherry , Jr
               scherry@cochranfirm.com, samcherry@cochranfirm.com

               Joseph Davie Lane
               jlane@cochranfirm.com, jdavidlane@aol.com

               Bernard D Nomberg
               bnomberg@cochranfirm.com,

               Robert Lee Wiggins , Jr
               rwiggins@wcqp.com

               Candis Annette McGowan
               cmcgowan@wcqp.com

           Attorneys for Plaintiffs

           _____
           Howard A. Rosenthal
           Gary D. Fry
**OF COUNSEL:**       Malcolm S. Gould
Pelino & Lentz, P.C.     Attorneys for Equity Group
One Liberty Place       Eufaula Division, LLC
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
    & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834