IN THE
UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

BETTY ANN BURKS, et al.,              )

     Plaintiffs,                            )

v.                                    )         Case No. 2:06-cv-1081-MEF

EQUITY GROUP EUFAULA                  )
DIVISION, LLC,

     Defendant.                             )

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant's statement that "the scheduling of depositions was deferred by agreement of counsel" is patently untrue. There was no such agreement or understanding. That subject was never discussed and was certainly never implicit in the Joint Motion For Stay filed last month. Lack of objection to stay of a deadline is an entirely different thing than agreeing to an impossible deposition schedule. The fact that plaintiffs did not object to a stay of deadlines in no way suggested that they consented to the last-minute discovery that has now been scheduled unilaterally. If anything was implicit in the motion for stay it was that depositions should not be undertaken by the deadline, not that they should be compressed into an unworkable last-minute schedule.

Defendant elected on its own to force  the current motion for protective order to be

1

filed. It even went so far as to say that absent a protective order, the depositions would go forward and would subject non-appearing plaintiffs to a Rule 37 motion. Having made these choices, the defendant cannot argue that plaintiffs were somehow wrong for filing the motion for protective order that it insisted upon. That motion had to be filed and could not wait on any ruling about extending the summary judgment deadline. If the parties want to take up the question of extending that deadline, they have ten days left to do so, but that has nothing to do with the propriety of unilaterally scheduling 60 depositions in a three day period on the eve of the existing summary judgment deadline.

The cases cited by the defendant do not appear to involve any compressed three day schedule or other circumstances similar to that here. Defendant's description of the cases reflect no such similar circumstances to the question now before the Court.

Defendant's argument that 60 or more depositions were taken by agreement in another case shows why that should not occur again. Those depositions proved to be grossly unfair to the deponents, and resulted in a significant number of plaintiffs refusing to attend.

Lastly, the April 23, 2008 e-mail is another red herring. Plaintiffs' counsel did not know about such e-mail until May 7, 2008, as shown in his letter to defendant's attorney that day which is attached to the pending motion for protective order.

2

Respectfully submitted,

s/Robert L. Wiggins, Jr.
Robert L. Wiggins, Jr., ASB-1754-G-63R
Candis A. McGowan, ASB-9358-036C
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205/314-0500, 205-254-1500 (Facsimile)

Robert Joseph Camp
The Cochran Firm - Birmingham
The Financial Center
505 North 20th Street, Suite 825
Birmingham, Alabama 35203
205/244-1115, Fax: 205/244-1171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

This 19th  day of May, 2008.

s/Robert L. Wiggins
OF COUNSEL