IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY ANN BURKS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-1081-MEF |
| | ) | |
| EQUITY GROUP EUFAULA DIVISION, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Pending before the Court is Plaintiffs' *Motion for Protective Order* (Doc. 77, filed May 16, 2008), Defendant's *Response to Motion for Protective Order* (Doc. 79, filed May 18, 2008) and *Plaintiffs' Reply in Support of Motion for Protective Order* (Doc. 80, filed May 19, 2008).

On March 25, 2008, counsel for the defense e-mailed plaintiffs' counsel to discuss the scheduling of depositions of the plaintiffs for sometime in April. *See* Doc. 79, Exhibit B. On March 28, 2008, Plaintiffs' counsel responded "[Y]ou up for a 120 day stay and lets reevaluate at that time." *See id.*, Exhibit C. Despite Plaintiffs' claims to the contrary, this constitutes an agreement by the parties to defer the scheduling of depositions until after the Court's ruling on the Motion to Stay. On April 23, 2008, the Court denied the joint motion to stay. *See* Doc. 64, Order. The agreement to refrain from scheduling depositions until after that ruling on the motion left a very small window for depositions. Even though the

deposition window was small, it was in the best interests of the parties to wait and not incur unnecessary expense. Further, not all the opt-in consents were filed until May 1, 2008. On April 23, 2008, the same day as the Court's denial of the stay, counsel for the defense e-mailed plaintiff's counsel to schedule the depositions for anytime during a three week period. In their reply, Plaintiffs assert the April 23, 2008 e-mail is a red herring. *See* Doc. 80 at p. 2. The Court disagrees. While the Court is certainly sympathetic that Plaintiff's counsel was out of the office due to the birth of his child, it is clear someone on his staff was still monitoring the case and acting on his behalf as there were documents bearing his signature filed on his behalf. *See* Docs. 65-71.[1]

For the foregoing reasons and for good cause, it is **ORDERED** that the *Motion for Protective Order* (Doc. 77) is **DENIED**.

DONE this 19th day of May, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] While this does not specifically address whether Plaintiff's counsel or his staff monitored his e-mails, it seems (1) likely that someone was monitoring his e-mails/communications or (2) someone should have been monitoring his e-mails/communications.