IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

BETTY ANN BURKS, <u>et</u> al.,        :
                                       :
            Plaintiffs,                :
                                       :
      v.                               :    No. 2:06-CV-1081-MEF
                                       :
EQUITY GROUP-EUFAULA                   :
DIVISION LLC,                          :
                                       :
            Defendant.                 :

---

**MOTION FOR PROTECTIVE ORDER.**

---

Defendant, Equity Group-Eufaula Division LLC ("Equity"), files this Motion for a Protective Order pursuant to Rules 26, 30 and 34, F.R.C.P., and, in support thereof, states as follows:

**BACKGROUND.**

1.    Plaintiffs, in an extensive Rule 30(b)(6) Notice of Deposition and Request for Production dated and e-mailed on June 3, 2008, sought depositions to commence on the afternoon of June 10, 2008, and included an expansive Request for Production of Documents ("Notice and Request") that purported to require a response prior to June 10 (<u>i.e.</u>, in no more than 7 days).  A copy of the Notice of Deposition and Request for Production of Documents is attached as Exhibit A.

2.    The Notice and Request sought the designation of a person or persons to testify regarding 24 separate points, not including multiple sub-parts, at depositions scheduled to start on June 10, 2008 at 1 P.M., in Birmingham (although Equity is located in Eufaula), and continue "on June 11, 12, 13 and day to day, as needed, until completed."  Equity will likely be required

to produce a minimum on 3 separate persons to testify as to all subjects covered by the Notice and Request.

3.    Following receipt of the Notice and Request, Equity objected to the extent that (1) the location of the noticed depositions was Birmingham and (2) the Request for Production purported to require a response in 7 days.  A copy of Equity's Objection is attached as Exhibit B.  Equity requested that plaintiffs agree to reschedule the depositions to a location in Eufaula and withdraw their Request to the extent that it purported to unilaterally alter the time period for responding to a request for production.  Equity indicated that, despite the short notice, it was "otherwise working with witnesses to facilitate the depositions on the dates in the Notice...."

4.    Counsel for Equity and plaintiff exchanged e-mails and telephone calls in an attempt to resolve these issues.  [See, e.g., Exhibit C (e-mails of June 3-5).]

5.    Plaintiffs agreed that the location of the depositions would be changed to Eufaula.

6.    Plaintiffs did not respond, however, to the request to withdraw the Request for Production despite Equity's agreement to their request for an additional day to respond to that issue. [See Exhibit C at e-mail of 6/4/2008 at 4:31 PM.]

7.    As such, counsel for Equity certifies that it has conferred in good faith in an attempt to resolve the subject of this Motion.

8.    Discovery in this case has been progressing for almost a year, during which time the parties have exchanged numerous

-2-

written discovery requests. [See, e.g., Dkt. No. 63 (Joint Motion to Stay), at ¶ 4.] To date, Equity has produced over 6,000 pages of documents to plaintiffs.

9.   In fact, rather than serve a single Request for Production on behalf of all plaintiffs, plaintiffs have been serving separate discovery requests for each individually named plaintiff in the Amended Complaint, in alphabetical order, periodically throughout discovery (although each set of discovery requests appeared to be identical). Prior to the filing of Equity's Motion for Summary Judgment, Equity only had received discovery requests from approximately 53 individual plaintiffs (with the last having been served on March 10, 2008), to which Equity promptly responded.

10.  On June 2-5, Equity received separate discovery requests for another 164 named plaintiffs. As in the past, these individual discovery requests have included requests for personnel files, wage payment histories and other related documents for the individual plaintiffs. Responses to these new Requests are not due until July, 2008.

11.  Despite plaintiffs' prior method of discovery and the response dates established by the Federal Rules of Civil Procedure, now, through the improper Notice and Request, plaintiffs demand that Equity produce within 7 days, in addition to the other requests, the "personnel files, time records, attendance records, pay records for the plaintiffs that have not yet been produced." [See Exhibit A, at 8 (Request No. 1).] The Response to this Request would (1) require the compilation and

production of this information for approximately 750 plaintiffs (both named and opt-in) and (2) effectively eliminates the proper time for responding to the discovery requests received by Equity on June 2-5.

## BASIS FOR RELIEF

12.  The Court may limit discovery by entry of a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 26(c), F.R.C.P.

13.  As the Notice of Deposition includes document requests, Rule 30(b)(2), F.R.C.P (formerly Rule 30(b)(5)) requires that the requests comply with the provisions of Rule 34, F.R.C.P, including Rule 34(b)(2), F.R.C.P., which require that the responding party be given 30 days for response.  Plaintiffs' Notice and Request only provided 7 days for response.

14.  As such, the document request portion of the Notice and Request is, on its face, and without consideration of the scope of the Requests (which are individually oppressive and objectionable), improper to the extent that it seeks to require a response prior to the expiration of 30 days.  See Phillips v. Am. Honda Motor Co., 2005 U.S.Dist.LEXIS 46223, *6-*7 (S.D.Ala. June 24, 2005) ("Rule 30(b)(5) [now Rule 30(b)(2)] provides that a production request to a party deponent must be in compliance with Rule 34, which states, in pertinent part: that the party upon whom a production request is served 'shall serve a written response within 30 days after the service of the request.' Fed.R.Civ.P. 30(b)(5); Fed.R.Civ.P. 34.  Under operation of the

rules, Defendants' response to Plaintiffs' production request was due 30 days after service....")(emphasis added).  Indeed, in <u>ICE Corp. v. Hamilton Sundstrand Corp.</u>, 2007 U.S.Dist.LEXIS 90678, *10-*11 (D.Kan. Dec. 6, 2007), the Court refused to grant a Motion for Sanctions after a Rule 30(b)(6) deponent did not produce documents at a deposition that was less than 30 days after the date of the Request for Production attached to the Notice of Deposition:

> "Fed. R. Civ. P. 30(b)(5) [now Rule 30(b)(2)] provides that <u>any deposition notice which is served on a 'party deponent' and which requests documents to be produced at the deposition must comply with Fed. R. Civ. P. 34's thirty-day notice requirement</u>. Specifically, Rule 30(b)(5) provides 'notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition.  The procedure of Rule 34 shall apply to the request.'  In turn, Rule 34 allows respondents to file a written response after thirty days of service of requests for production.  However, <u>'[a] party may not unilaterally shorten that response period by noticing a deposition and requesting document production at that deposition.'</u>" <u>Id.</u>
> (emphasis added and citations omitted).

<u>See also</u> <u>Sheehy v. Ridge Tool Co.</u>, 2007 U.S.Dist.LEXIS 37787, *12-13 (D.Conn. 2007); <u>New World Network LTD. v. M/V Norwegian Sea</u>, 2007 U.S. Dist. LEXIS 25731, * 4-5 (S.D.Fla. 2007); <u>Great Am. Ins. Co. v. McElwee Bros., Inc.</u>, 2004 U.S. Dist. LEXIS 4613, at *10 (E.D.La. March 19, 2004).

   15.  Based on plaintiffs' attempt to unilaterally shorten the time for responding to the request for production in the Notice and Request, Equity requests that the Court enter a Protective Order striking the Notice and Request.

16.  Equity does not, by filing this Motion, waive any Objections to the individual requests for production that it could raise in the normal course of responding.

WHEREFORE, for these reasons, Defendant, Equity Group – Eufaula Division LLC respectfully requests that the Court grant its Motion for Protective Order and strike the Notice of Deposition and Request for Production of Documents.


                                    /s/ Malcolm S. Gould
                                    Howard A. Rosenthal
                                    Gary D. Fry
**OF COUNSEL**:                     Malcolm S. Gould
Pelino & Lentz, P.C.                  Attorneys for Equity Group
One Liberty Place                     Eufaula Division, LLC
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
   & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834
(334)687-5834

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

```
BETTY ANN BURKS, et al.,        :
                                :
                Plaintiffs,     :
                                :
        v.                      :    No. 2:06-CV-1081-MEF
                                :
EQUITY GROUP EUFAULA            :
DIVISION LLC,                   :
                                :
                Defendant.      :
```

### CERTIFICATE OF SERVICE

The undersigned counsel for Equity Group Eufaula Division LLC hereby certifies that a true and correct copy of the Motion for a Protective Order in the above-captioned matter was filed electronically with the Clerk of Court on June 5, 2008 using the CM/ECF system, which will send notification of such filing to:

Robert J. Camp
RCAMP@COCHRANFIRM.COM

M. John Steensland , III
parkman@graceba.net, jjsteensland@yahoo.com

Richard Martin Adams
parkman@graceba.net

Samuel A. Cherry , Jr
scherry@cochranfirm.com, samcherry@cochranfirm.com

Joseph Davie Lane
jlane@cochranfirm.com, jdavidlane@aol.com

Bernard D Nomberg
bnomberg@cochranfirm.com,

Robert Lee Wiggins, Jr
rwiggins@wcqp.com

Candis Annette McGowan
cmcgowan@wcqp.com

Attorneys for Plaintiffs

_/s/ Malcolm S. Gould_____
Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
  Attorneys for Equity Group
  Eufaula Division, LLC

**OF COUNSEL:**
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
    & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834



| From: | "Katrina Washington" <KWashington@wcqp.com> |
| To: | <msgould@pelino.com> |
| CC: | "Robert L. Wiggins" <RWiggins@wcqp.com>, <rcamp@cochranfirm.com>, "Candi... |
| Date: | 6/3/2008 12:47 PM |
| Subject: | Betty Burks, et. al. v. Equity GroupEufaula Division, L.L.C |
| Attachments: | Notice of 30(b)(6) Deposition and Request for Production of Documents.pdf |

Dear Mr. Gould,

   Attached please find the 30(b)(6) Deposition Notice pursuant to Ms.
McGowan's voice mail. Please contact Ms. McGowan on her cell phone to
discuss this matter. That number is 205-531-9387.


Katrina Washington
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 - 19th Street North
Birmingham, AL 35203
Telephone:(205) 314-0611
Facsimile: (205) 254-1500
Email: kwashington@wcqp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | | |
|---|---|---|
| BETTY ANN BURKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 2:06-CV-01081-MEF-DRB |
| EQUITY GROUP EUFAULA | ) | |
| DIVISION, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF 30(b)(6) DEPOSITION AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

## TO:  ALL ATTORNEYS AND PARTIES

Please take notice that plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the deposition(s), upon oral examination, of designated representatives of Equity Group Eufaula Division, LLC (hereinafter "defendant" and/or "Equity") relative to the claims of plaintiffs beginning at 1:00 p.m. on June 10, 2008 at the offices of Wiggins, Childs, Quinn & Pantazis, LLC, The Kress Building, 301 19th Street North, Birmingham, Alabama 35203, and continuing on June 11, 12, 13, and day to day, as needed, until completed.

Plaintiffs will examine the witness(es) in his or her capacity as Equity's designated representative regarding the matters described hereinbelow. Said witnesses

1

should be knowledgeable on the matters for which they are designated by Equity and/or which are known or reasonably available to the defendant on the following subjects:

1.  The organizational structure of Equity, including specifically any mechanisms for oversight of individual plants by corporate or regional managers.

2.  Equity's policies and practices regarding the maintenance of records of hours worked and wages paid for non-exempt workers at the chicken processing plants, including the positions of the persons involved in formulating the policies, what training, if any, is provided to inform employees and supervisors of these policies, and what measure, if any, are taken to ensure compliance with these policies.

3.  Equity's policies and practices regarding the calculation, recordkeeping and compensation of "hours worked" by chicken processing workers, including but not limited to (a) Equity's policies and practices regarding the use of "line time" or "master card time," and (b) Equity's policies and practices regarding the compensability of time spent obtaining, donning, doffing and cleaning safety and sanitary equipment or gear for hourly poultry processing plant workers; and (c) the positions of the persons involved in formulating the policies, what training, if any, is provided to inform employees and supervisors of these

2

policies, an what measures, if any, are taken to ensure compliance with these policies.

4.    Equity's policies, practices or requirements regarding the "clocking in," scanning of identification cards, or punching of time cards by hourly chicken processing plant employees and the use of such information.

5.    Equity's policies, practices or requirements relating to the time that chicken processing workers must arrive at their plant and the time they must report to their respective positions on the processing line either at the beginning of their shift or after unpaid breaks.

6.    The respective job responsibilities all of the various lines, groups or sections of workers in Equity's poultry processing plants (such as live hangers, killers, evisceration line, deboning line, further processing line, etc.).

7.    The safety or sanitary equipment or gear (for example, aprons, rubber gloves, cutting gloves, boots, ear plugs, safety glasses, etc.) or tools (for example, knives or knife sharpeners, etc.) that workers on each line or department wear or use for their jobs, the function and/or purpose of such gear and tools, and the existence of any company documents that in any way concern or pertain to the function, purpose, maintenance, storage, wearing, or utilization of such gear or tools.

3

8.     Equity's policies or practices regarding whether such equipment or gear is required, and, if required, the reason that Equity requires it.

9.     The incidence of, and responses to, complaints by either employees or government agencies regarding any failure to pay overtime compensation to employees.

10.     Any time studies, analyses or investigations commissioned by or in the possession of Equity, which relate in whole or in part to the allegations in the complaint, including any of the following: (a) the time it takes for chicken processing plant workers to obtain, donor doff safety or sanitary equipment, clothing or gear; (b) compensating hourly chicken processing plant workers based on master card time; (c) the payment of overtime to hourly chicken processing plant workers; (d) the savings, labor costs, profits or losses resulting from using master card time to compensate hourly processing plant employees instead of other methods, or from compensating or not compensating hourly processing plant employees for the time spent obtaining, donning and doffing safety or sanitary equipment, clothing and gear.

11.     The collective bargaining that occurred regarding the subjects covered by §203(o) of the FLSA which Equity has pled as a defense to the plaintiffs' claims in this action, including, but not limited to, the collective bargaining that

4

occurred regarding compensable work time and/or the practice by which such compensable work time "excluded any time spent in changing clothes or washing at the beginning or end of each workday ... from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee." 29 U.S.C. §203(o).

12.   Any communications between Equity and the Retail, Wholesale and Department Store Union regarding: (a) the use of master card time to compensate chicken processing plant workers, or (b) the compensation of chicken processing plant workers for the time they spend buying, obtaining, donning, doffing or cleaning safety or sanitary equipment, clothing and gear.

13.   Any communications between Equity and the National Broiler Council, National Chicken Council, or any poultry company, trade association or governmental agency regarding (a) the use of master card time to compensate chicken processing plant workers, or (b) the compensation of chicken processing plant workers for the time they spend buying, obtaining, donning, doffing or cleaning safety or sanitary equipment, clothing and gear.

14.   The nature and extent of any information concerning current and former employees that is maintained on, or retrievable from, any computer or other

5

electronic, or mechanical source of Equity, including, but not limited to, information concerning hire date, job assignments, hours worked, overtime worked, compensation, rates of pay, termination date, and any other personnel, human resource, or employment data.

15. The most efficient, effective and reliable method of tabulating or compiling information of Equity concerning hire date, job assignments, hours worked, overtime worked, compensation, rates of pay, termination date, and any other personnel, human resource, or employment data.

16. The record retention policy of Equity and the means by which Equity maintains information on current and former employees.

17. The nature and type of work performed by plaintiffs and similarly situated workers on Equity's behalf.

18. The identity of the persons who supervised, managed, evaluated or otherwise monitored the work performed by the named plaintiffs on Equity's behalf.

19. The types of work gear, clothes or equipment put on and taken off by the named plaintiffs, including but not limited to plastic sleeves, aprons, smocks, rubber and/or cotton gloves, hairnets, earplugs, boots or slip resistant shoes, knives or scissors, mesh gloves, and hard plastic arm guards.

20. The operation of Equity's "line" or "mastercard" method of compensation

and/or recording compensable time for the jobs performed by the named plaintiffs.

21.    The time spent by the named plaintiffs and other similarly situated employees on activities that were excluded from "line", "mastercard" or compensable time, including, but not limited to the time spent by them in putting on, taking off, cleaning, sanitizing, and/or stowing gear or equipment worn while working on Equity's chicken processing line at the beginning or end of the day or at the beginning or end of breaks or lunch during the day.

22.    The reasons for not paying for activities the plaintiffs and other similarly situated employees performed on Equity's behalf while line or mastercard time was not recorded, including but not limited to, such activities as putting on, taking off, cleaning, sanitizing, and stowing the gear and equipment worn while working on Equity's chicken processing line.

23.    The identity of the persons who decided not to pay the plaintiffs and other similarly situated employees for activities done on Equity's behalf while line or mastercard time was not recorded, including, but not limited to, putting on, taking off, cleaning, sanitizing, and stowing the gear and equipment worn while working on Equity's chicken processing line.

24.    The type of gear, clothes or equipment the plaintiffs and other similarly situated

7

employees were required to wear pursuant to Equity's policies, custom, or practice, and/or the requirements of the Occupational Safety and Health Administration ("OSHA"), and/or United States Department of Agriculture ("USDA").

## REQUEST FOR PRODUCTION OF DOCUMENTS

Equity and the deponent(s) are requested to produce the following prior to, and no later than, the foregoing depositions:

1.    Any parts of the personnel files, time records, attendance records, pay records for the plaintiffs that have not yet been produced.

2.    Documents or information the deponent has relied upon to prepare for said deposition.

3.    Documents or information needed to refresh the deponents' recollection and/or otherwise utilized by the deponents in relation to the topics of the deposition listed above.

4.    Documents or other information disclosing or reflecting, or which would aid in discovering, the types of work gear, clothes or equipment put on and taken off by the chicken processing workers, including but not limited to plastic sleeves, aprons, smocks, rubber and/or cotton gloves, hairnets, earplugs, boots or slip resistant shoes, knives or scissors, mesh gloves, and hard plastic arm guards.

5.     Documents or other information disclosing or reflecting, or which would aid in discovering, the operation of Equity's "line" or "mastercard" method of compensation and/or recording compensable time for the jobs performed by the chicken processing workers.

6.     Documents or other information disclosing or reflecting, or which would aid in discovering, the identity of the persons who operated and/or processed the "line" or "mastercard" time of the chicken processing workers.

7.     Documents or other information disclosing or reflecting, or which would aid in discovering, the time spent by chicken processing workers on activities that were excluded from "line", "mastercard" or compensable time, including, but not limited to the time spent by chicken processing workers in putting on, taking off, cleaning, sanitizing, and/or stowing gear or equipment worn while working on Equity's chicken processing line.

8.     Documents or other information disclosing or reflecting, or which would aid in discovering, the reasons for not paying for activities chicken processing workers performed on Equity's behalf while line or mastercard time was not recorded, including but not limited to, such activities as putting on, taking off, cleaning, sanitizing, and stowing the gear and equipment worn while working on Equity's chicken processing line.

9

9.    Documents or other information disclosing or reflecting, or which would aid in discovering, the collective bargaining that occurred regarding the subjects covered by §203(o) of the FLSA which Equity has pled as a defense to the claims in this action, including, but not limited to, the collective bargaining that occurred regarding compensable work time and/or the practice by which such compensable work time "excluded any time spent in changing clothes or washing at the beginning or end of each workday . . . from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee." 29 U.S.C. §203(o).

10.    Documents or other information disclosing or reflecting, or which would aid in discovering, the amount of time spent by the plaintiffs and other chicken processing workers in removing, cleaning, and storing gear and equipment during unpaid time at the outset of breaks and/or lunch, and redonning and/or resanitizing such gear and equipment before the end of their break or before line or mastercard time resumed being recorded after breaks and/or lunch.

11.    Documents or other information disclosing or reflecting, or which would aid in discovering, the identity of the persons who decided not to pay the plaintiffs and other chicken processing workers for activities done on Equity's behalf while line or

10

mastercard time was not recorded, including, but not limited to, putting on, taking off, cleaning, sanitizing, and stowing the gear and equipment worn while working on Equity's chicken processing line.

12.    Documents or other information disclosing or reflecting, or which would aid in discovering, the type of gear, clothes or equipment the plaintiffs and other chicken processing workers were required to wear pursuant to Equity's policies, custom, or practice, and/or the requirements of the Occupational Safety and Health Administration ("OSHA"), and/or United States Department of Agriculture ("USDA").

13.    Documents or other information disclosing or reflecting, or which would aid in discovering, the nature and type of work performed by the plaintiffs and other chicken processing workers on Equity's behalf.

14.    Documents or other information disclosing or reflecting, or which would aid in discovering, the identity of the persons who supervised, managed, evaluated or otherwise monitored the work performed by the plaintiffs on Equity's behalf.

15.    Documents or other information disclosing or reflecting, or which would aid in discovering, any record retention policies of Equity and any policies on the means by which Equity maintains information on current and former employees.

Respectfully submitted,

/s/Candis A. McGowan

11

Candis A. McGowan, ASB-9358-036C
Robert L. Wiggins, Jr., ASB-1754-G-63R
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
Telephone: 205/314-0500
Facsimile:  205-254-1500

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

This 3rd day of June, 2008.


/s/ Candis A. McGowan
Candis A. McGowan

13

EXHIBIT B

**From:** Malcolm Gould
**To:** Washington, Katrina
**CC:** Fry, Gary; McGowan, Candis; rcamp@cochranfirm.com; Rosenthal, Howard;...
**Date:** 6/3/2008 4:34 PM
**Subject:** Re: Betty Burks, et. al. v. Equity Group Eufaula Division, L.L.C

I have reviewed the Notice of Deposition and Request for Production of Documents and left a message for Candis on her cell phone to discuss the scheduling issues as they relate to the deposition portion of the Notice. We will not agree to conduct the depositions in Birmingham, but are otherwise working with witnesses to facilitate the depositions on the dates in the Notice (the afternoon of Tuesday, 5/10, is questionable). I will discuss the location for the depositions and other scheduling issues with Candis when she calls.

To the extent that the Notice of Deposition includes document requests, those requests must comply with the provisions of Rule 34, F.R.C.P. *See* Rule 30(b)(2), F.R.C.P. Under Rule 34(b)(2), 30 days are required for a response; however plaintiffs' Notice and Request only provides 7 days. As such, the document request portion of the Notice is improper. *Phillips v. Am. Honda Motor Co.*, 2005 U.S. Dist. LEXIS 46223, *6-*7 (S.D.Ala. June 24, 2005) ("Rule 30(b)(5) [now Rule 30(b)(2)] provides that a production request to a party deponent must be in compliance with Rule 34, which states, in pertinent part: that the party upon whom a production request is served 'shall serve a written response within 30 days after the service of the request.' Fed. R. Civ. P. 30(b)(5); Fed. R. Civ. P. 34. Under operation of the rules, Defendants' response to Plaintiffs' production request was due 30 days after service...."); *see also ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 U.S. Dist. LEXIS 90678, *11 (D.Kan. Dec. 6, 2007); *Sheehy v. Ridge Tool Co.*, 2007 U.S. Dist. LEXIS 37787, *12-13 (D. Conn. 2007); *New World Network LTD. v. M/V Norwegian Sea*, 2007 U.S. Dist. LEXIS 25731, * 4-5 (D. Fla. 2007); *Great Am. Ins. Co. v. McElwee Bros., Inc.*, 2004 U.S. Dist. LEXIS 4613, at *10 (D. La. 2004 March 19, 2004).

Please let me know by 4 PM ET tomorrow if you agree to withdraw the portion of the Notice that includes the Request for Production. Otherwise, we will seek a Protective Order.

Malcolm


Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email: msgould@pelino.com
Website: www.pelino.com


CONFIDENTIALITY NOTICE: This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

>>> "Katrina Washington" <KWashington@wcqp.com> 6/3/2008 12:46 PM >>>
Dear Mr. Gould,

   Attached please find the 30(b)(6) Deposition Notice pursuant to Ms. McGowan's voice mail. Please contact Ms. McGowan on her cell phone to discuss this matter. That number is 205-531-9387.


Katrina Washington
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 - 19th Street North
Birmingham, AL 35203
Telephone:(205) 314-0611

Case 2:06-cv-01081-MEF-TFM    Document 86-2     Filed 06/05/2008     Page 18 of 26

Facsimile: (205) 254-1500
Email: kwashington@wcqp.com

EXHIBIT C

| From: | "Jake A. Kiser" <JKiser@wcqp.com> |
|---|---|
| To: | <msgould@pelino.com> |
| CC: | "Robert Camp" <RCamp@CochranFirm.Com>, <gdfry@pelino.com>, <harosenthal@... |
| Date: | 6/4/2008 2:52 PM |
| Subject: | Betty Burks, et al. v. Equity Group- Eufaula Division, L.L.C. |

Malcolm S. Gould, Esq.
Pelino & Lentz, P.C.
One liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103

Malcolm,

    As you are aware, Candis McGowan is out of the office until tomorrow afternoon (June 5, 2008) and she has asked me to follow-up with you concerning your email sent on Tuesday, June 3, 2008. We would like to make sure that the following individuals are available for 30(b)(6) depositions during the week of June 9-14, 2008: Greg Mills, Kathy Gilmore, Robin Stevens and Jim Bice. We would also ask that you provide us the opportunity to depose members of the negotiating committee.

    In addition, I understand that You and Candis have discussed the document request portion of the 30(b)(6) Notice. We would respectfully request that you allow us until tomorrow, June 5, 2008, to respond to any and all of your concerns. At this time, we will be available to discuss any time, date and location issues. Please confirm that these request are satisfactory.


    Best Regards,


    Jacob A. Kiser
    Wiggins, Childs, Quinn & Pantazis, LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203
    Direct Dial: (205) 314-0614
    Direct Fax: (205) 314-0814
    E-mail: jkiser@wcqp.com <mailto:jkiser@wcqp.com>

| | |
|---|---|
| **From:** | Malcolm Gould |
| **To:** | Kiser, Jake A. |
| **CC:** | Camp, Robert;  Fry, Gary;  joelpsmith@bellsouth.net;  McGowan, Candis;  ... |
| **Date:** | 6/4/2008 4:31 PM |
| **Subject:** | Re: Betty Burks, et al. v. Equity Group- Eufaula Division, L.L.C. |

Jake:

We will agree to postpone filing our Motion for a Protective Order until 4 PM ET tomorrow.

This will also confirm my conversation with Candis yesterday that the depositions will be held in Eufaula, not Birmingham. If my understanding of this agreement is not accurate, please let me know ASAP.

As to the deponents requested, although we would normally designate the 30(b)(6) representatives, we will produce, pursuant to your request, the following representatives: Greg Mills, Robin Stevens and Kathy Gilmore. Jim Bice is not available at all next week, as he will be out of the state for personal reasons. They will respond, subject to objections, to the 24 points in the Notice of Deposition, to the extent able to do so. As Greg, Kathy and Robin are only available on certain days next week, we will schedule them accordingly, beginning on Wednesday at 9 AM CT, with the depositions being conducted one at a time.

The 2008 bargaining committee for Equity, as noted on the signed contract, was comprised of Tim Esslinger, the Complex Manager, in addition to Jim Bice, Kathy Gilmore and Greg Mills. Since you are already deposing Greg and Kathy, we assume that Tim will not be required, as his testimony will be cumulative. Greg also sat on the 2004 negotiating team.

So that we can begin finalizing the witnesses' schedules and make our travel arrangements, please confirm that this is acceptable.


Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email: msgould@pelino.com
Website: www.pelino.com


CONFIDENTIALITY NOTICE: This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

>>> "Jake A. Kiser" <JKiser@wcqp.com> 6/4/2008 2:52 PM >>>
Malcolm S. Gould, Esq.
Pelino & Lentz, P.C.
One liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103

Malcolm,

    As you are aware, Candis McGowan is out of the office until tomorrow afternoon (June 5, 2008) and she has asked me to follow-up with you concerning your email sent on Tuesday, June 3, 2008. We would like to make sure that the following individuals are available for 30(b)(6) depositions during the week of June 9-14, 2008: Greg Mills, Kathy Gilmore, Robin Stevens and Jim Bice. We would also ask that you provide us the opportunity to depose members of the negotiating committee.

Case 2:06-cv-01081-MEF-TFM    Document 86-2    Filed 06/05/2008    Page 22 of 26

In addition, I understand that You and Candis have discussed the document request portion of the 30(b)(6) Notice. We would respectfully request that you allow us until tomorrow, June 5, 2008, to respond to any and all of your concerns. At this time, we will be available to discuss any time, date and location issues. Please confirm that these request are satisfactory.


Best Regards,


Jacob A. Kiser
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Direct Dial: (205) 314-0614
Direct Fax: (205) 314-0814
E-mail: jkiser@wcqp.com <mailto:jkiser@wcqp.com>

| From: | "Jake A. Kiser" <JKiser@wcqp.com> |
|-------|-----------------------------------|
| To: | <msgould@pelino.com> |
| CC: | <gdfry@pelino.com>, <harosenthal@pelino.com>, "Katrina Washington" <KWas... |
| Date: | 6/5/2008 9:10 AM |
| Subject: | Re: Betty Burks, et al. v. Equity Group- Eufaula Division,L.L.C. |

Malcolm,

I appreciate your prompt response to my email from earlier. In response, we would like to know when Jim Bice will be back in town. Depending on when he will return, we would be available to take his deposition on Monday, June 16, 2008. Likewise, Can you confirm whether any other individuals, other than those previously discussed, will be designated?

As for the date, time and location for the depositions. Under the disclaimer that this is subject to change depending on your conversation with Candis this afternoon, Wednesday the 11th of June will be satisfactory to begin the depositions, with the depositions being conducted one at a time. I know you are trying to make travel arrangements, so we would like everyone to understand that these depositions may continue into Saturday the 14th of June, should it be necessary, and possibly Monday the 16th of June should Jim Bice be available on that day. Eufaula is satisfactory for us to conduct the depositions. If my understanding is correct, I believe Candis had previously discussed with you the possibility of taking the depositions in Birmingham for ease of travel, and she was merely trying to find out whether that was still a viable option for you.

Please let us know the witnesses' schedules of what day and time they will be available for deposition.

Best Regards,

Jacob A. Kiser
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Direct Dial: (205) 314-0614
Direct Fax: (205) 314-0704
E-mail: jkiser@wcqp.com <mailto:jkiser@wcqp.com>

| | |
|---|---|
| **From:** | "Candis McGowan" <CMcGowan@wcqp.com> |
| **To:** | ".Jake A. Kiser" <JKiser@wcqp.com>, <msgould@pelino.com> |
| **CC:** | <gdfry@pelino.com>, <harosenthal@pelino.com>, "Katrina Washington" <KWas... |
| **Date:** | 6/5/2008 9:55 AM |
| **Subject:** | RE: Re: Betty Burks, et al. v. Equity Group- Eufaula Division,L.L.C. |

Malcolm,
I should be back in the office around 2:00 today and I will call you this afternoon. Also, will you please check with your local counsel in Eufaula and see if we can do the deposition at his office.
Thanks,
Candis

---

From: Jake A. Kiser
Sent: Thu 6/5/2008 8:10 AM
To: 'msgould@pelino.com'
Cc: 'gdfry@pelino.com'; 'harosenthal@pelino.com'; Katrina Washington; Robert L. Wiggins; Candis McGowan
Subject: Re: Betty Burks, et al. v. Equity Group- Eufaula Division,L.L.C.


Malcolm,

    I appreciate your prompt response to my email from earlier. In response, we would like to know when Jim Bice will be back in town. Depending on when he will return, we would be available to take his deposition on Monday, June 16, 2008. Likewise, Can you confirm whether any other individuals, other than those previously discussed, will be designated?

    As for the date, time and location for the depositions. Under the disclaimer that this is subject to change depending on your conversation with Candis this afternoon, Wednesday the 11th of June will be satisfactory to begin the depositions, with the depositions being conducted one at a time. I know you are trying to make travel arrangements, so we would like everyone to understand that these depositions may continue into Saturday the 14th of June, should it be necessary, and possibly Monday the 16th of June should Jim Bice be available on that day. Eufaula is satisfactory for us to conduct the depositions. If my understanding is correct, I believe Candis had previously discussed with you the possibility of taking the depositions in Birmingham for ease of travel, and she was merely trying to find out whether that was still a viable option for you.

Please let us know the witnesses' schedules of what day and time they will be available for deposition.

Best Regards,

Jacob A. Kiser
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Direct Dial: (205) 314-0614
Direct Fax: (205) 314-0704
E-mail: jkiser@wcqp.com <mailto:jkiser@wcqp.com>

Case 2:06-cv-01021-MEF-TFM    Document 86-2    Filed 06/05/2008    Page 25 of 26

**From:**      Malcolm Gould
**To:**        Kiser, Jake A.
**CC:**        Fry, Gary; joelpsmith@bellsouth.net; McGowan, Candis; Rosenthal, Howa...
**Date:**      6/5/2008 10:42 AM
**Subject:**   Re: Betty Burks, et al. v. Equity Group- Eufaula Division,L.L.C.

Jake:

The only other individual beyond Greg Mills, Robin Stevens and Kathy Gilmore, who we have agreed to present at your request, that Equity would possibly designate in response to the 30(b)(6) Notice of Deposition would be Equity's Controller, Joe Preston.  Joe would testify as to some of the document retention and accounting issues.

We cannot confirm that Jim Bice will be available on Monday, June 16.  He is leaving the state due to surgery for his daughter.  Unlike a vacation, there is not a definite date on which he will return.

We are not available on Saturday, June 14.  I do not believe you will need more than Wednesday through Friday to finish the four depositions.  If you do not agree, we can (1) start on Tuesday afternoon at 1 PM and/or (2) conduct the depositions in two rooms simultaneously.  We can also start the depositions earlier than 9 AM, as long as the start time is confirmed in advance, and go into the evening as necessary.

Due to their individual schedules, Equity plans to produce the representatives in this order (with their availability listed) - Greg Mills (Tue/Wed/Thur), Robin Stevens (Wed/Thur), Kathy Gilmore (Thur/Fri), Joe Preston (Wed/Thur/Fri).

I have confirmed with Joel Smith that his conference room is available in the event that you would like to hold the depositions at his offices.  So that Joel's staff can properly prepare, please let us know as soon as possible (1) on what date you plan to start the depositions, and (2) whether you plan to conduct one or two depositions at a time.

Malcolm


Malcolm S. Gould, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393

(P) 215-246-3165
(F) 215-665-1536
Email:  msgould@pelino.com
Website:  www.pelino.com


CONFIDENTIALITY NOTICE:  This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

>>> "Jake A. Kiser" <JKiser@wcqp.com> 6/5/2008 9:10 AM >>>
Malcolm,

    I appreciate your prompt response to my email from earlier.  In response, we would like to know when Jim Bice will be back in town. Depending on when he will return, we would be available to take his deposition on Monday, June 16, 2008. Likewise, Can you confirm whether any other individuals, other than those previously discussed, will be designated?

    As for the date, time and location for the depositions. Under the disclaimer that this is subject to change depending on  your conversation with Candis this afternoon, Wednesday the 11th of June will be satisfactory to begin the depositions, with the depositions being conducted one at a time. I know you are trying to make travel

arrangements, so we would like everyone to understand that these depositions may continue into Saturday the 14th of June, should it be necessary, and possibly Monday the 16th of June should Jim Bice be available on that day. Eufaula is satisfactory for us to conduct the depositions. If my understanding is correct, I believe Candis had previously discussed with you the possibility of taking the depositions in Birmingham for ease of travel, and she was merely trying to find out whether that was still a viable option for you.

Please let us know the witnesses' schedules of what day and time they will be available for deposition.

Best Regards,

Jacob A. Kiser
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Direct Dial: (205) 314-0614
Direct Fax: (205) 314-0704
E-mail: jkiser@wcqp.com <mailto:jkiser@wcqp.com>

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION**

**BETTY ANN BURKS, <u>et</u> al.,**          :
                                             :
                    **Plaintiffs,**          :
                                             :
          **v.**                             :     **No. 2:06-CV-1081-MEF**
                                             :
**EQUITY GROUP-EUFAULA**                      :
**DIVISION LLC,**                            :
                                             :
                    **Defendant.**           :

---

**ORDER RE: DEFENDANT'S
MOTION FOR PROTECTIVE ORDER.**

---

AND NOW, this _____ day of June, 2008, upon consideration of the Motion for a Protective Order filed by defendant, and all materials filed in support thereof and in opposition thereto, it is hereby ORDERED that the Motion is GRANTED. The Court strikes Plaintiffs' Notice of 30(b)(6) Deposition and Request for Production.


                                        _____
                                                    J.