IN THE
UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| BETTY ANN BURKS, et al., | ) |
| Plaintiffs, | ) |
| v. | )     Case No. 2:06-cv-1081-MEF |
| EQUITY GROUP EUFAULA DIVISION, LLC, | ) |
| Defendant. | ) |

**MOTION TO STRIKE NEWLY RAISED GROUNDS FOR SUMMARY JUDGMENT AND NEWLY FILED EVIDENCE THAT WAS NOT TIMELY SUBMITTED**

Come the plaintiffs, who move to strike newly raised grounds for summary judgment that were not argued before the May 30, 2008 deadline for summary judgment ordered by the Court. Plaintiffs also move to strike several hundred pages of new testimony that was untimely submitted in defendant's Supplemental Appendix first filed June 24, 2008, more than a week after the plaintiffs had to file their opposition to summary judgment. *See* Doc. nos. 97-2, 97-3, 97-5, 97-6, Tabs, 79, 81, 82. As grounds, plaintiffs state the following:

    1.     A motion to strike is proper when new arguments or grounds for summary judgment are first put forward in a reply brief. *See e.g. International Tel. Exch. Corp. v. MCI Tel. Corp.,* 892 F.Supp. 1520, 1531 (N.D.Ga.1995) ("Normally, a party may not raise new grounds for granting its motion in a reply. Where a party does raise new grounds in its reply, the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument."); *McIntyre v. Eckerd Corp.*, 2007 WL 781337, *4 (N.D. Ga. 2007) (same); *Davis v. Brunswick Corp.*,

1

854 F.Supp. 1574, 1585 n.5 (N.D. Ga. 1993) (same).

    2.    The defendant's reply brief raises two new interpretations of §203(o) that were not asserted as grounds for summary judgment in their principal brief: (1) that the statutory terms "beginning or end of each workday" should be construed to include work in the middle of the day during two unpaid rest breaks; and (2) that the term "washing" should be construed to include sanitation of company-owned equipment, not just employees washing or showering themselves at the beginning or end of each workday. Plaintiffs' response to summary judgment pointed out that the defendant had not argued that break-time activities in the middle of the day were barred by the statutory terms "at the beginning or end of each workday." *Pl. Br.* at 6 (Doc. no. 93). Plaintiffs also pointed out that "[t]he defendant has not argued . . . or moved for summary judgment under §203(o) for time spent sanitizing protective gear and equipment." *Pl. Br.* at 7 (Doc. no. 93). Because plaintiffs were not given notice that summary judgment was sought on these grounds, their opposition to summary judgment merely noted that neither the defendant's argument or §203(o) itself included middle-of-the-day work activities or time spent cleaning company-owned equipment. Now, however, the defendant has come forward with a full-blown argument that the Court should interpret the statute to exclude these two aspects of plaintiffs' claims, arguing cases that were never cited as support for such an interpretation before the plaintiffs' time for responding to summary judgment had passed. Specifically, the defendant has added the following new grounds for summary judgment in its reply brief after the plaintiffs' time for responding has passed:

    a.    ***Break-Time***: At pages 36-40 of its reply brief, the defendant argues for the first time that the statutory terms "beginning or end of each workday" should be interpreted to include the middle of the day when two unpaid rest breaks occur.

It argues that three previously cited cases — *Cagle's*, *Gutierrez* and *Pilgrim's Pride* — addressed this issue and put plaintiffs on notice that it was being raised as a ground for summary judgment, but that is obviously untrue. None of the three cases even discussed the issue of whether the terms "beginning or end of each work day" should be construed to include work in the middle of the day. The first case, *Anderson v. Cagle's*, was never cited by the defendant for anything other than "clothes changing" at the beginning or end of the workday. It was certainly never cited for the current proposition that such terms should include the middle of the day. Defendant's new argument that the district court addressed break-time claims in *Cagle's* is directly at odds with the plain words of the Eleventh Circuit's decision which say that "the district court *did not discuss* the claims related to uncompensated break-time clothes changing." *Anderson v. Cagle's*, 488 F.3d at 959 (emphasis added). The Court stated very clearly that it was also *not addressing* such break-time claims because the plaintiffs had only "cursorily assign[ed] as error the district court's failure to address these claims as well as other claims they conceded at oral argument were not alleged in their complaint." *Id.* The Court then restated in a footnote that it "offer[s] no opinion" on these claims. *Id.* at n.15. If anything, *Cagle's* goes against the defendant's new argument when it insists that the terms of §203(o) be given their "plain meaning." *Id.* at 955. It is impossible for the plain meaning of the words " beginning or end of each workday" to include the middle of the day. The middle is the opposite of both the beginning and the end. It is equally difficult to believe that the Eleventh Circuit would have given the term "clothes

changing" its "plain meaning" but then torture the meaning of the next few words of the same statute to the point that the middle of the day becomes part of the "beginning or end of the day." The defendant certainly did not put plaintiffs on notice of such an odd contention. It cited, instead, the Northern District of Alabama's August 31, 2007 decision in *Fox v. Tyson Foods*, which denied summary judgment on middle of the day break-time claims on the ground that *Cagle's* "held only that pre-and-post-shift <u>clothes changing</u> was covered by §203(o)." Doc. no. 95-30 at 3 n.2 (cited and quoted at p. 36 of defendant's summary judgment brief, doc. no. 84; emphasis in original). The jury in that case then returned a verdict for work performed "during the uncompensated meal breaks." PX31 (Doc. no. 95-31, entered in the companion case of *Brothers v. Tyson Foods* that was part of the August 31, 2007 denial of summary judgment in *Fox* and *Brothers* that is cited by the current defendant at page 36 of its principal brief).[1]

      b.    The other two cases now relied upon for this newly raised interpretation of §203(o) — *Gutierrez* and *Pilgrim's Pride* — were cited by the defendant as part of a string cite following its lead citation to the foregoing decision in *Fox*. *See Def. Br.* at 36-37 (Doc. 84). Making *Fox* its lead citation certainly did not put plaintiffs on notice that the defendant was actually arguing the opposite of what that case held. The follow-up citation of *Gutierrez* and *Pilgrim's Pride* also did not put plaintiffs on notice that the defendant sought summary judgment on the

---

[1] The *Fox* and *Brothers* decisions were issued by the same judge who rejected summary judgment against the Department of Labor's case against Tyson Foods on these same donning, doffing and sanitation activities in *Chao v.Tyson Foods, Inc.*, 2008 WL 2020323 (N.D. Ala. 2007).

ground that §203(o) includes the middle of the day because that issue was simply not addressed in either case. The defendant never cited *Gutierrez* for this proposition in its summary judgment brief, and the decision itself never mentions break-time, much less hold that work in the middle of the day comes within the statutory terms "at the beginning or end of each workday." *See Gutierrez Mem. Opinion* at Doc. no. 84-5, Tab 17. Defendant's other case, *Pilgrim's Pride*, also never mentions break-time in its discussion of §203(o). *Pilgrim's Pride*, 147 F.Supp.2d at 564-565. Nor does it ever address whether time in the middle of the day is somehow covered by the statutory terms "at the beginning or end of each workday." *Id.* Defendant's reply brief quotes from a completely different section of the opinion that had nothing to do with §203(o). The principal ruling in *Pilgrim's Pride* was based on a pre-*Alvarez* view of what constitutes "work" that is "integral and indispensable" to plaintiff's principal activities under the Portal-To-Portal Act. *Id.* at 561-563. The Court's ruling under §203(o) was limited to time spent "at the beginning or end of each workday", and did not discuss rest breaks in the middle of the day. *Pilgrim's Pride*, 147 F.Supp.2d at 564-565. The *Fox* decision is the only case in the defendant's principal brief which actually addressed such issues, and it denied the same summary judgment that the current defendant now seeks against mid-day breaks. *See* Doc. nos. 95-30, 95-31. Through more than 110 pages of briefs, the defendant has been unable to cite even one case that has held that middle-of-the-day rest breaks are to be included within the statutory terms "beginning or end of the workday." If such a novel interpretation of the statute was to be a ground for summary judgment, it

should have been raised explicitly in defendant's motion and initial brief, not bootstrapped into its reply brief.

      c.     ***Washing Company-Owned Equipment***: Defendant's reply brief also argues for the first time that the statutory terms "washing at the beginning or end of each workday" in §203(o) should be interpreted to include washing or sanitizing company-owned equipment. *See Def. Reply Br.* at 14-22 (Doc. no. 97). No such argument was made in its summary judgment motion or brief. The defendant's summary judgment brief sporadically mentions "washing" at several points, but only in the context of the employee washing him or herself, not the company's protective gear or equipment. Washing boots, aprons, sleeves, gloves or other company-owned equipment has never previously been argued to be within the statutory terms of §203(o), and none of the cases cited in defendant's summary judgment brief addressed that issue or otherwise put plaintiffs on notice that it was being raised as a ground for summary judgment. The defendant argues that it previously cited four cases that touched on this issue, but all four of such cases were cited for *other* propositions and did not address whether the statutory term "washing at the beginning or end of each workday" should be construed to allow non-payment for time spent washing company-owned equipment. The first case defendant now cites for this new proposition. *Anderson v. Cagle's*, only ruled on the term "changing clothes" and never mentioned any issue related to interpretation of the term "washing" in §203(o). The Eleventh Circuit specifically held that it was not reaching any claims other than "clothes changing." *Anderson*, 488 F.3d at 959 & n.15; *see*

*also Fox*, doc. nos. 95-30 and 95-31.  Defendant's new argument in its reply brief quotes only from one of the briefs in *Cagle's*, not from the decision itself.  The Court specifically held, however, that the briefs did not raise any cognizable issue concerning any claims other than "clothes changing."  *Id.*  The defendant's citation to the August 31, 2007 decision in *Fox* recognized the fact that *Cagle's and §203(o)* **do not address or bar claims** for cleaning company-owned equipment: "*Anderson* . . . held only that pre-and-post-shift <u>clothes changing</u> was covered by §203(o), and does not address 'washing.'"  Doc. no. 95-30 at 3 & n.2 (emphasis in original).  That decision denied reconsideration of the Court's earlier opinion which had held in a lengthy opinion that §203(o) does not apply to unpaid work cleaning company equipment.  Doc. 95-30 at 4; *Fox v. Tyson Foods, Inc.*, 2002 WL 32987224,*8 (N.D. Ala. 2002) ("This is in keeping with the view, espoused in the legislative history, that 'washing' refers to the worker's act of 'cleaning his [or her] person' at the beginning or end of each workday.  S.Rep. No. 81-640 (1949) reprinted in 1949 U.S.C.A.N. 2251, 2255.  * * *  In the instant case, the washing has less to do with personal hygiene than with the removal of chicken offal from equipment owned by Tyson, for sanitation reasons.  Such cleaning is more akin to decontamination than to mere 'washing up.'  Tyson has failed to demonstrate that the time spent cleaning safety equipment is 'washing' within the ambit of § 203(o) and has offered no compelling authority to support that position.")).  Defendant's lead citation to the *Fox* decision denying reconsideration of this ruling did nothing to put plaintiffs' on notice that it was seeking summary judgment on the very same grounds that had been rejected in

7

the case it cited. If that was defendant's intent, it should have said so.

        d.       The other three cases cited for this newly raised ground for summary judgment  — *Gutierrez*, *Pilgrim's Pride* and *Pressley*  — were never cited in the defendant's summary judgment brief for the proposition that the statutory term "washing at the beginning or end of each workday" should be construed to include cleaning company-owned equipment. None of the three cases held that the statute should be interpreted in this manner. Defendant's only citation to *Pressley* was at page 37 of its principal brief which addressed an entirely different issue. *Pressley* itself states that the Court *denied* summary judgment because "it is *inappropriate* to find, as a matter of law, that section 3(o) excludes time spent changing clothes or washing equipment." *Pressley*, 2001 WL 850017 at *4 (emphasis added). That obviously did not put plaintiffs on notice of the opposite contention now raised for the first time in defendant's reply brief. The same is true of  defendant's citation of *Gutierrez* in its summary judgment brief. That case  was only cited in relation to "donning and doffing smock, hairnets and boots" (*Def. Br.*  at 37), and the decision itself  only mentions "washing hands", not anything related to washing company-owned equipment. Defendant's quote from *Pilgrim's Pride* at pages 37 and 43 of its principal brief also did not refer to anything more than "clothes changing time and 'wait time.'" That quotation certainly did not put plaintiffs on notice that the defendant was seeking summary judgment on the additional ground that §203(o) should include washing or cleaning company-owned equipment rather than the employee himself. *Pilgrim's Pride* never held that §203(o) should be interpreted to

include washing company-owned equipment. The issue of how to interpret the statutory term "washing at the beginning or end of each workday" was never even raised or addressed in that case. Such a novel interpretation of §203(o) should have been front and center in the defendant's brief if it was going to be raised as a grounds for summary judgment. Instead, the defendant cited *Fox* and *Pressley* which *denied* summary judgment on the grounds now sought. Even at this late date, after two lengthy briefs, the defendant has not offered a single decision that has held that §203(o) permits work washing company equipment to go unpaid. The cases that have addressed such issue have held that §203(o) does not cover washing or cleaning company equipment. *Saunders v. John Morrell & Co.*, No. C88-4143, 1991 WL 529542, at *4 (N.D. Iowa Dec. 24, 1991) ("every other source of authority" interpreting § 3(o) has found that the word "washing" refers only to cleaning the person, not cleaning equipment); *Gonzalez v. Farmington Foods, Inc.*, 296 F. Supp. 2d 912, 930 n. 29 (N.D. Ill. 2003)("equipment cleaning . . . clearly [is] not within the ambit of Section 203(o)"); *Fox v. Tyson Foods, Inc.*, 2002 WL 32987224, *8 (N.D. Ala. 2002); *Conerly v. Marshall Durbin Co.*, 2007 WL 3326836, *7 (S.D. Miss. 2007) (denying summary judgment on §203(o) grounds because the statute does not cover most of the donning, doffing and sanitizing activities typically at issue in cases of this type).

    e.    Contrary to defendant's reply brief, plaintiffs have never contended that the Union cannot bind individual employees, but they have shown a genuine issue of material fact as to whether the Union in fact did so in light of the limited type

9

of time that is actually subject to union control in §203(o) and the fact that: (1) the CBA does not have a provision excluding time spent donning, doffing or sanitizing company equipment; (2) §18.2 of the CBA explicitly reserves the employees' right to bring a court challenge to "any provision of this Agreement . . . in conflict or violation of any . . . federal statute"; and (3) the Chief Union Steward contested non-payment for donning, doffing and sanitation activities from 1999 forward, both in a prior lawsuit and otherwise (*Davis* 14:6-16:4, 17:3-20, 43:8-19, 46:20-48:6, 50:2-7).

3.     Movants for summary judgment must set forth the grounds of the motion in a manner that is sufficiently clear to give their opponent notice of what issues are being raised and need to be addressed in response. *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court.") (citing *United States v. Benz,* 740 F.2d 903 (11th Cir.1984)); *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.,* 491 F.3d 625, 630-31 (7th Cir.2007) ("[I]t is well-settled that arguments first made in the reply brief are waived."); *United States v. Feinberg,* 89 F.3d 333, 341 (7th Cir.1996) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."); *Intl. Tel. Exch.*, 892 F.Supp. at 1531; *McIntyre*, 2007 WL 781337 at *4; *Davis*, 854 F.Supp. at 1585 n.5; *Bashir v. National Railroad Passenger Corp.*, 929 F.Supp. 404, 413 (S.D. Fla. 1996) ("[B]ecause Defendants raised this argument in their reply in support of their motion, rather than in the motion itself, it is not properly before the Court. It would be improper for the Court to entertain this argument without first allowing Plaintiff an opportunity to respond."); *John Deere Co. v. American National Bank, Stafford*, 809 F.2d 1190, 1191 (5th Cir. 1987); *U. S. v. Georgia Dept. of*

*Natural Resources*, 897 F.Supp. 1464, 1471 (N.D. Ga. 1995); *see generally Capital Films Corp. v. Charles Fries Productions, Inc.*, 628 F.2d 387, 389-391(5th Cir. 1980).

    4.    The Supreme Court has held that "a party seeking summary judgment *always bears the initial responsibility* of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) ("The moving party bears the initial burden to show . . . there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party . . . ."); *Western Group Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1361 n.6 (11th Cir. 1999) (same); *Khotsombath v. Sears Termite & Pest Control, Inc.*, 2000 WL 33287446, *12 (M.D. Ala. 2000); *Church of Scientology Flag Service v. City of Clearwater*, 2 F.3d 1514, 1526-1527 (11th Cir. 1993) (same); *Thompson v. Metropolitan Multi-List, Inc.*, 934 F.2d 1566, 1583 n.16 (11th Cir. 1991) (same).

    5.    Even if the defendant were able to refer to something from its principal brief that suggests that time in the middle of the day comes within the statutory terms "at the beginning or end of each workday", or that the statutory term "washing" allows non-payment for work performed cleaning the company's equipment, there was nothing in that brief that was sufficiently clear to put plaintiffs on notice that these two statutory interpretations were being asserted as independent grounds for summary judgment. *See e.g. Davis v. Brunswick Corp.*, 854 F.Supp. 1574, 1585 n.5 (N.D. Ga. 1993) ("Plaintiffs are correct in arguing that Brunswick's discussion of the open and obvious rule as it relates to the kill switch claim was inappropriately raised for the first time in reply. As such, the court does not consider the kill switch issue on the question of the open and obvious

rule."); *John Deere Co. v. American National Bank, Stafford*, 809 F.2d 1190, 1191 (5th Cir. 1987) ("Although the Bank's memorandum states the position that John Deere's interests were unaffected by the foreclosure sale, this point is not argued as a ground for summary judgment. In any event, this point certainly was not raised by the Bank in a manner that would be sufficient to put John Deere on notice that failure to present evidence of damages could be grounds for summary judgment."); *U. S. v. Georgia Dept. of Natural Resources*, 897 F.Supp. 1464, 1471 (N.D. Ga. 1995) ("This court will not consider arguments raised for the first time in a reply brief. Since Defendant did not include the examples of federal compliance with state-imposed punitive fines for environmental violations, Plaintiff's motion to strike is granted.").

6. Defendant argues that it did not seek summary judgment for time spent "cleaning the plant and its equipment" because "there is no evidence that such time is unpaid." *Def. Br.* at 15. That is true for time spent "cleaning the plant" — time that is not part of plaintiffs' claim in this case[2] — but not true for time spent "cleaning equipment." *See* PX24-29; *Mills* 210:11-17, 212:10-213:2. The defendant has never offered any evidence or argument that time spent cleaning company equipment is paid during the six times each day that plaintiffs attested that it was not paid. *See* PX24-29. Defendant's chief witness, Greg Mills, admitted that donning, doffing and sanitizing activities are performed on an unpaid basis during rest breaks. *Mills* 210:11-17, 212:10-213:2.

---

[2] It is a red herring for the defendant to argue that plaintiffs' "alleged non-payment for cleaning tools machines, car, trucks, bathrooms, floors, yards, and parking lots." *Def. Br.* at 18. Plaintiffs stated that such work is on *paid time*, but would become unpaid if the term "washing" in §203(o) is not limited to the employee washing him or herself, but is instead extended to any and all "washing" without limitation. *Pl. Br.* at 7 (Doc. no. 93). Plaintiffs also referred to cleaning tools, machines, etc. on a paid basis as an analogy to the same type of sanitation of protective gear and equipment which defendant argues not to be compensable "work." The same type of exertion is involved in both paid and unpaid sanitation activities. *Pl. Br.* at 1 & 46.

Plaintiffs' declarations and depositions show that such activities are unpaid at all six times they are required each day, including at the beginning and end of each shift.  PX24-29.

7.  The defendant's reply brief also argues for the first time that employees paid on a clock-in/clock-out basis "are paid for time spent donning, doffing and cleaning." *Def. Reply Br.* at 29.  No evidence is cited for this new grounds for summary judgment.  Defendant's summary judgment submission showed that employees were paid on a clock-in/clock-out basis, but never asserted that this somehow included pay for donning, doffing and sanitizing activities performed during unpaid rest breaks four times a day or at any other point in the workday.  *See Mills Declaration* at ¶¶ 18, 36-37 (DX5).  Both Mills and the plaintiffs have attested that such activities are not paid for during unpaid rest breaks, and there is no evidence of any exception for employees subject to a clock-in/clock-out method of pay or a "scheduled time" method of pay.  *Mills* 210:11-17, 212:10-213:2; PX24-25, ¶6; PX26, ¶7; PX27-29, ¶5.  If the defendant had argued this contention as a ground for summary judgment prior to its reply brief, plaintiffs would have addressed it with opposing evidence and argument beyond that already in the summary judgment record.  *See* PX24-26, ¶2.  Plaintiffs would have also shown that even if accepted as true *arguendo*, the fact that employees who are subject to the collective bargaining agreement are paid by a clock-in/clock-out method that includes pay for donning, doffing and sanitizing time demonstrates that the CBA does not really address or compel non-payment for such activities, does not require a Master Line Time Card system of compensation, and does not establish a "custom or practice under a bona fide collective bargaining agreement", as those terms are used in §203(o).

8.  The defendant has also filed several hundred pages of new testimony from three corporate officials that were not part of its original summary judgment motion or submission, and

not otherwise identified as part of the record the defendant relied upon for summary judgment prior to the time the plaintiffs had to file their opposition to summary judgment on June 17, 2008. *See Def. Supplemental Appendix In Support Of Summary Judgment*, filed June 24, 2008 (Doc. nos. 97-2, 97-3, 97-5, 97-6, Tabs 79, 81, 82). The defendant's reply brief and accompanying supplemental appendix submits 128 pages of new testimony from Kathy Gilmore, more than 160 pages of new testimony from Robin Stevens, and more than 80 pages of new testimony from Joseph Preston. *Id.* The new testimony addresses issues of fact on affirmative defenses that the defendant bears the burden of proving and that should have been submitted with its motion so that the plaintiffs would have an opportunity to respond to or oppose such testimony within the time allowed.[3] As such, the new testimony should be struck because the delay in its submission prejudices the plaintiffs' right to respond. Even if not struck, the new evidence merely contradicts the plaintiffs' testimony cited at pages 64-65 of their brief in opposition, creating a genuine issue of material fact, not the lack of such a genuine dispute. The defendant's burden at the summary judgment stage is to show *the lack*

---

[3] For example, the new testimony from Stevens is offered to dispute plaintiffs' testimony and that of defendant's chief witness, Greg Mills, about Master Line Time Cards not being used for many jobs that are subject to the CBA. *Compare Pl. Br.* at 26-32 (Doc. no. 93) and PX24-29 *with Def. Br.* at 27 (Doc. no. 84). Stevens testimony on this point goes to one of the central issues on which the defendant has the burden of proof — the existence of a custom or practice of paying employees on a Master Line Time Card basis. Therefore, the new testimony should have been submitted as part of the defendant's original summary judgment submission so that the plaintiffs would have an opportunity to respond to it. The defendant also misconstrues Stevens' testimony on this point. He did not say that time before or after the Master Line Time Card "is added to their Master Card time", but that the company designates employees to be on a clock-in/clock-out" pay system. *Def. Supp.* Tab 82; *Stevens* 43:9-16. Mills and the plaintiffs have attested that this is not part of any Master Line Time Card system or pay or timekeeping. *Mills* 122:9-123:12, 57:13-58:5, 59:12-61:5, 195:5-197:16, 198:7-199:1; PX24-26, ¶2; *see Pl. Br.* at 23-26 (Doc. no. 93). Stevens' new testimony is also offered in support of defendant's argument that donning and doffing time is *de minimis*. *Def. Reply Br.* at 40-41. That too is an issue on which the defendant bears the burden of proof both at trial and at the summary judgment stage of the case. As such, new evidence is not permitted after the plaintiffs' opposition has been filed.

of a dispute, not to submit new evidence that merely creates a dispute with other witnesses.

9.   Alternatively, plaintiffs move for permission to file a brief in response to the newly raised evidence and grounds for summary judgment addressed in this motion. *See e.g. Intl. Tel. Exch.*, 892 F.Supp. at 1531 (quoted in ¶1 above); *Baugh v. City of Milwaukee,* 823 F.Supp. 1452, 1457 (E.D. Wis.1993), *aff'd,* 41 F.3d 1510 (7th Cir .1994) ("Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion ... or else strike that new evidence.").

        Respectfully submitted,

        s/Robert L. Wiggins, Jr.
        Robert L. Wiggins, Jr., ASB-1754-G-63R
        Candis A. McGowan, ASB-9358-036C
        Wiggins, Childs, Quinn & Pantazis, LLC
        The Kress Building, 301 19th Street North
        Birmingham, Alabama 35203
        205/314-0500, 205-254-1500 (Facsimile)

        Robert Joseph Camp
        The Cochran Firm - Birmingham
        The Financial Center,  505 North 20th Street, Suite 825
        Birmingham, Alabama 35203
        205/244-1115, Fax: 205/244-1171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

This 30th day of  June, 2008.

        s/Robert L. Wiggins, Jr.
        Of Counsel