IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

BETTY ANN BURKS, <u>et</u> al.,      :
                                     :
            Plaintiffs,              :
                                     :
        v.                           :     No. 2:06-CV-1081-MEF
                                     :
EQUITY GROUP EUFAULA                 :
DIVISION LLC,                        :
                                     :
            Defendant.               :

---

## RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

---

### <u>INTRODUCTION.</u>

Plaintiffs' "Motion to Strike" allegedly "new" arguments and evidence in the Reply brief filed by Equity Group-Eufaula Division LLC ("Equity"), is nothing more than a back-door Sur-Reply, even though this Court's scheduling Order did not permit one.  Indeed, in their "Motion to Strike," plaintiffs spend the vast majority of their pleading arguing substantive points, again, rather than actually focusing on and acknowledging what was stated in Equity's principal brief.

In fact, Equity clearly and plainly moved for summary judgment as to <u>all</u> of plaintiffs' claims, notwithstanding plaintiffs' attempts to unilaterally re-cast Equity's position in their Response and Motion to Strike.  In its Reply Brief, Equity directly replied to arguments made by plaintiffs, principally relying upon the same cases on which it relied in its Summary Judgment Brief.  Moreover, the "new" evidence with which plaintiffs take issue -- three transcripts from depositions that were taken by plaintiffs <u>after</u> Equity filed its Motion for Summary Judgment -- are nothing more than the full text of the

<u>same documents</u> plaintiffs filed in connection with their Response brief, but in excerpted form.  As such, Plaintiffs' dressed up Sur-Reply fails to meet the standards necessary for a Motion to Strike.[1]

**<u>ARGUMENT.</u>**

**A.    <u>Equity Did Not Proffer New Grounds For Summary Judgment In Its Reply Brief But Moved For Summary Judgment On All Of Plaintiffs' Claims And Simply Replied To Arguments Made By Plaintiffs In Their Response.</u>**

**1.    <u>Equity Moved For Summary Judgment As To All Of Plaintiffs' Claims, Including Those For Washing Clothing And For Donning, Doffing And Washing Before And After Breaks.</u>**

Equity indicated, on the very first page of its Brief, that is was moving for summary judgment as to <u>all</u> of plaintiffs' claims, and did not include any language that would limit the scope of the claims for which it sought summary judgment.  [<u>See</u> Equity's Brief at 1.]  Likewise, in the Summary of Argument preceding its actual legal analysis, Equity made it clear that it was moving for summary judgment as to all of plaintiffs' claims, and Equity unambiguously stated that Section 3(o) barred <u>all</u> plaintiffs' claims:

> "Plaintiffs' claims ... focus on practices which, in light of Section 3(o) and <u>Anderson v. Cagle's Inc.</u>, <u>supra</u>, do not violate the FLSA:
>
>> "-    Failing to pay for time donning, doffing <u>and washing equipment and clothing</u> [without any limitation].
>>
>> "-    Failing to account for and pay

---

[1]For purposes of this Response, Equity will refer to its principal Brief in support of Summary Judgment, Docket No. 84, as "Equity's Brief," and its Reply Brief in support of Summary Judgment, Docket No. 97, as "Equity's Reply."

> for time walking to and from
> the production lines.
>
> "- Failing to account for and pay
> for time spent clearing
> security and for time walking
> to and from security to
> donning and doffing areas.
>
> "- Failing to account for and pay
> for time allocated <u>as unpaid
> breaks</u>."  [Equity's Brief at
> 25 (emphasis added).]

Every part of the following Argument proffered by Equity followed
that theme and the broad scope of Section 3(o) as a bar to all of
plaintiffs' claims.  Likewise, in concluding its Argument that
Section 3(o) barred all of plaintiffs' claims, Equity plainly
stated:

> "Each of these nearly identical cases
> directly supports Equity's position here
> regarding the application of Section 3(o) and
> its applicable legislative history, and
> mandates summary judgment; each involved
> situations where plaintiffs worked in chicken
> plants (wearing virtually identical articles
> of clothing) and engaged in similar, if not
> exactly the same, donning, doffing and
> washing before and after work <u>and</u> before and
> after breaks in their workday."  [Equity's
> Brief at 49 (emphasis in original).]

Moreover, in its discussion of the underlying facts related to
plaintiffs' claims, Equity discussed plaintiffs' washing their
clothing [Equity's Brief at 8-11], walking through the boot
sanitizing area [Equity's Brief at 8], and how specific employees
are paid, as part of their jobs, to clean knives and steel mesh
gloves and deliver them to the production lines, which,
therefore, could not be part of plaintiffs' claims.  [Equity's
Brief, at 5-6.]  To suggest otherwise, as do plaintiffs, is
baseless.  This disguised Sur-Reply should be denied.

    **2.**    **Equity's Alleged "New" Arguments Were Not New, But Simply Enforced Its Previous Argument And Replied To The Arguments Raised In Plaintiffs' Response.**

Plaintiffs' attempts at Sur-Reply aside, plaintiffs simply choose to ignore the fact that Equity cited <u>Anderson v. Cagle's, Inc.</u>, 488 F.3d 945 (11th Cir. 2007), <u>cert. denied</u>, 2008 U.S.LEXIS 4743 (June 9, 2008), <u>Pressley v. Sanderson Farms, Inc.</u>, 2001 U.S.Dist.LEXIS 6535 (S.D.Tex. April 20, 2001), <u>Gutierrez v. Specialty Brands, Inc.</u>, Civil Action No. 00-102 (D.N.M., January 14, 2002)[Equity's App., Tab 17], and <u>Anderson v. Pilgrim's Pride Corp.</u>, 147 F.Supp.2d 556 (E.D.Tex. 2001), <u>aff'd</u>, 44 Fed. Appx. 652, 2002 U.S.App.LEXIS 13429 (5th Cir. 2002), for the proposition that Plaintiffs' claims were barred, <u>in their entirety</u>, by Section 3(o) (and not on some limited basis as now arbitrarily claimed by plaintiffs).  Those cases, in both their legal reasoning and their operative facts, support Equity's position.  Indeed, the further discussion of these cases was in direct reply to plaintiffs' <u>false</u> assertion that Equity had cited no cases that addressed the issue of washing, or that <u>Anderson v. Cagle's, Inc.</u>, was of limited scope.  [<u>See</u> Plaintiffs' Brief at 7; Equity's Reply at 19-21.]

Indeed, in its original discussion of <u>Anderson v. Cagle's, Inc.</u>, Equity specifically stated that:

> "The District Court granted summary judgment in favor of the employer, and that grant was affirmed by the 11th Circuit.  There, as here, poultry workers asserted, <u>inter alia</u>, claims under the FLSA for donning, doffing and washing work clothing as well as related walking and waiting time before and after line time."  [<u>See</u> Equity's Brief at 28.]

Likewise, Equity emphasized that the 11th Circuit affirmed "the

-4-

grant of summary judgment as to <u>all</u> of Plaintiffs' claims under Section 3(o)....'' [<u>See</u> Equity's Brief at 28-29 (emphasis in original).]

In Equity's Reply, it responded to Plaintiffs' contention that <u>Anderson</u> did not apply to the washing/cleaning claims asserted by plaintiffs as well as the donning, doffing and washing activities before and after breaks.[2] [<u>See</u> Plaintiffs' Response at 7.] Accordingly, Equity properly replied to plaintiffs' position, specifically summarizing the facts of <u>Anderson</u> as determined by the District Court and upheld on appeal (of which plaintiffs' counsel were keenly aware, as they were counsel for the <u>Anderson</u> plaintiffs), and noting the arguments and issues raised before the District Court in <u>Anderson</u> and, subsequently, upheld the 11th Circuit.[3] [<u>See</u> Equity's Reply at 16-18, 38] This did not constitute new argument or new

---

[2]Plaintiffs devote an entire discrete section of their Response Brief to the issue of whether washing the clothing/equipment worn by the Plaintiffs was covered by Section 3(o) -- despite plaintiffs' present claim that they had no way of knowing that Equity was claiming Section 3(o) applied to bar those particular claims. [<u>See</u> Plaintiffs' Brief at 7-9.] Likewise, plaintiffs devoted an entire section of their Response to the argument that Section 3(o) did not apply to pre- and post-break activities. [<u>See</u> Plaintiffs' Brief at 4-7.] Thus, Plaintiffs' present claims that they somehow did not think Equity was raising these issues, although they still responded to those arguments, are specious at best.

[3]Plaintiffs misstate Equity's argument regarding <u>Anderson</u>, which recognized how the Eleventh Circuit treated breaks. Equity explained how the parties' briefs before the <u>District</u> <u>Court</u> (and not the Court of Appeals) had raised the issue, which was rejected by the District Court. Indeed, Equity's Reply emphasized that "[n]onetheless, the District Court granted summary judgment as to all claims. The fact that the <u>Anderson</u> plaintiffs failed to properly present those issues for appeal does not change the fact that both the panel that heard the appeal and the entire Eleventh Circuit, in denying rehearing, saw no reason to alter the District Court's ruling.'' [<u>See</u> Equity's Reply at 38.]

authority, but simply replied to plaintiffs' attempts to, improperly, narrowly read <u>Anderson</u>.

Likewise, Equity's discussion of <u>Gutierrez</u>, <u>Anderson v. Pilgrim's Pride</u> and <u>Pressley v. Sanderson Farms</u> [<u>see</u> Equity's Reply at 19-21], merely illuminated the prior argument made by Equity in its principal Brief -- that Section 3(o) barred all of plaintiffs' claims, including all washing and pre- and post-break activities, in light of plaintiffs' substantive argument that it did not.  Contrary to plaintiffs' narrow reading, the discussion and quoted language from each of those cases included washing activities.

There can be no real question that the reference to washing in Equity's Brief was to the washing activities asserted by plaintiffs in their Amended Complaint.  At no point in time during this litigation has there been any evidence offered that the plaintiffs engage in showering or washing solely of their person.  Indeed, plaintiffs' own counsel, in questioning third party witness Jacqueline Davis, made clear:

> "Q. Do employees wash their bodies?
>
> "A. No.
>
> "Q. The only -- your understanding is the only thing employees wash are the equipment, the personal protective equipment?
>
> "A. No.  They do wash their hands.
>
> "Q. But the gloves?
>
> "A. You said 'body.'
>
> "Q. Right.  Other than their hands, do they wash anything else on their body?
>
> "A. They wash off their boots.

"Q. Okay.  That's not their body.

"A. No, they don't wash anything else."
[Equity's App., Tab 26 (Davis Dep.) at
65:1-14.]

Similarly, Equity explained how the cases it cited in
support of summary judgment as to <u>all</u> of plaintiffs' claims
applied in reply to plaintiffs' assertion that Section 3(o) did
not apply to plaintiffs' pre- and post-break donning, doffing and
washing.  Accordingly, Equity explained how, contrary to the
plaintiffs' argument in their response, the District Court in
<u>Anderson v. Cagle's</u> granted summary judgment as to <u>all</u> of the
plaintiffs' claims, including those for donning, doffing and
washing before and after their unpaid break.  [<u>See</u> Equity's Reply
at 37.]  Likewise, Equity explained how, consistent with its
argument that those cases dictated summary judgment as to all of
plaintiffs' claims, the opinions in <u>Anderson v. Pilgrim's Pride</u>,
and <u>Gutierrez</u> granted summary judgment and rejected those
plaintiffs' claims for compensation for donning, doffing and
washing before and after breaks, just as here.  [<u>See</u> Equity's
Reply at 38-40.]  Those same cases had been cited by Equity in
support of its argument that summary judgment was appropriate as
to <u>all</u> of plaintiffs' claims under Section 3(o).

Accordingly, these positions were not new, nor was the
evidence and cases upon which Equity relied; rather, Equity
properly responded to plaintiffs' arguments and explained how
these cases supported Equity's position that summary judgment was
appropriate as to all of the plaintiffs' claims for donning,
doffing and washing at any point during the day.

The remainder of plaintiffs' "Motion to Strike" represents

pure Sur-Reply, which is neither appropriate nor properly before the Court.[4]

**B.    Equity Did Not Untimely Proffer New Evidence, But Simply Filed The Entire Deposition Transcript Excerpts By Plaintiffs In Their Response.**

After Equity filed its Motion for Summary Judgment on May 30, 2008, plaintiffs took the depositions of four representatives of Equity on June 11 and 12, 2008.  Of those four depositions, plaintiffs submitted the full deposition transcript of Greg Mills in connection with their Response Brief but only excerpted versions of the deposition transcripts of Robin Stevens, Kathy Gilmore and Joseph Preston.  [See Plaintiffs' Appendix, Tabs 33-36.]  The allegedly "new" evidence submitted by Equity in connection with its Reply Brief was comprised of the full, non-excerpted deposition transcripts for Robin Stevens, Kathy Gilmore and Joseph Preston.  [See Equity's Supp. App., Tabs 79, 81, 82.]

Those transcripts were utilized by Equity only to reply to positions taken by plaintiffs in their Response Brief and point out areas where the depositions, taken by plaintiffs after the filing of the Motion for Summary Judgment, indicated facts contrary to the positions taken by plaintiffs in their Response. [See Equity's Reply at 33-36, 40-41, 43.]  Indeed, in several instances the full deposition transcripts were necessary to

---

[4]Equity stands by the arguments raised in its principal Brief and Reply Brief.  If the Court determines that plaintiffs did not have a full opportunity to address those arguments, the appropriate remedy would be to seek leave to file a limited Sur-Reply rather than striking those portions of the Reply brief. See, e.g., Thornton v. Mercantile Stores Co., 13 F. Supp. 2d 1282, 1284 n.1 (M.D.Ala. 1998); Telecomm Tech. Servs. v. Siemens Rolm Communs., Inc., 172 F.R.D. 532, 540 (N.D.Ga. 1997).  Equity does not suggest that any such leave would be appropriate in this case.

correct inaccurate representations of each of the witnesses individually and their testimony collectively. [Id.]  For example, plaintiffs falsely argued [Plaintiff's Brief at 66], that no Equity witness testified regarding the time to don, doff and wash.  In fact, both Mills and Stevens had testified as to the time element, as aptly, correctly and properly pointed out in Equity's Reply.  [See Equity's Reply at 40-41.]  To do so, especially given the time frame in which to file its Reply Brief, Equity prudently submitted the full transcript of these witness' testimony to ensure its availability and for the Court's consideration.

     This is not "new" evidence that was not available to or addressed by plaintiffs -- the depositions were taken at their request, after the filing of the Motion for Summary Judgment, and submitted, in incomplete form, by plaintiffs in connection with their response to the Motion for Summary Judgment.  As such, the Court should deny plaintiffs' Motion to Strike the full deposition transcripts.  See, e.g., Hinson v. Chelsea Indus., 542 F.Supp. 2d 1236, 1248 (M.D. Ala. 2008)("First, the court finds that the evidence to which Plaintiff objects -- i.e., Barton's supplemental affidavit and Thomas' affidavit -- is not new evidence.  See Rayon-Terrell v. Contra Costa County, 232 Fed. Appx. 626, 629 n.2 (9th Cir. 2007)(reply evidence is not new when employer's reply brief 'addressed the same set of facts supplied in [employee's] opposition to the motion but provides the full context to [employee's] selected recitation of the facts')."))(emphasis added.).

## CONCLUSION.

For all of these reasons, Equity Group - Eufaula Division, LLC, requests that the Court deny Plaintiffs' Motion to Strike.

/s/ Howard A. Rosenthal
Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
  Attorneys for Equity Group
  Eufaula Division, LLC

**OF COUNSEL**:
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
  & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA - NORTHERN DIVISION

```
BETTY ANN BURKS, et al.,        :
                                :
              Plaintiffs,       :
                                :
       v.                       :      No. 2:06-CV-1081-MEF
                                :
EQUITY GROUP EUFAULA            :
DIVISION LLC,                   :
                                :
              Defendant.        :
```

### CERTIFICATE OF SERVICE

The undersigned counsel for Equity Group-Eufaula Division LLC hereby certifies that a true and correct copy of the Response to Plaintiffs' Motion to Strike in the above-captioned matter was filed electronically with the Clerk of Court on July 9, 2008 using the CM/ECF system, which will send notification of such filing to:

        Robert J. Camp
        RCAMP@COCHRANFIRM.COM

        M. John Steensland , III
        parkman@graceba.net, jjsteensland@yahoo.com

        Richard Martin Adams
        parkman@graceba.net

        Samuel A. Cherry , Jr
        scherry@cochranfirm.com, samcherry@cochranfirm.com

        Joseph Davie Lane
        jlane@cochranfirm.com, jdavidlane@aol.com

        Bernard D Nomberg
        bnomberg@cochranfirm.com,

        Robert Lee Wiggins, Jr
        rwiggins@wcqp.com

Candis Annette McGowan
cmcgowan@wcqp.com

Attorneys for Plaintiffs

/s/ Howard A. Rosenthal
Howard A. Rosenthal
Gary D. Fry
Malcolm S. Gould
  Attorneys for Equity Group
  Eufaula Division, LLC

**OF COUNSEL**:
Pelino & Lentz, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA  19103
(215)665-1540

Joel P. Smith, Jr., Esquire
Williams, Pothoff, Williams
   & Smith, LLC
125 South Orange Avenue
Eufaula, Alabama 36027-1626
(334)687-5834